IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VICTOIRE DUMONT | * | |
| Plaintiff | * | |
| | * | Civil Action No.: 07-CV-01635 (JR) |
| v. | * | |
| ABBOTT LABORATORIES, INC., et al. | * | |
| | * | |
| Defendants | * | |
| | * | |

\* \* \* \* \* \* \* \* \*

## MOTION FOR MORE DEFINITE STATEMENT

E.R. Squibb & Sons, Inc., one of the Defendants, by its attorneys, Sidney G. Leech, Malcolm S. Brisker, and Goodell, DeVries, Leech & Dann, LLP, moves this Honorable Court pursuant to the provisions of Rule 12(e) to enter an Order requiring the Plaintiff in the above-captioned case to provide the facts and information requested in this Motion which is necessary for the Defendants to frame a responsive pleading and as grounds therefore says:

1. Plaintiff, Victoire Dumont, has filed a Complaint in the above-captioned case naming seventeen defendants.

2. Although the Complaint is 18 pages long, it fails to include the most basic information without which the Defendants cannot reasonably frame their responsive pleading.

3. Nowhere in the Complaint does it allege the state or country in which the Plaintiff was alleged to be exposed to DES *in utero*. It is alleged that the Plaintiff was

born on December 3, 1970 and that the Plaintiff is currently a citizen and resident of the State of New York; however, there is no allegation concerning the state or country of exposure.

4.    Of less significance in terms of drafting a responsive pleading but of substantial concern is the fact that throughout the Complaint there is reference to "Plaintiffs" and yet only one Plaintiff is named and there is no specific allegation as to the injury or injuries of which the individual Plaintiff complains in this suit. The only allegations concerning injuries are in ¶31, which alleges in part as follows: "Those exposed to DES have developed, or are at extremely high risk for experiencing, certain cancers, infertility, ectopic pregnancies, as well as other serious injuries;."

WHEREFORE, E.R. Squibb & Sons, Inc., one of the Defendants, moves this Honorable Court to enter an Order in the above-captioned case requiring the Plaintiff to identify the state or country in which the alleged *in utero* exposure to DES occurred and to identify the injuries of which the Plaintiff complains.

Respectfully submitted,

/s/ Sidney G. Leech
Sidney G. Leech
D.C. Bar No. 359071
Malcolm S. Brisker
D.C. Bar No. 472101
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
(410) 783-4000
*Attorneys for Defendant,*
*E.R. Squibb & Sons, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _____ day of September, 2007, a copy of the foregoing Motion for More Definite Statement; Memorandum of Points and Authorities in Support of Motion for More Definite Statement and proposed Order were mailed first-class, postage prepaid, to:

Aaron M. Levine, Esquire
Aaron M. Levine & Associates, P.A.
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036

Sybil Shainwald, Esquire
Roxanne DeFrancesco, Esquire
Law Offices of Sybil Shainwald
111 Broadway, 4th Floor
New York, NY 10006; *Attorney for Plaintiffs*

Michelle R. Mangrum, Esquire
John Chadwick Coots, Esquire
Brandon J. Waggoner, Esquire
Shook Hardy & Bacon, LLP
600 14th Street, N.W., Suite 800
Washington, D.C. 20005-2004

David W. Brooks, Esquire
Shook Hardy & Bacon, LLP
2555 Grand Blvd.
Kansas City, Missouri 64109; *Attorneys for Defendant Eli Lilly & Company*

Elizabeth Ewert, Esquire
Stephanie Albert, Esquire
Drinker, Biddle Reath, LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209; *Attorneys for Upjohn Company; McNeil Lab, Inc.; Merck & Company*

John F. Anderson, Esquire
Troutman Sanders, LLP
1660 International Drive
Suite 600, Tysons Corner
McLean, Virginia 22102; *Attorneys for Dart Industries, Inc.*

Kathleen M. Bustraan, Esquire
Lord & Whip, P.A.
Charles Center South
36 South Charles Street – 10th Floor
Baltimore, Maryland 21201; *Attorneys for Lannett Company, Inc.*

Janet Coleman, Esquire
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204; *Attorneys for Mallinckrodt, Inc.; Burroughs-Wellcome & Co.; S.E. Massengill Co.*

Sarah S. Keast, Esquire
Goodwin Proctor, LLP
901 New York Avenue, Suite 900
Washington, D.C. 20001 ; *Attorneys for Premo Pharmaceutical Laboratories, Inc.*

Jennifer Gardner Levy, Esquire
Kirkland & Ellis
655 15th Street, N.W.
Washington, D.C. 20005-5793; *Attorneys for Abbott Laboratories, Inc.*

Gerry H. Tostanoski, Esquire
Jaime W. Luse, Esquire
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, Maryland 21202; *Attorneys for Carnrick Laboratories, Inc. n/k/a/ Elan Pharmaceuticals*

Kremers-Urban Co.
n/k/a Mequon Company
c/o Cooper, Kardaras & Scharf
40 Wall Street
New York, NY 10005-1303

Merrell Dow Pharmaceuticals, Inc.
c/o Corporation Trust Co.
820 Bear Tavern Road
West Trenton, NJ 08268

Rhone-Poulenc Rorer Pharmaceuticals, Inc.
p/k/a William H. Rorer, Inc.
c/o Sanofi-Aventis
55 Corporate Drive
Bridgewater, NJ  08807

Rowell Laboratories, Inc.
p/k/a Solvay Pharmaceuticals, Inc.
c/o T.H. Rowell, Jr., President
210 Main Street West
Baudette, MN  56623

                                                     /s/  Sidney G. Leech
                                                     Sidney G. Leech

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VICTOIRE DUMONT | * | |
| Plaintiff | * | Civil Action No.: 07-CV-01635 (JR) |
| v. | * | |
| ABBOTT LABORATORIES, INC., et al. | * | |
| | * | |
| Defendants | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR MORE DEFINITE STATEMENT

E.R. Squibb & Sons, Inc., one of the Defendants, by its attorneys, Sidney G. Leech, Malcolm S. Brisker, and Goodell, DeVries, Leech & Dann, LLP, relies upon the following Points and Authorities in Support of its Motion for More Definite Statement which has been filed in the above-captioned case:

Rule 12(e) provides in part as follows: "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."

The Plaintiff in the above-captioned case has failed to allege the state within which the alleged exposure to DES occurred. This is critical because the law of the state in which the exposure occurred may control the liability issues in this case and may provide for defenses which are unique to the law of that specific jurisdiction. For example, some states have a Statute of Repose which may apply to the causes of action

set forth in this case. Some states have a statutory condition precedent to filing suit in DES actions. Therefore, knowledge of the state in which the exposure occurred is critical to enable defense counsel to formulate an appropriate responsive pleading.

Although it is not critical to Defendants' ability to draft a responsive pleading, Plaintiff's failure to allege an injury which was specifically sustained by the Plaintiff is also a defect which should be remedied by Plaintiff's counsel. The Complaint reads as if there were multiple plaintiffs rather than a single individual plaintiff. It is impossible to tell from the allegations in the Complaint what injuries or classifications of injuries the Plaintiff is complaining of. The Defendants are entitled to this information at the outset of the case.

For the reasons set forth in this Memorandum, Defendants request the relief set forth in the attached proposed Order.

Respectfully submitted,

/s/ Sidney G. Leech
Sidney G. Leech
D.C. Bar No. 359071
Malcolm S. Brisker
D.C. Bar No. 472101
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
(410) 783-4000
*Attorneys for Defendant,*
*E.R. Squibb & Sons, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VICTOIRE DUMONT                         *

      Plaintiff                    *

                                      Civil Action No.: 07-CV-01635 (JR)

v.                                      *

ABBOTT LABORATORIES, INC.,              *
et al.
                                *

      Defendants
                                *

    *    *    *    *    *    *    *    *    *

## ORDER

Having read and considered the Motion for More Definite Statement and Memorandum in Support thereof filed by Defendant E.R. Squibb & Sons, Inc. in the above-captioned case, and having considered the Opposition thereto, if any, it is

**ORDERED** this _____ day of _____, 2007, that the Plaintiff is ordered to file an Amended Complaint including, at a minimum, the state in which the alleged DES exposure occurred and the injury or injuries of which the Plaintiff complains. Said Amended Complaint is to be filed within _____ days from the date of this Order.

                                                            _____
                                                            United States District Court
                                                            for the District of Columbia
                                                           Judge James Robertson