IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VICTOIRE DUMONT

    Plaintiff      *

                                    Case No. 07CV01635 (JR)

v.      *

ABBOTT LABORATORIES, INC., et. al.      *

    Defendants      *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## ANSWER TO COMPLAINT

SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE ("GSK") sued as successor to Burroughs Wellcome Co, and S.E. Massengill, Co., by its undersigned attorneys, states as follows in answer to Plaintiff's Complaint:

**Preliminary Statement**

GSK states that to the extent that averments in the Complaint refer generally to "defendants," GSK answers these allegations as to itself. GSK denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Complaint to the extent that such allegations refer or relate to defendants other than GSK. GSK further denies all averments made in any heading of the Complaint. As to the specific allegations of the Complaint, GSK states as follows:

1.      Denied. GSK states that the averments contained within paragraph 1 of the Complaint are legal conclusions to which no responsive pleading is required, and are therefore deemed denied.

2. Denied. GSK is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 2 of the Complaint, and therefore denies the same.

3. Denied. GSK is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 3 of the Complaint, and therefore denies the same.

4. Admitted in part, denied in part. GSK admits that Burroughs Wellcome was incorporated in and had its principal place of business in the state of North Carolina. GSK denies the remaining averments of paragraph 4 of the Complaint.

5. Denied. GSK is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 5 of the Complaint, and therefore denies the same.

6. Denied. GSK is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 6 of the Complaint, and therefore denies the same.

7. Denied. GSK is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 7 of the Complaint, and therefore denies the same.

8. GSK is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 8 of the Complaint, and therefore denies the same.

9. Denied. GSK is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 9 of the Complaint, and therefore denies the same.

10. Denied. GSK is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 10 of the Complaint, and therefore denies the same.

11. Denied. GSK is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 11 of the Complaint, and therefore denies the same.

12. Admitted in part, denied in part. GSK admits that the S.E. Massengill Co. was incorporated in and had its principal place of business in the state of Tennessee. GSK denies the remaining averments of paragraph 12 of the Complaint.

13. Denied. GSK is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 13 of the Complaint, and therefore denies the same.

14. Denied. GSK is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 14 of the Complaint, and therefore denies the same.

15. Denied. GSK is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 15 of the Complaint, and therefore denies the same.

16. Denied. GSK is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 16 of the Complaint, and therefore denies the same.

17. Denied. GSK is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 17 of the Complaint, and therefore denies the same.

18. Denied. GSK is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 18 of the Complaint, and therefore denies the same.

19. Denied. GSK is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 19 of the Complaint, and therefore denies the same.

20. Denied. GSK is without knowledge or information sufficient to form a belief as to the truth of whether "at all relevant times" GSK engaged in such activities as set forth in paragraph 20 of the Complaint, and therefore denies the same. Further, GSK is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 20 of the Complaint, and therefore denies the same.

21. Denied. GSK denies the allegations set forth in paragraph 21 of the Complaint as they relate to GSK, and states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 21 of the Complaint, and therefore denies the same.

22. Denied. GSK denies the allegations set forth in paragraph 22 of the Complaint as they relate to GSK, and states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 22 of the Complaint, and therefore denies the same.

23. Denied. GSK denies the allegations set forth in paragraph 23 of the Complaint as they relate to GSK, and states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 23 of the Complaint, and therefore denies the same.

24.     Denied.  GSK denies the allegations set forth in paragraph 24 of the Complaint as they relate to GSK, and states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 24 of the Complaint, and therefore denies the same.

25.     Denied.  GSK denies the allegations set forth in paragraph 25 of the Complaint as they relate to GSK, and states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 25 of the Complaint, and therefore denies the same.

26.     Denied.  GSK denies the allegations set forth in paragraph 26 of the Complaint as they relate to GSK, and states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 26 of the Complaint, and therefore denies the same.

27.     Denied.  GSK denies the allegations set forth in paragraph 27 of the Complaint as they relate to GSK, and states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 27 of the Complaint, and therefore denies the same.

28.     Denied.  Paragraph 28 of the Complaint contains conclusions of law to which no responsive pleading is required and is therefore deemed denied.  To the extent that paragraph 28 contains factual allegations, GSK denies the allegations as they relate to GSK, and states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 28 of the Complaint, and therefore denies the same.

29.     Denied.  Paragraph 29 of the Complaint contains conclusions of law to which no responsive pleading is required and is therefore deemed denied.  To the

extent that paragraph 29 contains factual allegations, GSK denies the allegations as they relate to GSK, and states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 29 of the Complaint, and therefore denies the same.

30. Admitted in part, denied in part. GSK admits that plaintiff makes such claims as set forth in paragraph 30 of the Complaint, but denies the truth of these allegations as they relate to GSK.

31. Denied. GSK denies each and every allegation set forth in paragraph 31 of the Complaint.

32. Denied. Paragraph 32 of the Complaint contains conclusions of law to which no responsive pleading is required and is therefore deemed denied. To the extent that paragraph 32 contains factual allegations requiring a response, GSK denies the allegations set forth in paragraph 32 of the Complaint.

## AS TO THE FIRST CLAIM FOR RELIEF

33 GSK repeats and realleges paragraphs 1 through 32 above as though set forth herein.

34. Denied. GSK denies the allegations set forth in paragraph 34 of the Complaint as they relate to GSK, and states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 34 of the Complaint, and therefore denies the same.

35. Denied. GSK denies the allegations set forth in paragraph 35 of the Complaint as they relate to GSK, and states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 35 of the Complaint, and therefore denies the same.

36. Denied. Paragraph 36 of the Complaint contains conclusions of law to which no responsive pleading is required and is therefore deemed denied. To the extent that paragraph 36 contains factual allegations requiring a response, GSK denies the allegations set forth in paragraph 36 of the Complaint.

37. Denied. GSK denies the allegations set forth in paragraph 37 of the Complaint as they relate to GSK, and states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 37 of the Complaint, and therefore denies the same.

38. Denied. Paragraph 38 of the Complaint contains conclusions of law to which no responsive pleading is required and is therefore deemed denied. To the extent that paragraph 38 contains factual allegations requiring a response, GSK denies the allegations set forth in paragraph 38 of the Complaint.

39. Denied. Paragraph 39 of the Complaint contains conclusions of law to which no responsive pleading is required and is therefore deemed denied. To the extent that paragraph 39 contains factual allegations requiring a response, GSK denies the allegations set forth in paragraph 39 of the Complaint.

40. Denied. GSK specifically denies that the plaintiff's mother used any DES product manufactured by either of its predecessors, and further denies that the use of any DES product manufactured by Burroughs Wellcome to prevent an accident of pregnancy was "being used for the purposes and a manner normally intended." GSK is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 40 of the Complaint and therefore denies the same.

41. Denied. Paragraph 41 of the Complaint contains conclusions of law to which no responsive pleading is required and is therefore deemed denied. To the extent that paragraph 41 contains factual allegations requiring a response, GSK is without knowledge or information sufficient to form a belief as to their truth and therefore denies the same.

42. Denied. Paragraph 42 of the Complaint contains conclusions of law to which no responsive pleading is required and is therefore deemed denied. To the extent that paragraph 42 contains factual allegations requiring a response, GSK denies the allegations.

43. Denied. Paragraph 43 of the Complaint contains conclusions of law to which no responsive pleading is required and is therefore deemed denied. To the extent that paragraph 43 contains factual allegations requiring a response, GSK denies the allegations.

44. Denied. GSK denies each and every allegation set forth in paragraph 44 of the Complaint.

AS TO THE SECOND CLAIM FOR RELIEF

45. GSK repeats and realleges paragraphs 1 through 44 above as though set forth herein.

46. Denied. Paragraph 46 of the Complaint, and its subparagraphs (a) through (g), contains conclusions of law to which no responsive pleading is required and is therefore deemed denied. Answering further, GSK denies each and every allegation set forth in paragraph 46 of the Complaint and its subparagraphs (a) through (g).

47. Denied. Paragraph 47 of the Complaint contains conclusions of law to which no responsive pleading is required and is therefore deemed denied. To the

extent that paragraph 47 contains factual allegations requiring a response, GSK denies the allegations.

48. Denied. Paragraph 48 of the Complaint contains conclusions of law to which no responsive pleading is required and is therefore deemed denied. To the extent that paragraph 48 contains factual allegations requiring a response, GSK denies the allegations.

49. Denied. GSK denies each and every allegation set forth in paragraph 49 of the Complaint.

## AS TO THE THIRD CLAIM FOR RELIEF

50. GSK repeats and realleges paragraphs 1 through 49 above as though set forth herein.

51. Denied. The allegations set forth in paragraph 51 of the Complaint are conclusions of law to which no responsive pleading is required, and are therefore deemed denied.

52. Denied. GSK is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the Complaint, and therefore denies the same.

53. Denied. GSK denies each and every allegation set forth in paragraph 53 of the Complaint.

54. Denied. Paragraph 54 of the Complaint contains conclusions of law to which no responsive pleading is required and is therefore deemed denied. To the extent that paragraph 54 contains factual allegations requiring a response, GSK denies the allegations.

55. Denied. GSK denies each and every allegation set forth in paragraph 55 of the Complaint.

## AS TO THE FOURTH CLAIM FOR RELIEF

56. GSK repeats and realleges paragraphs 1 through 55 above as though set forth herein.

57. Denied. GSK denies the allegations set forth in paragraph 57 of the Complaint as they relate to GSK, and states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 57 of the Complaint, and therefore denies the same.

58. Denied. Paragraph 58 of the Complaint contains conclusions of law to which no responsive pleading is required and is therefore deemed denied. To the extent that paragraph 58 contains factual allegations requiring a response, GSK denies the allegations.

59. Denied. Paragraph 59 of the Complaint contains conclusions of law to which no responsive pleading is required and is therefore deemed denied. To the extent that paragraph 59 contains factual allegations requiring a response, GSK denies the allegations.

60. Denied. GSK denies each and every allegation set forth in paragraph 60 of the Complaint.

61. Denied. Paragraph 61 of the Complaint contains conclusions of law to which no responsive pleading is required and is therefore deemed denied. To the extent that paragraph 61 contains factual allegations requiring a response, GSK denies the allegations.

62. Denied. Paragraph 62 of the Complaint contains conclusions of law to which no responsive pleading is required and is therefore deemed denied. To the extent that paragraph 62 contains factual allegations requiring a response, GSK denies the allegations.

63. Denied. GSK denies each and every allegation set forth in paragraph 63 of the Complaint.

## AS TO THE FIFTH CLAIM FOR RELIEF

64. GSK repeats and realleges paragraphs 1 through 63 above as though set forth herein.

65. Denied. GSK denies each and every allegation set forth in paragraph 65 of the Complaint.

66. Denied. GSK denies each and every allegation set forth in paragraph 66 of the Complaint.

67. Denied. GSK denies each and every allegation set forth in paragraph 67 of the Complaint.

68. Denied. GSK denies each and every allegation set forth in paragraph 68 of the Complaint.

69. Denied. GSK denies each and every allegation set forth in paragraph 69 of the Complaint.

70. Denied. GSK denies each and every allegation set forth in paragraph 70 of the Complaint.

71. Denied. Paragraph 71 of the Complaint contains conclusions of law to which no responsive pleading is required and is therefore deemed denied. To the

extent that paragraph 71 contains factual allegations requiring a response, GSK denies the allegations.

72. Denied. Paragraph 72 of the Complaint contains conclusions of law to which no responsive pleading is required and is therefore deemed denied. To the extent that paragraph 72 contains factual allegations requiring a response, GSK denies the allegations.

73. Denied. GSK denies each and every allegation set forth in paragraph 73 of the Complaint.

## PRAYER FOR RELIEF

Denied. The unnumbered paragraph following paragraph 73 is a request for relief. GSK denies that plaintiff is entitled to any relief from GSK.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1. Plaintiff's claims based upon GSK's alleged duty to warn are barred by the learned intermediary doctrine.

### SECOND DEFENSE

2. GSK states that the allegations set forth in the Complaint, and each and every count and claim thereof, fail to state a claim against GSK upon which relief can be granted.

### THIRD DEFENSE

3. GSK states that the cause or causes of action set forth in the Complaint were at the time of the filing of this action and are now barred by the applicable statute of limitations.

### FOURTH DEFENSE

4. GSK states that the cause or causes of action set forth in the Complaint were at the time of the filing of this action and are now barred by the doctrine of laches.

### FIFTH DEFENSE

5. The causes of action set forth in the Complaint are barred in whole or in part by the applicable statute or statutes of repose.

### SIXTH DEFENSE

6. GSK states that the plaintiff's natural mother knowingly and intentionally assumed the risks, if any, inherent in the use of diethylstilbestrol ("DES"), which is a complete bar to plaintiff's recovery in this case.

### SEVENTH DEFENSE

7. If plaintiff is unable to identify and prove the specific manufacturer of the alleged injury-causing product, she fails to state a claim upon which relief can be granted in that they have asserted claims for relief which, if granted, would violate the public policy of the District of Columbia and of any state or commonwealth whose law may be deemed to apply to this matter, and constitute a denial by this Court of GSK's federal and state constitutional rights to due process of law, equal protection of the law, and to be free from the imposition of state law liabilities that interfere with the federal regulation of pharmaceutical products and the free flow of commerce between and among the states.

### EIGHTH DEFENSE

8. Because plaintiff is unable to identify and prove the specific manufacturer of the alleged injury-causing product, she lacks standing to pursue this action.

### NINTH DEFENSE

9. GSK states that in the event a sale is pleaded or determined upon trial, or in the event reliance is placed upon a breach of warranty, whether express or implied, this action is barred since there was no reliance upon any warranties, if any, of GSK.

### TENTH DEFENSE

10. GSK states that DES was and has been formulated, tested, manufactured, processed and labeled in accordance with the provisions of the Federal Food, Drug and Cosmetic Act and regulations promulgated thereto. Accordingly, plaintiff's claims, predicated on state tort law, are preempted or barred by the Supremacy Clause of the United States Constitution.

### ELEVENTH DEFENSE

11. GSK states that plaintiff's claim may be barred by contributory negligence, which was a direct, and proximate cause of plaintiff's alleged conditions, which is a complete bar to plaintiff's recovery in this case.

### TWELFTH DEFENSE

12. Plaintiff has failed to join all necessary parties.

### THIRTEENTH DEFENSE

13. If plaintiff sustained the injuries alleged in the Complaint, which is denied, there was an intervening cause or causes leading to these alleged injuries, and therefore, any action on the part of GSK was not the proximate and/or competent producing cause of the alleged injuries.

### FOURTEENTH DEFENSE

14. If plaintiff sustained the injuries alleged in the Complaint, which is denied, these alleged injuries were caused solely by the conduct of one or more third persons for whose conduct GSK is not responsible or with whom GSK has no legal relation.

### FIFTEENTH DEFENSE

15. If plaintiff sustained the injuries alleged in the Complaint, which is denied, these alleged injuries were caused by factors other than exposure to DES, and were not due to or caused by the fault, lack of care, negligence or any breach of duty by GSK.

### SIXTEENTH DEFENSE

16. GSK states that plaintiff failed to give notice of the alleged defects within the time limitations imposed by law.

### SEVENTEENTH DEFENSE

17. GSK states that the demand for punitive damages and the imposition thereof would violate GSK's rights and privileges under the United States Constitution, including but not limited to, GSK's right to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution, and GSK's right to protection from excessive fines under the Eighth Amendment to the United States Constitution.

### EIGHTEENTH DEFENSE

18. Punitive damages are not recoverable for the causes of action set forth in the Complaint or, in the alternative, the allegations of each cause of action are legally insufficient to support a claim for punitive damages.

### NINETEENTH DEFENSE

19. Upon information and belief, if the injuries referred to in the Complaint were caused by DES manufactured by GSK, which is denied, the injuries are the result of an idiosyncratic reaction on the part of the plaintiff's natural mother and/or the plaintiff to the drug.

### TWENTIETH DEFENSE

20. If DES manufactured by GSK was involved in the injuries claimed by the plaintiff, which is denied, upon information and belief, the use of DES was improper or not in accordance with prescribed, correct procedures. In particular, as to DES manufactured by Burroughs Wellcome Company ("BW"), BW never indicated, labeled, marketed or sought regulatory approval for use of its product during pregnancy. Accordingly, the DES was abused, misused and applied for purposes other than those, which were indicated or intended by GSK, which is a complete bar to plaintiff's recovery in this case.

### TWENTY-FIRST DEFENSE

21.    At all times relevant hereto, the benefits of DES outweighed the risks, if any, which may have been attendant to its use.

### TWENTY- SECOND DEFENSE

22.    Some or all of the plaintiff's claims are barred by collateral estoppel and res judicata.

### TWENTY-THIRD DEFENSE

23.    If plaintiff sustained injuries or incurred expenses as alleged, which is denied, the risks complained of by plaintiff were not discoverable using prevailing research and scientific techniques under the then-existing state-of-the-art and were not discoverable using procedures required by federal or state regulatory authorities charged with supervision or licensing of the product as of the time GSK sold or otherwise parted with possession and control of the product in question. Accordingly, GSK's product was in conformity with the generally recognized state-of-the-art at the time it was designed, manufactured, inspected, packaged, labeled, and sold and therefore plaintiff is barred from recovery.

### TWENTY-FOURTH DEFENSE

24.    At all applicable times, GSK fully complied with all applicable federal, state, and local statutory and regulatory requirements concerning DES, including those prescribed by the Federal Food, Drug, and Cosmetic Act, and promulgated by the Federal Food and Drug Administration.

### TWENTY-FIFTH DEFENSE

25.    GSK states that it incorporates by reference and makes a part hereof all other applicable affirmative defenses set forth in the Answers by any other defendant and intends to rely on other affirmative defenses, which may become available or apparent

during discovery, and hereby reserves its right to amend this answer to assert such defenses.

   **WHEREFORE**, GSK respectfully requests that this Honorable Court enter an Order dismissing plaintiff's Complaint with prejudice, or for such other relief as the nature of this cause may require.

         Respectfully submitted,

         _____/s/_____
         Janet K. Coleman (497902)
         WHITNEY & BOGRIS, LLP
         401 Washington Avenue
         Twelfth Floor
         Towson, Maryland 21204
         (410) 583-8000

         **Attorneys for SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE**