## THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

---

**VICTORIE DUMONT**
**214 Harrison Drive**
**Centerpoint, New York 11721**

            **Plaintiff,**

    **vs.**

**ABBOTT LABORATORIES, INC.**
**100 Abbott Park Road**
**Abbott Park, IL  60064**
**w/s/o CT CORPORATION**
**1025 Vermont Avenue, N.W.**
**Washington, D.C. 20005**

**and**

**BURROUGHS-WELLCOME & Co.**
**n/k/a GlaxoSmithKline, Inc.**
**1500 K Street N.W.**
**Washington, DC 20036**

**and**

**S.E. MASSENGILL, CO.**
**n/k/a GlaxoSmithKline, Inc.**
**1500 K Street N.W.**
**Washington, DC 20036**

**and**

**CARNRICK LABORATORIES, INC.,**
**n/k/a Elan Pharmaceuticals, Inc.**
**w/s/o National Registered Agents, Inc.**
**1090 Vermont Avenue, NW #910**
**Washington, DC 20005**

**and**

**CIVIL ACTION NO. 1:07-cv-01635**

**DEFENDANT ELI LILLY AND**
**COMPANY'S**
**ANSWER TO PLAINTIFF'S**
**COMPLAINT**

**DART INDUSTRIES, INC.**
**p/k/a Rexall Drug Company, Inc.**
**w/s/o Sheila Ann Marie Moeller, Esq.**
**Gilbride, Tusa, Last & Spellane, LLC**
**31 Brookside Drive**
**Greenwich, CT 06836**

**and**

**ELI LILLY AND COMPANY**
**Lilly Corporate Center**
**Indianapolis, IN  46285**
**w/s/o National Registered Agents, Inc.**
**1090 Vermont Avenue, NW #910**
**Washington, DC 20005**

**and**

**KREMERS-URBAN CO.,**
**n/k/a Mequon Company**
**c/o Cooper, Kardaras & Scharf**
**40 Wall Street**
**New York, New York 10005-1303**

**and**

**LANNETT CO., INC.**
**c/o Fox & Rothschild**
**2000 Market Street**
**Philadelphia, PA 19103-3291**

**and**

**MALLINCKRODT, INC.**
**675 McDonnell Blvd.**
**St. Louis, MO 63042**

**and**

**MERCK & COMPANY, INC.**
**601 Pennsylvania Avenue, N.W.**
**North Building, Suite 1200**
**Washington, DC  20004**

**and**

**MERRELL DOW PHARMACEUTICALS,
INC.**
**c/o Corporation Trust Co.**
**820 Bear Tavern Road**
**West Trenton, NJ 08628**

**and**

**McNEIL LABS, INC.**
**n/k/a Ortho McNeil Pharmaceutical, Inc.**
**1000 Route 202 South**
**Raritan, NJ  08869**

**and**

**PREMO PHARMACEUTICAL
LABORATORIES, INC.**
**p/k/a Lemmon Co. of N.J., Inc.**
**c/o Corporation Trust Co.**
**820 Bear Tavern Road**
**West Trenton, NJ 08628**

**and**

**RHONE-POULENC RORER
PHARMACEUTICALS, INC.**
**p/k/a William H. Rorer, Inc.**
**c/o Sanofi-Aventis**
**55 Corporate Drive**
**Bridgewater, NJ 08807**

**and**

**ROWELL LABORATORIES, INC.**
**p/k/a Solvay Pharmaceuticals, Inc.**
**c/o T.H. Rowell, Jr., President**
**210 Main Street W.**
**Baudette, MN 56623**

**and**

**E.R. SQUIBB & SONS, INC.**
**c/o The Corporation Trust Company**
**1025 Vermont Avenue, N.W.**
**Washington, D.C. 20005**

**and**

**THE UPJOHN COMPANY**
**c/o CT Corp. Systems**
**1025 Vermont Avenue, N.W.**
**Washington, D.C. 20005**

                                **Defendants.**

**DEFENDANT ELI LILLY AND COMPANY'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Eli Lilly and Company ("Lilly"), by its undersigned attorneys, answers by like numbered paragraphs the Complaint filed in this action as follows:

**PRELIMINARY STATEMENT**

Answers to each paragraph of the Complaint by Lilly are made without waiving, but expressly reserving, all rights that Lilly may have to seek relief by appropriate motions directed to the allegations of the Complaint.

**JURISDICTION**

1.      Whether this Court has jurisdiction under 28 U.S.C. § 1332 is a legal question to which no response is required.  To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 1 of the Complaint.

**PARTY PLAINTIFFS [SIC]**

2.      Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and, therefore, denies said allegations at this time.

**PARTY DEFENDANTS**

3.      Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and, therefore, denies said allegations

- 4 -

at this time.

4.      Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and, therefore, denies said allegations at this time.

5.      Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and, therefore, denies said allegations at this time.

6.      Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and, therefore, denies said allegations at this time.

7.      Lilly admits that it is a corporation organized and existing under the laws of the State of Indiana with its principal place of business in the State of Indiana.

8.      Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and, therefore, denies said allegations at this time.

9.      Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and, therefore, denies said allegations at this time.

10.     Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, therefore, denies said allegations at this time.

11.     Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and, therefore, denies said

allegations at this time.

12.     Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and, therefore, denies said allegations at this time.

13.     Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and, therefore, denies said allegations at this time.

14.     Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and, therefore, denies said allegations at this time.

15.     Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and, therefore, denies said allegations at this time.

16.     Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and, therefore, denies said allegations at this time.

17.     Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and, therefore, denies said allegations at this time.

18.     Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and, therefore, denies said allegations at this time.

19.     Lilly is without knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 19 of the Complaint and, therefore, denies said allegations at this time.

## FACTUAL BACKGROUND

20. Lilly admits that, at certain times and always acting individually and independently, it manufactured, packaged, marketed, sold and distributed diethylstilbestrol, with labeling approved by the Federal Food and Drug Administration ("FDA"), to independent pharmaceutical wholesalers. Lilly denies all other allegations contained in Paragraph 20 of the Complaint.

21. Lilly denies the allegations in Paragraph 21 of the Complaint.

22. Lilly states that its Supplemental New Drug Application is a document that speaks for itself and which contained all necessary information, and Lilly denies that Lilly's Supplemental New Drug Application contained the claims and representations stated in Paragraph 22 of the Complaint.

23. Lilly denies that it advertised its diethylstilbestrol for use in the treatment of certain accidents of pregnancy, admits making available to physicians its product literature for all Lilly products, including diethylstilbestrol, and states that Lilly's product literature for diethylstilbestrol is a series of documents which speak for themselves. Lilly denies all other allegations contained in Paragraph 23 of the Complaint.

24. Lilly denies the allegations in Paragraph 24 of the Complaint.

25. Lilly denies the allegations in Paragraph 25 of the Complaint.

26. Lilly denies the allegations in Paragraph 26 of the Complaint.

27. Lilly denies the allegations in Paragraph 27 of the Complaint.

28. Lilly denies the allegations in Paragraph 28 of the Complaint.

29. Lilly denies the allegations in Paragraph 29 of the Complaint.

30.     The allegations contained in Paragraph 30 of the Complaint purport to describe the nature of the relief sought by Plaintiff, and therefore no responsive pleading is required.  Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, and therefore denies the same.

31.     Lilly denies the allegations in Paragraph 31 of the Complaint.

32.     The allegations contained in Paragraph 32 of the Complaint state conclusions of law to which no responsive pleading is required.  To the extent that Paragraph 32 of the Complaint states factual allegations, they are denied.

**FIRST CLAIM FOR RELIEF – STRICT PRODUCTS LIABILITY**

33.     Lilly repeats and realleges its answers in paragraphs 1 through 32, above.

34.     Lilly admits that, at certain times and always acting individually and independently, it manufactured, compounded, packaged, distributed, and sold the prescription drug diethylstilbestrol to individual pharmaceutical wholesalers, which might then sell diethylstilbestrol to pharmacies, hospitals, and licensed physicians.  Lilly denies all other allegations contained in Paragraph 34 of the Complaint.

35.     Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint and, therefore, denies said allegations at this time.

36.     Lilly denies the allegations in Paragraph 36 of the Complaint.

37.      Lilly admits that, at certain times and always acting individually and independently, it manufactured, compounded, packaged, distributed, and sold the prescription drug diethylstilbestrol to individual pharmaceutical wholesalers, which might then sell diethylstilbestrol to pharmacies, hospitals, and licensed physicians, and that all necessary tests were performed.  Lilly denies all other allegations contained in Paragraph 37 of the Complaint.

38.    Lilly denies the allegations in Paragraph 38 of the Complaint.

39.    Lilly denies the allegations in Paragraph 39 of the Complaint.

40.    Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint and, therefore, denies said allegations at this time.

41.    Lilly denies the allegations in Paragraph 41 of the Complaint.

42.    Lilly denies the allegations in Paragraph 42 of the Complaint.

43.    Lilly denies the allegations in Paragraph 43 of the Complaint.

44.    Lilly denies the allegations in Paragraph 44 of the Complaint.  Further answering, Lilly denies that Plaintiff is entitled to judgment of any kind against Lilly.

## SECOND CLAIM FOR RELIEF – NEGLIGENCE

45.    Lilly repeats and realleges its answers in paragraphs 1 through 44, above.

46.    Lilly denies the allegations in Paragraph 46 of the Complaint.

47.    Lilly denies the allegations in Paragraph 47 of the Complaint.

48.    Lilly denies the allegations in Paragraph 48 of the Complaint.

49.    Lilly denies the allegations in Paragraph 49 of the Complaint.  Further answering, Lilly denies that Plaintiff is entitled to judgment of any kind against Lilly.

## THIRD CLAIM FOR RELIEF – BREACH OF EXPRESS WARRANTY

50.    Lilly repeats and realleges its answers in paragraphs 1 through 49, above.

51.    The allegations contained in Paragraph 51 of the Complaint state conclusions of law to which no responsive pleading is required.  To the extent that there are remaining allegations, Lilly states that all representations about its diethylstilbestrol were made in its product literature for diethylstilbestrol, which is a series of documents that speaks for themselves.  Lilly denies all other allegations contained in Paragraph 51 of the Complaint.

52.     Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint and, therefore, denies said allegations at this time.

53.     Lilly denies the allegations in Paragraph 53 of the Complaint.

54.     Lilly denies the allegations in Paragraph 54 of the Complaint.

55.     Lilly denies the allegations in Paragraph 55 of the Complaint.  Further answering, Lilly denies that Plaintiff is entitled to judgment of any kind against Lilly.

### FOURTH CLAIM FOR RELIEF – BREACH OF IMPLIED WARRANTY

56.     Lilly repeats and realleges its answers in paragraphs 1 through 55, above.

57.     Lilly admits that, at certain times and always acting individually and independently, it manufactured, compounded, packaged, distributed, and sold the prescription drug diethylstilbestrol to individual pharmaceutical wholesalers, which might then sell diethylstilbestrol to pharmacies, hospitals, and licensed physicians.  Lilly denies all other allegations contained in Paragraph 57 of the Complaint.

58.     The allegations contained in Paragraph 58 of the Complaint state conclusions of law to which no responsive pleading is required.  To the extent that there are remaining allegations, Lilly states that all representations about its diethylstilbestrol were made in its product literature for diethylstilbestrol, which is a series of documents that speaks for themselves.  Lilly denies all other allegations contained in Paragraph 58 of the Complaint.

59.     The allegations contained in Paragraph 59 of the Complaint state conclusions of law to which no responsive pleading is required.  To the extent that there are remaining allegations, Lilly states that all representations about its diethylstilbestrol were made in its product literature for diethylstilbestrol, which is a series of documents that speaks for themselves.  Lilly denies all other allegations contained in Paragraph 59 of the Complaint

60.     Lilly denies the allegations in Paragraph 60 of the Complaint.

61.     Lilly denies the allegations in Paragraph 61 of the Complaint.

62.     Lilly denies the allegations in Paragraph 62 of the Complaint.

63.     Lilly denies the allegations in Paragraph 63 of the Complaint.    Further answering, Lilly denies that Plaintiff is entitled to judgment of any kind against Lilly.

### FIFTH CLAIM FOR RELIEF – FRAUDULENT MISREPRESENTATION

64.     Lilly repeats and realleges its answers in paragraphs 1 through 63, above

65.     Lilly denies the allegations in Paragraph 65 of the Complaint.

66.     Lilly denies the allegations in Paragraph 66 of the Complaint.

67.     Lilly denies the allegations contained in Paragraph 67.  Further answering, Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 regarding Plaintiff and Plaintiff's mother, and therefore denies the same.

68.     Lilly denies the allegations in Paragraph 68 of the Complaint.

69.     Lilly denies the allegations in Paragraph 69 of the Complaint.

70.     Lilly denies the allegations in Paragraph 70 of the Complaint.

71.     Lilly denies the allegations in Paragraph 71 of the Complaint.

72.     Lilly denies the allegations in Paragraph 72 of the Complaint.

73.     Lilly denies the allegations in Paragraph 73 of the Complaint. Further answering, Lilly denies that Plaintiff is entitled to judgment of any kind against Lilly.

### AFFIRMATIVE AND OTHER DEFENSES

Lilly reserves the right to amend its Answer and/or amend or add defenses to conform to such facts as may be revealed in discovery or otherwise. Without assuming the

burden of proof of such defenses that it would not otherwise have, Lilly affirmatively asserts the following defenses:

### FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Pursuant to the Supremacy Clause of the United States Constitution, the claims set forth in the Complaint are preempted by federal statutes and regulations having the force of law.

### THIRD DEFENSE

The claims set forth in the Complaint are barred because Plaintiff's alleged injuries and damages, if any, were actually or proximately caused by the intervening or superseding conduct of persons or entities over which or whom Lilly had no control.

### FOURTH DEFENSE

The claims set forth in the Complaint are barred because the alleged injuries and damages, if any, were caused by medical conditions or processes (whether pre-existing or contemporaneous) unrelated to diethylstilbestrol.

### FIFTH DEFENSE

The claims set forth in the Complaint are barred by the learned intermediary doctrine.

### SIXTH DEFENSE

Plaintiff's claims are subject to the limitations on the doctrine of strict product liability for a purported design defect and breach of warranty as set forth in the Restatement

(Second) of Torts, Section 402A, comments j and k, and Sections 4 and 6 of the Restatement (Third) of Torts: Products Liability.

## SEVENTH DEFENSE

The claims set forth in the Complaint are barred because the methods, standards and techniques used in formulating diethylstilbestrol and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably available and reliable state of knowledge in the field at the time diethylstilbestrol was manufactured.

## EIGHTH DEFENSE

The claims set forth in the Complaint are barred because the foreseeable therapeutic benefits of diethylstilbestrol outweighed any foreseeable risks of harm.

## NINTH DEFENSE

The claims set forth in the Complaint are barred by the doctrine of informed consent and assumption of risk.

## TENTH DEFENSE

The claims set forth in the Complaint are barred because Lilly breached no warranty, express or implied, to Plaintiff or to Plaintiff's mother.

## ELEVENTH DEFENSE

The claims set forth in the Complaint are barred by the applicable statutes of limitation and/or repose.

## TWELFTH DEFENSE

Plaintiff's causes of action are barred in whole or in part by the lack of a defect as any product allegedly ingested by Plaintiff's mother was properly prepared in accordance with the applicable standard of care.

## THIRTEENTH DEFENSE

Plaintiff's alleged damages were not caused by any failure to warn on the part of Lilly.

## FOURTEENTH DEFENSE

Each item of economic loss alleged in the Complaint was, or with reasonable certainty will be, replaced or indemnified, in whole or in part, from collateral sources.

## FIFTEENTH DEFENSE

To the extent applicable, Lilly is entitled to contribution from any person and/or entity whose negligence or other fault contributed to Plaintiff's alleged injuries and damages.

## SIXTEENTH DEFENSE

The design, testing, and labeling of diethylstilbestrol was in conformity with the generally recognized and prevailing state of the art, i.e., the best technology reasonably available in the industry at the time diethylstilbestrol was first sold to any person not engaged in the business of selling such product.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred because Plaintiff's mother and/or Plaintiff's mother's prescribing physician was, or should have been, aware of the known risks associated with the use of diethylstilbestrol.

## EIGHTEENTH DEFENSE

Plaintiff's Complaint is defective in that Plaintiff has failed to join indispensable parties.

**NINETEENTH DEFENSE**

Plaintiff failed to give adequate or timely notice to Lilly of any alleged breach of warranty after Plaintiff discovered or should have discovered such alleged breach and is, therefore, barred from any recovery for such claims.

**TWENTIETH DEFENSE**

Should Lilly be held liable, which liability is specifically denied, Lilly would be entitled to a set-off of all sums of money received or available from or on behalf of any tortfeasors for the same injuries alleged in the Complaint.

**TWENTY-FIRST DEFENSE**

Plaintiff's claims are barred and preempted by Lilly's compliance with the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301 et seq. and/or the regulations promulgated pursuant to that Act.

**TWENTY-SECOND DEFENSE**

There is no privity between Plaintiff and this defendant; therefore, Plaintiff is barred from bringing any claims in which privity is an element.  Further, Plaintiff's warranty claims are barred because Plaintiff's mother and/or Plaintiff's mother's prescribing physician did not rely on any alleged warranty from Lilly and/or did not timely notify Lilly of any alleged breach of warranty.

**TWENTY-THIRD DEFENSE**

The alleged injuries to Plaintiff are not the result of any act or omission of Lilly but, rather, result from an act of God.

**TWENTY-FOURTH DEFENSE**

Any alleged injuries cause by diethylstilbestrol (which causal connection Lilly has

denied and continues to deny) are not the result of any act or omission of Lilly, but rather the result of the misuse of diethylstilbestrol by Plaintiff's mother, which misuse bars the plaintiff from any recovery against Lilly.

### TWENTY-FIFTH DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the risks complained of by Plaintiff were not discoverable using prevailing research and scientific techniques under the then-existing state of the art and were not discoverable using procedures required by federal and state regulatory authorities charged with supervision or licensing of the product as of the time Lilly sold or otherwise parted with possession and control of the product in question.

### TWENTY-SIXTH DEFENSE

Lilly had no duty to warn about any possible dangers in using diethylstilbestrol that were not known at the time of manufacture and sale of the product.

### TWENTY-SEVENTH DEFENSE

Any damages sustained by Plaintiff were caused by or contributed to by modification, alterations or maintenance of diethylstilbestrol after said prescription drug left the care, custody or control of Lilly.

### TWENTY-EIGHTH DEFENSE

Lilly denies any negligence or wrongdoing, denies it is liable under any theory of strict liability, and denies that diethylstilbestrol contributed to Plaintiff's alleged injuries, losses or damages.

### TWENTY-NINTH DEFENSE

Plaintiff's causes of action are barred in whole or in part by the lack of a defect, as any diethylstilbestrol ingested by Plaintiff's mother was properly prepared in accordance with

the applicable standard of care.

### THIRTIETH DEFENSE

Plaintiff's product liability causes of action are barred because diethylstilbestrol was consistent with or exceeded consumer expectations.

### THIRTY-FIRST DEFENSE

Plaintiff's breach of warranty claims are barred by the Uniform Commercial Code as enacted in New York.

### THIRTY-SECOND DEFENSE

Plaintiff's claim for punitive damages cannot be sustained to the extent it seeks to punish Lilly for alleged harm to non-parties and/or persons who are not before the Court. Imposition of punitive damages under such circumstances would violate Lilly's procedural and substantive due process rights and equal protection rights under the Fifth and Fourteenth Amendments to the United States Constitution and Lilly's due process and equal protection rights under similar provisions of the New York Constitution, and would be improper under the common law and public policies of the United States, the State of New York and the District of Columbia.

### THIRTY-THIRD DEFENSE

Plaintiff's mother was guilty of contributory negligence which was a proximate cause of the injuries, damages and losses complained of, which negligence was a complete bar to the recovery by Plaintiff in this case.

### THIRTY-FOURTH DEFENSE

Plaintiff's mother assumed the risks inherent in the use of diethylstilbestrol and her assumption of risk is a bar to Plaintiff's recover in this case.

## THIRTY-FIFTH DEFENSE

If Plaintiff sustained any of the injuries as alleged in the Complaint, which is hereby expressly denied, said injuries were caused in whole or in part by the conduct of one or more third persons for whose conduct Lilly is not responsible or with whom Lilly had no legal relationship.

## THIRTY-SIXTH DEFENSE

If the product in question was unsafe, then it was unavoidably unsafe.

## THIRTY-SEVENTH DEFENSE

Plaintiff's causes of action are barred by the doctrine of *res judicata* or the doctrine of collateral estoppel.

## THIRTY-EIGHTH DEFENSE

Plaintiff's causes of action are barred by the Doctrine of Laches.

## THIRTY-NINTH DEFENSE

Plaintiff's causes of action are barred by the application of the Borrowing Statute as adopted in the State of New York.

## FORTIETH DEFENSE

In order to establish the fact of legal damage or loss, the plaintiff must establish the product she alleges caused injury was not a factor in preserving the pregnancy that resulted in her birth.

## JURY DEMAND

Defendant Eli Lilly and Company demands a trial by jury on all issues.

WHEREFORE, having fully answered Plaintiff's Complaint, Lilly prays as follows:

1.    That Plaintiff's Complaint be dismissed with prejudice and that Plaintiff

takes nothing thereby;

      2.      That Lilly be awarded its costs and disbursements herein to be taxed as provided by law.

Respectfully submitted,


/s/ John Chadwick Coots
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
SHOOK, HARDY & BACON, L.L.P
600 14TH Street, N.W., Suite 800
Washington, D.C.  20005-2004
Phone: (202) 783-8400; Fax: (202) 783-4211

and

David W. Brooks
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, Missouri  64108-2613
Phone: (816) 474-6550; Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, this 8th day of October, 2007, which sent notification of such filing to all counsel of record listed below.

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C.  20036
**Attorney for Plaintiffs**

Sidney G. Leech
Goodell, Devries, Leech & Dann, LLP
One South Street, Suite 2000
Baltimore, MD 21202
**Attorneys for E.R. Squibb & Sons, Inc.**

I further certify and declare that on this same date true and accurate copies of the foregoing were served upon the following parties via first-class U.S. Mail, postage prepaid.

Abbott Laboratories, INC.
100 Abbott Park Road
Abbott Park, IL  60064

Merck & Company, Inc.
601 Pennsylvania Avenue, N.W.
North Building, Suite 1200
Washington, DC  20004

Burroughs-Wellcome & Co.
n/k/a GlaxoSmithKline, Inc.
1500 K Street N.W.
Washington, DC 20036

Merrell Dow Pharmaceuticals, Inc.
c/o Corporation Trust Co.
820 Bear Tavern Road
West Trenton, NJ 08628

S.E. Massengill, Co.
n/k/a GlaxoSmithKline, Inc.
1500 K Street N.W.
Washington, DC 20036

McNeil Labs, Inc.
n/k/a Ortho McNeil Pharmaceutical, Inc.
1000 Route 202 South
Raritan, NJ  08869

Carnrick Laboratories, Inc.,
n/k/a Elan Pharmaceuticals, Inc.
w/s/o National Registered Agents, Inc.
1090 Vermont Avenue, NW #910
Washington, DC 20005

Premo Pharmaceutical Laboratories, Inc.
p/k/a Lemmon Co. of N.J., Inc.
c/o Corporation Trust Co.
820 Bear Tavern Road
West Trenton, NJ 08628

Dart Industries, Inc.
p/k/a Rexall Drug Company, Inc.
w/s/o Sheila Ann Marie Moeller, Esq.
Gilbride, Tusa, Last & Spellane, LLC
31 Brookside Drive
Greenwich, CT 06836

Rhone-Poulenc Rorer Pharmaceuticals, Inc.
p/k/a William H. Rorer, Inc.
c/o Sanofi-Aventis
55 Corporate Drive
Bridgewater, NJ 08807

Kremers-Urban Co.,
n/k/a Mequon Company
c/o Cooper, Kardaras & Scharf
40 Wall Street
New York, New York 10005-1303

Lannett Co., Inc.
c/o Fox & Rothschild
2000 Market Street
Philadelphia, PA 19103-3291

Mallinckrodt, Inc.
675 McDonnell Blvd.
St. Louis, MO 63042

Rowell Laboratories, Inc.
p/k/a Solvay Pharmaceuticals, Inc.
c/o T.H. Rowell, Jr., President
210 Main Street W.
Baudette, MN 56623

The Upjohn Company
c/o CT Corp. Systems
1025 Vermont Avenue, N.W.
Washington, D.C. 20005

/s/ John Chadwick Coots
**ATTORNEY FOR DEFENDANT**
**ELI LILLY AND COMPANY**