IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VICTOIRE DUMONT, | ) |
| | ) |
| *Plaintiff,* | ) |
| | )  Case No. 1:07CV01635 |
| v. | )  Judge James Robertson |
| | ) |
| ELI LILLY AND COMPANY, *et al.,* | ) |
| | ) |
| | ) |
| *Defendants.* | ) |

## DEFENDANT MERCK & CO., INC.'S ANSWER TO COMPLAINT

Defendant Merck & Co., Inc. ("Merck"), by counsel, upon knowledge as to itself and upon information and belief as to all others, answers Plaintiff Victoire Dumont's Complaint as follows:

### JURISDICTION

1. Merck responds that whether this court has jurisdiction under 28 U.S.C. § 1332 is a legal question to which no response is required. To the extent a response is required, Merck denies the allegations in Paragraph 1 of the complaint.

### PARTY PLAINTIFFS [SIC]

2. Merck is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 2; therefore, those allegations are denied.

### PARTY DEFENDANTS

3. Merck is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 3; therefore, those allegations are denied.

4. Merck is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 4; therefore, those allegations are denied

5. Merck is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 5; therefore, those allegations are denied.

6. Merck is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 6; therefore, those allegations are denied.

7. Merck is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 7; therefore, those allegations are denied.

8. Merck is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 8; therefore, those allegations are denied.

9. Merck is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 9; therefore, those allegations are denied

10. Merck is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 10; therefore, those allegations are denied.

11. Merck is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 11; therefore, those allegations are denied.

12. Merck is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 12; therefore, those allegations are denied.

13. Merck admits that it is a corporation incorporated under the laws of the State of New Jersey with its principal place of business in New Jersey.

14. Merck is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 14; therefore, those allegations are denied.

15. Merck is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 15; therefore, those allegations are denied.

16. Merck is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 16; therefore, those allegations are denied.

17. Merck is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 17; therefore, those allegations are denied.

18. Merck is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 18; therefore, those allegations are denied.

19. Merck is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 19; therefore, those allegations are denied.

## FACTUAL BACKGROUND

20. Merck denies that it manufactured, compounded, portrayed, distributed, recommended, merchandized, advertised, promoted, sold, purchased, prescribed, or administered the drug DES at the times relevant to the complaint. Merck had exited the DES market well before 1970, and had no market share at that time upon which Plaintiff could base a claim against Merck. Merck admits that it sells pharmaceutical products and that its predecessor company, at various times sold diethylstilbestrol (DES), which was approved by the United States Food and Drug Administration ("FDA"). The remainder of the allegations in Paragraph 20 are denied insofar as they are addressed to Merck. To the extent that the

allegations in Paragraph 20 are directed to other defendants, Merck is without knowledge or information sufficient to either admit or deny those allegations; therefore, they are denied.

21. Merck denies the allegations in Paragraph 21.

22. Merck denies the allegations in Paragraph 22.

23. Merck denies the allegations in Paragraph 23.

24. Merck denies the allegations in Paragraph 24.

25. Merck denies the allegations in Paragraph 25.

26. Merck denies the allegations in Paragraph 26.

27. Merck denies the allegations in Paragraph 27.

28. Merck denies the allegations in Paragraph 28.

29. Merck denies the allegations in Paragraph 29.

30. The allegations in Paragraph 30 describe the nature of relief sought by Plaintiff, therefore no responsive pleading is required. Merck is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 30; therefore, those allegations are denied.

31. Merck denies the allegations in Paragraph 31.

32. The allegations in Paragraph 32 state conclusions of law to which no responsive pleading is required. To any extent Paragraph 32 contains factual allegations, those allegations are denied.

## FIRST CLAIM FOR RELIEF – STRICT PRODUCTS LIABILITY

33. Merck incorporates by reference its answers in Paragraphs 1 through 32, above.

34. Merck denies that it manufactured, compounded, portrayed, distributed, recommended, merchandized, advertised, promoted, sold, purchased, prescribed, or administered the drug DES at the times relevant to the complaint. Merck had exited the DES market well before 1970, and had no market share at that time upon which Plaintiff could base a claim against Merck. Merck admits that it sells pharmaceutical products and that its predecessor company, at various times sold diethylstilbestrol (DES), which was approved by the United States Food and Drug Administration ("FDA"). The remainder of the allegations in Paragraph 34 are denied insofar as they are addressed to Merck. To the extent that the allegations in Paragraph 34 are directed to other defendants, Merck is without knowledge or information sufficient to either admit or deny those allegations; therefore, they are denied.

35. Merck is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 35; therefore, those allegations are denied.

36. Merck denies the allegations in Paragraph 36.

37. Merck denies that it manufactured, compounded, portrayed, distributed, recommended, merchandized, advertised, promoted, sold, purchased, prescribed, or administered the drug DES at the times relevant to the complaint. Merck had exited the DES market well before 1970, and had no market share at that time upon which Plaintiff could base a claim against Merck. Merck admits that it sells pharmaceutical products and that its predecessor company, at various times sold diethylstilbestrol (DES), which was approved by

the United States Food and Drug Administration ("FDA"). The remainder of the allegations in Paragraph 37 are denied insofar as they are addressed to Merck. To the extent that the allegations in Paragraph 37 are directed to other defendants, Merck is without knowledge or information sufficient to either admit or deny those allegations; therefore, they are denied.

38. Merck denies the allegations in Paragraph 38.

39. Merck denies the allegations in Paragraph 39.

40. Merck is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 40; therefore, those allegations are denied.

41. Merck denies the allegations in Paragraph 41.

42. Merck denies the allegations in Paragraph 42.

43. Merck denies the allegations in Paragraph 43.

44. Merck denies the allegations in Paragraph 44. Merck further denies that Plaintiff is entitled to judgment of any kind against Merck.

## SECOND CLAIM FOR RELIEF – NEGLIGENCE

45. Merck incorporates by reference its answers in Paragraphs 1 through 44, above.

46. Merck denies the allegations in Paragraph 46 and its various subparts.

47. Merck denies the allegations in Paragraph 47.

48. Merck denies the allegations in Paragraph 48.

49. Merck denies the allegations in Paragraph 49. Merck further denies that Plaintiff is entitled to judgment of any kind against Merck.

### THIRD CLAIM FOR RELIEF – BREACH OF EXPRESS WARRANTY

50.     Merck incorporates by reference its answers in Paragraphs 1 through 49, above.

51.     The allegations in Paragraph 51 state conclusions of law to which no responsive pleading is required. To any extent Paragraph 51 contains other allegations, those allegations are denied.

52.     Merck is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 52; therefore, those allegations are denied.

53.     Merck denies the allegations in Paragraph 52.

54.     Merck denies the allegations in Paragraph 54.

55.     Merck denies the allegations in Paragraph 55. Merck further denies that Plaintiff is entitled to judgment of any kind against Merck.

### FOURTH CLAIM FOR RELIEF – BREACH OF IMPLIED WARRANTY

56.     Merck incorporates by reference its answers in Paragraphs 1 through 55, above.

57.     Merck denies that it manufactured, compounded, portrayed, distributed, recommended, merchandized, advertised, promoted, sold, purchased, prescribed, or administered the drug DES at the times relevant to the complaint. Merck had exited the DES market well before 1970, and had no market share at that time upon which Plaintiff could base a claim against Merck. Merck admits that it sells pharmaceutical products and that its predecessor company, at various times sold diethylstilbestrol (DES), which was approved by the United States Food and Drug Administration ("FDA"). The remainder of the allegations in Paragraph 57 are denied insofar as they are addressed to Merck. To the extent that the

allegations in Paragraph 57 are directed to other defendants, Merck is without knowledge or information sufficient to either admit or deny those allegations; therefore, they are denied.

58. The allegations in Paragraph 58 state conclusions of law to which no responsive pleading is required. To the extent Paragraph 58 contains other allegations, those allegations are denied.

59. Merck denies the allegations in Paragraph 59.

60. Merck denies the allegations in Paragraph 60.

61. Merck denies the allegations in Paragraph 61.

62. Merck denies the allegations in Paragraph 62.

63. Merck denies the allegations in Paragraph 63. Merck further denies that Plaintiff is entitled to judgment of any kind against Merck.

## FIFTH CLAIM FOR RELIEF – FRAUDULENT MISREPRESENTATION

64. Merck incorporates by reference its answers in Paragraphs 1 through 63, above.

65. Merck denies the allegations in Paragraph 65.

66. Merck denies the allegations in Paragraph 66.

67. Merck denies the allegations in Paragraph 67. Merck is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 67 regarding Plaintiff's mother; therefore, those allegations are denied.

68. Merck denies the allegations in Paragraph 68.

69. Merck denies the allegations in Paragraph 69.

70. Merck denies the allegations in Paragraph 70.

71.   Merck denies the allegations in Paragraph 71.

72.   Merck denies the allegations in Paragraph 72.

73.   Merck denies the allegations in Paragraph 73. Merck further denies that Plaintiff is entitled to judgment of any kind against Merck.

By way of further answer, Merck denies all other allegations contained in Plaintiff's Complaint which are not otherwise expressly admitted herein.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the applicable statutes of limitations, statutes of repose, and/or the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint and any claim for punitive damages are barred by reason of Merck's predecessor's compliance with all applicable federal, state, local and regulatory requirements concerning DES.

### FOURTH AFFIRMATIVE DEFENSE

Merck states that unless its predecessor can be specifically identified as the manufacturer or distributor of the DES allegedly consumed by Plaintiff's mother, any recovery

against it would violate its rights under the United States Constitution and the constitution(s) of the governing state(s), including its right to due process and equal protection.

## FIFTH AFFIRMATIVE DEFENSE

Merck states that to the extent Plaintiff seeks to recover punitive damages from it, such an award would, if granted, violate its rights to due process and equal protection guaranteed to it under the United States Constitution and the constitution(s) of the governing state(s).

## SIXTH AFFIRMATIVE DEFENSE

Merck states that venue is both improper and inconvenient in this judicial district.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint may be barred by the learned intermediary doctrine.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint may be barred by the doctrines of contributory negligence, comparative negligence and/or assumption of the risk.

## NINTH AFFIRMATIVE DEFENSE

Merck states that its predecessor acted at all times in full conformity with the then-existing state of the art.

## TENTH AFFIRMATIVE DEFENSE

Merck states that Plaintiff's breach of warranty claims must fail due to lack of privity and timely notice.

ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of preemption under the Supremacy Clause of the United States Constitution because DES has been approved as a prescription medical product by the FDA, and has been tested, manufactured and labeled in accordance with federal standards and law.

TWELFTH AFFIRMATIVE DEFENSE

All claims raised and all causes of action asserted in the Complaint against Merck are barred by the doctrines of estoppel, laches, waiver, or statutory compliance and Plaintiff or her natural mother, including contributory negligence, assumption of risk and/or misuse or abuse of such product.

THIRTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same were caused in whole or in part by the conduct of one or more persons or entities for whose conduct Merck was not responsible and with whom Merck has no legal connection.

FOURTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same were not due or caused by the fault, lack of care, negligence, strict liability, fraud, misrepresentation, or breach of duty on the part of Merck.

## FIFTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same were caused in whole or in part through the operation of nature, idiosyncratic reaction or other intervening cause or causes.

## SIXTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses of Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to plead fraud and misrepresentation with the particularity required by Federal Rule of Civil Procedures 9(b) and should be dismissed.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join as defendants indispensable parties whose Joinder is necessary for this action to proceed.

## NINETEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injury or damage as alleged, they were exacerbated by Plaintiff's failure to mitigate such injury or damage.

## TWENTIETH AFFIRMATIVE DEFENSE

Any claims based on a breach of warranty theory are barred for lack of privity and for failure to give timely notice of any alleged breach of warranty.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

This Court lacks subject matter and personal jurisdiction over the claims alleged in Plaintiff's Complaint.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint relies on a market share theory of recovery and Merck had no market share during the year of Plaintiff's time in utero. As such, Plaintiff has no evidence upon which to recover from Merck and Merck should be dismissed.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Merck adopts and incorporates by reference each and every other affirmative defense asserted by any other defendant herein.

Merck reserves its right to amend this Answer and/or to add additional affirmative defenses as may be appropriate.

Respectfully submitted,

By: /s/ Elizabeth Ewert
Elizabeth Ewert (#479368)
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
Telephone: 202/842-8800
Telecopier: 202/842-8465
*Attorneys for Merck & Co., Inc.*

Dated: October 9, 2007

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of October, 2007, a copy of the above and foregoing **Merck & Co., Inc.'s Answer to Complaint** was filed electronically with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all parties and counsel in this case.

/s/ Elizabeth Ewert
Elizabeth Ewert