IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VICTOIRE DUMONT, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | Case No. 1:07CV01635 |
| v. ) | Judge James Robertson |
| ) | |
| ELI LILLY AND COMPANY, *et al.*, ) | |
| ) | |
| ) | |
| *Defendants.* ) | |

## DEFENDANT PHARMACIA & UPJOHN COMPANY LLC'S ANSWER TO COMPLAINT

Defendant Pharmacia & Upjohn Company LLC f/k/a The Upjohn Company ("Upjohn"), by counsel, upon knowledge as to itself and upon information and belief as to all others, answers Plaintiff Victoire Dumont's Complaint as follows:

### JURISDICTION

1.  Upjohn responds that whether this court has jurisdiction under 28 U.S.C. § 1332 is a legal question to which no response is required. To the extent a response is required, Upjohn denies the allegations in Paragraph 1 of the complaint.

### PARTY PLAINTIFFS [SIC]

2.  Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 2; therefore, those allegations are denied.

### PARTY DEFENDANTS

3.  Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 3; therefore, those allegations are denied.

4. Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 4; therefore, those allegations are denied

5. Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 5; therefore, those allegations are denied.

6. Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 6; therefore, those allegations are denied.

7. Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 7; therefore, those allegations are denied.

8. Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 8; therefore, those allegations are denied.

9. Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 9; therefore, those allegations are denied

10. Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 11; therefore, those allegations are denied.

11. Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 12; therefore, those allegations are denied.

12. Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 13; therefore, those allegations are denied.

13. Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 14; therefore, those allegations are denied.

14. Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 15; therefore, those allegations are denied.

15. Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 16; therefore, those allegations are denied.

16. Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 17; therefore, those allegations are denied.

17. Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 18; therefore, those allegations are denied.

18. Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 19; therefore, those allegations are denied.

19. Upjohn admits that it is a corporation incorporated under the laws of the State of Michigan with its principal place of business in Michigan.

**FACTUAL BACKGROUND**

20. Upjohn admits that it sells pharmaceutical products and that its predecessor company, at various times sold diethylstilbestrol (DES), which was approved by the United States Food and Drug Administration ("FDA"). The remainder of the allegations in Paragraph 20 are denied insofar as they are addressed to Upjohn. To the extent that the allegations in Paragraph 20 are directed to other defendants, Upjohn is without knowledge or information sufficient to either admit or deny those allegations; therefore, they are denied.

21. Upjohn denies the allegations in Paragraph 21.

22. Upjohn denies the allegations in Paragraph 22.

23.  Upjohn denies the allegations in Paragraph 23.

24.  Upjohn denies the allegations in Paragraph 24.

25.  Upjohn denies the allegations in Paragraph 25.

26.  Upjohn denies the allegations in Paragraph 26.

27.  Upjohn denies the allegations in Paragraph 27.

28.  Upjohn denies the allegations in Paragraph 28.

29.  Upjohn denies the allegations in Paragraph 29.

30.  The allegations in Paragraph 30 describe the nature of relief sought by Plaintiff, therefore no responsive pleading is required. Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 30; therefore, those allegations are denied.

31.  Upjohn denies the allegations in Paragraph 31.

32.  The allegations in Paragraph 32 state conclusions of law to which no responsive pleading is required. To any extent Paragraph 32 contains factual allegations, those allegations are denied.

### FIRST CLAIM FOR RELIEF – STRICT PRODUCTS LIABILITY

33.  Upjohn incorporates by reference its answers in Paragraphs 1 through 32, above.

34.  Upjohn admits that it sells pharmaceutical products and that its predecessor company, at various times sold diethylstilbestrol (DES), which was approved by the United States Food and Drug Administration ("FDA"). The remainder of the allegations in Paragraph 34 are denied insofar as they are addressed to Upjohn. To the extent that the allegations in

- 4 -

Paragraph 34 are directed to other defendants, Upjohn is without knowledge or information sufficient to either admit or deny those allegations; therefore, they are denied.

35.  Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 35; therefore, those allegations are denied.

36.  Upjohn denies the allegations in Paragraph 36.

37.  Upjohn admits that it sells pharmaceutical products and that its predecessor company, at various times sold diethylstilbestrol (DES), which was approved by the United States Food and Drug Administration ("FDA"). The remainder of the allegations in Paragraph 37 are denied insofar as they are addressed to Upjohn. To the extent that the allegations in Paragraph 37 are directed to other defendants, Upjohn is without knowledge or information sufficient to either admit or deny those allegations; therefore, they are denied.

38.  Upjohn denies the allegations in Paragraph 38.

39.  Upjohn denies the allegations in Paragraph 39.

40.  Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 40; therefore, those allegations are denied.

41.  Upjohn denies the allegations in Paragraph 41.

42.  Upjohn denies the allegations in Paragraph 42.

43.  Upjohn denies the allegations in Paragraph 43.

44.  Upjohn denies the allegations in Paragraph 44. Upjohn further denies that Plaintiff is entitled to judgment of any kind against Upjohn.

## SECOND CLAIM FOR RELIEF – NEGLIGENCE

45. Upjohn incorporates by reference its answers in Paragraphs 1 through 44, above.

46. Upjohn denies the allegations in Paragraph 46 and its various subparts.

47. Upjohn denies the allegations in Paragraph 47.

48. Upjohn denies the allegations in Paragraph 48.

49. Upjohn denies the allegations in Paragraph 49. Upjohn further denies that Plaintiff is entitled to judgment of any kind against Upjohn.

## THIRD CLAIM FOR RELIEF – BREACH OF EXPRESS WARRANTY

50. Upjohn incorporates by reference its answers in Paragraphs 1 through 49, above.

51. The allegations in Paragraph 51 state conclusions of law to which no responsive pleading is required. To any extent Paragraph 51 contains other allegations, those allegations are denied.

52. Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 52; therefore, those allegations are denied.

53. Upjohn denies the allegations in Paragraph 52.

54. Upjohn denies the allegations in Paragraph 54.

55. Upjohn denies the allegations in Paragraph 55. Upjohn further denies that Plaintiff is entitled to judgment of any kind against Upjohn.

## FOURTH CLAIM FOR RELIEF – BREACH OF IMPLIED WARRANTY

56. Upjohn incorporates by reference its answers in Paragraphs 1 through 55, above.

57. Upjohn admits that it sells pharmaceutical products and that its predecessor company, at various times sold diethylstilbestrol (DES), which was approved by the United States Food and Drug Administration ("FDA"). The remainder of the allegations in Paragraph 57 are denied insofar as they are addressed to Upjohn. To the extent that the allegations in Paragraph 57 are directed to other defendants, Upjohn is without knowledge or information sufficient to either admit or deny those allegations; therefore, they are denied.

58. The allegations in Paragraph 58 state conclusions of law to which no responsive pleading is required. To the extent Paragraph 58 contains other allegations, those allegations are denied.

59. Upjohn denies the allegations in Paragraph 59.

60. Upjohn denies the allegations in Paragraph 60.

61. Upjohn denies the allegations in Paragraph 61.

62. Upjohn denies the allegations in Paragraph 62.

63. Upjohn denies the allegations in Paragraph 63. Upjohn further denies that Plaintiff is entitled to judgment of any kind against Upjohn.

### FIFTH CLAIM FOR RELIEF – FRAUDULENT MISREPRESENTATION

64. Upjohn incorporates by reference its answers in Paragraphs 1 through 63, above.

65. Upjohn denies the allegations in Paragraph 65.

66. Upjohn denies the allegations in Paragraph 66.

67. Upjohn denies the allegations in Paragraph 67. Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 67 regarding Plaintiff's mother; therefore, those allegations are denied.

68. Upjohn denies the allegations in Paragraph 68.

69. Upjohn denies the allegations in Paragraph 69.

70. Upjohn denies the allegations in Paragraph 70.

71. Upjohn denies the allegations in Paragraph 71.

72. Upjohn denies the allegations in Paragraph 72.

73. Upjohn denies the allegations in Paragraph 73. Upjohn further denies that Plaintiff is entitled to judgment of any kind against Upjohn.

By way of further answer, Upjohn denies all other allegations contained in Plaintiff's Complaint which are not otherwise expressly admitted herein.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the applicable statutes of limitations, statutes of repose, and/or the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint and any claim for punitive damages are barred by reason of Upjohn's predecessor's compliance with all applicable federal, state, local and regulatory requirements concerning DES.

## FOURTH AFFIRMATIVE DEFENSE

Upjohn states that unless its predecessor can be specifically identified as the manufacturer or distributor of the DES allegedly consumed by Plaintiff's mother, any recovery against it would violate its rights under the United States Constitution and the constitution(s) of the governing state(s), including its right to due process and equal protection.

## FIFTH AFFIRMATIVE DEFENSE

Upjohn states that to the extent Plaintiff seeks to recover punitive damages from it, such an award would, if granted, violate its rights to due process and equal protection guaranteed to it under the United States Constitution and the constitution(s) of the governing state(s).

## SIXTH AFFIRMATIVE DEFENSE

Upjohn states that venue is both improper and inconvenient in this judicial district.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint may be barred by the learned intermediary doctrine.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint may be barred by the doctrines of contributory negligence, comparative negligence and/or assumption of the risk.

### NINTH AFFIRMATIVE DEFENSE

Upjohn states that its predecessor acted at all times in full conformity with the then-existing state of the art.

### TENTH AFFIRMATIVE DEFENSE

Upjohn states that Plaintiff's breach of warranty claims must fail due to lack of privity and timely notice.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of preemption under the Supremacy Clause of the United States Constitution because DES has been approved as a prescription medical product by the FDA, and has been tested, manufactured and labeled in accordance with federal standards and law.

### TWELFTH AFFIRMATIVE DEFENSE

All claims raised and all causes of action asserted in the Complaint against Upjohn are barred by the doctrines of estoppel, laches, waiver, or statutory compliance and Plaintiff or her natural mother, including contributory negligence, assumption of risk and/or misuse or abuse of such product.

### THIRTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same were caused in whole or in part by the conduct of one or more persons or entities for whose conduct Upjohn was not responsible and with whom Upjohn has no legal connection.

## FOURTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same were not due or caused by the fault, lack of care, negligence, strict liability, fraud, misrepresentation, or breach of duty on the part of Upjohn.

## FIFTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same were caused in whole or in part through the operation of nature, idiosyncratic reaction or other intervening cause or causes.

## SIXTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses of Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to plead fraud and misrepresentation with the particularity required by Federal Rule of Civil Procedures 9(b) and should be dismissed.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join as defendants indispensable parties whose Joinder is necessary for this action to proceed.

## NINETEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injury or damage as alleged, they were exacerbated by Plaintiff's failure to mitigate such injury or damage.

## TWENTIETH AFFIRMATIVE DEFENSE

Any claims based on a breach of warranty theory are barred for lack of privity and for failure to give timely notice of any alleged breach of warranty.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

This Court lacks subject matter and personal jurisdiction over the claims alleged in Plaintiff's Complaint.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Upjohn adopts and incorporates by reference each and every other affirmative defense asserted by any other defendant herein.

Upjohn reserves its right to amend this Answer and/or to add additional affirmative defenses as may be appropriate.

Respectfully submitted,

By: /s/ Elizabeth Ewert
Elizabeth Ewert (#479368)
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
Telephone: 202/842-8800
Telecopier: 202/842-8465
*Attorneys for Pharmacia & Upjohn Company LLC*

Dated: October 9, 2007

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of October, 2007, a copy of the above and foregoing **Pharmacia & Upjohn Company LLC's Answer to Complaint** was filed electronically with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all parties and counsel in this case.

/s/ Elizabeth Ewert
Elizabeth Ewert