UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| VICTOIRE DUMONT | * |
| Plaintiffs | * |
| vs. | * Civil Action No.: 07-cv-01635(JR) |
| ABBOTT LABORATORIES, INC., et al. | * |
| | * |
| Defendants. | |

\* \* \* \* \* \* \*

## ANSWER TO COMPLAINT

Defendant, Lannett Company, Inc., by undersigned counsel, for itself alone and denying knowledge or information sufficient to form a belief with respect to allegations concerning any other Defendant in this action, answers the complaint herein as follows:

1. Lannett Company, Inc., is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs 1 through 8 of the Complaint and therefore Lannett Company, Inc. denies those averments.

2. Lannett Company, Inc. denies the averments contained in paragraph 9 of the Complaint.

3. Lannett Company, Inc. is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs 10 through 19 of the Complaint and therefore Lannett Company, Inc. denies those averments.

1

4. Lannett Company, Inc. denies the averments in paragraph 20 of the Complaint.

5. Lannett Company, Inc. denies the averments in paragraph 21 of the Complaint.

6. Lannett Company, Inc. denies the averments complained in paragraph 22 of the Complaint.

7. Lannett Company, Inc. is unable to respond to what "certain claims" may have been distributed and circulated to the medical profession and to the general public and is without sufficient knowledge or information to form a belief as to the truth of the averments contained in paragraph 23 of the Complaint. To the extent that a response is required, Lannett Company, Inc. denies the allegations in paragraph 23 of the Complaint.

8. Lannett Company, Inc. denies the averments contained in paragraph 24 of the Complaint.

9. Lannett Company, Inc. denies the allegations in paragraph 25 of the Complaint.

10. Lannett Company, Inc. denies the allegations in paragraph 26 of the Complaint.

11. Lannett Company, Inc. denies the allegations in paragraph 27 of the Complaint.

12. Lannett Company, Inc. denies the allegations in paragraph 28 of the Complaint.

13. Lannett Company, Inc. denies the allegations in paragraph 29 of the Complaint.

14. Lannett Company, Inc. admits that Plaintiff claims that she was exposed to DES in utero and that her mother ingested DES which was marketed by Defendants.

15. Lannett Company, Inc. denies the allegations in paragraph 31 of the Complaint.

16. The averments in paragraph 32 amount to a legal conclusion that can be neither admitted nor denied. To the extent that a response is required, Lannett Company, Inc. denies the allegations in paragraph 32.

## FIRST CLAIM FOR RELIEF
(Strict Product Liability)

17. Lannett Company, Inc. repeats and realleges, as if fully set forth herein, its responses to the averments set forth in paragraphs 1 through 32 of the Complaint.

18. Lannett Company, Inc. denies the allegations in paragraph 34 of the Complaint.

19. Lannett Company, Inc. denies the allegations in paragraph 35 of the Complaint.

20. Lannett Company, Inc. denies the allegations in paragraph 36 of the Complaint.

21.     Lannett Company, Inc. denies the allegations in paragraph 37 of the Complaint.

22.     Lannett Company, Inc. denies the allegations in paragraph 38 of the Complaint.

23.     Lannett Company, Inc. denies the allegations in paragraph 39 of the Complaint.

24.     Lannett Company, Inc. is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 40 of the Complaint. To the extent that a response is required, Lannett Company, Inc. denies the allegations in paragraph 40 of the Complaint.

25.     Lannett Company, Inc. denies the allegations in paragraph 41 of the Complaint.

26.     Lannett Company, Inc. denies the allegations in paragraph 42 of the Complaint.

27.     Lannett Company, Inc. denies the allegations in paragraph 43 of the Complaint.

28.     Lannett Company, Inc. denies the allegations in paragraph 44 of the Complaint.

## SECOND CLAIM FOR RELIEF
### (Negligence)

29. Lannett Company, Inc. repeats and realleges, as if fully set forth herein, its responses to the averments set forth in paragraphs 1 through 44 of the Complaint.

30. Lannett Company, Inc. denies the allegations in paragraph 46 of the Complaint.

31. Lannett Company, Inc. denies the allegations in paragraph 47 of the Complaint.

32. Lannett Company, Inc. denies the allegations in paragraph 48 of the Complaint.

33. Lannett Company, Inc. denies the allegations in paragraph 49 of the Complaint.

## THIRD CLAIM FOR RELIEF
### (Express Warranty)

34. Lannett Company, Inc. repeats, and realleges, as if fully set forth herein, its responses to the averments contained in paragraphs 1 through 49 of the Plaintiff's Complaint.

35. Lannett Company, Inc. denies the allegations in paragraph 51 of the Complaint.

36. Lannett Company, Inc. denies the allegations in paragraph 52 of the Complaint.

37. Lannett Company, Inc. denies the allegations in paragraph 53 of the Complaint.

38. Lannett Company, Inc. denies the allegations in paragraph 54 of the Complaint.

39. Lannett Company, Inc. denies the allegations in paragraph 55 of the Complaint.

## FOURTH CLAIM FOR RELIEF
(Breach of Implied Warranty)

40. Lannett Company, Inc. repeats and realleges, as if fully set forth herein, its responses to paragraphs 1 through 55 of the Plaintiff's Complaint.

41. Lannett Company, Inc. denies the allegations in paragraph 57 of the Plaintiff's Complaint.

42. Lannett Company, Inc. denies the allegations in paragraph 58 of the Complaint.

43. Lannett Company, Inc. denies the allegations in paragraph 59 of the Complaint.

44. Lannett Company, Inc. denies the allegations in paragraph 60 of the Complaint.

45. Lannett Company, Inc. denies the allegations in paragraph 61 of the Complaint.

46. Lannett Company, Inc. denies the allegations in paragraph 62 of the Complaint.

6

47. Lannett Company, Inc. denies the allegations in paragraph 63 of the Complaint.

### FIFTH CLAIM FOR RELIEF
### (Fraudulent Misrepresentation)

48. Lannett Company, Inc. repeats and realleges, as if fully set forth herein, it responses to the averments set forth in paragraphs 1 through 63 of the Complaint.

49. Lannett Company, Inc. denies the allegations in paragraph 65 of the Complaint.

50. Lannett Company, Inc. denies the allegations in paragraph 66 of the Complaint.

51. Lannett Company, Inc. denies the allegations in paragraph 67 of the Complaint.

52. Lannett Company, Inc. denies the allegations in paragraph 68 of the Complaint.

53. Lannett Company, Inc. denies the allegations in paragraph 69 of the Complaint.

54. Lannett Company, Inc. denies the allegations in paragraph 70 of the Complaint.

55. Lannett Company, Inc. denies the allegations in paragraph 71 of the Complaint.

56. Lannett Company, Inc. denies the allegations in paragraph 72 of the Complaint.

57. Lannett Company, Inc. denies the allegations in paragraph 73 of the Complaint.

By way of further answer, Lannett Company, Inc. raises the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's natural mother was guilty of contributory negligence which was the proximate cause of the injuries, damages, and losses complained of, which negligence is a complete bar to recovery by the Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's natural mother assumed the risks inherent in the use of DES and her assumption of risk is a bar to the Plaintiff's recovery.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' natural mother misused or abused DES, which she consumed or ingested, which conduct is a complete bar to Plaintiff's recovery in this case.

## SIXTH AFFIRMATIVE DEFENSE

If Plaintiff sustained any of the injuries as alleged in the complaint, which is expressly denied, there were intervening causes leading to said injuries and, as such, any action on the part of this Defendant was not the proximate cause of Plaintiff's alleged injuries.

## SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained any of the injuries as alleged in the complaint, which is hereby denied, said injuries were caused in whole or in part by the conduct of one or more third persons for whose conduct this Defendant is not responsible or with whom this Defendant had no legal relationship.

## EIGHTH AFFIRMATIVE DEFENSE

The complaint is barred in whole or in part by the application of the statute or statutes of repose.

## NINTH AFFIRMATIVE DEFENSE

The complaint fails to include a necessary party or parties without whom complete relief cannot be obtained.

## TENTH AFFIRMATIVE DEFENSE

If the product was unsafe, then it was unavoidably unsafe.

## ELEVENTH AFFIRMATIVE DEFENSE

The doctrine of res judicata and/or the doctrine of collateral estoppel bar the Plaintiff's causes of action.

## TWELFTH AFFIRMATIVE DEFENSE

If this Defendant's product was ingested by Plaintiffs' natural mother, then this Defendant alleges that such product was in conformity with the generally recognized state of the art at the time the product was designed, manufactured, inspected, packaged, labeled and sold; and therefore, Plaintiffs are barred from recovery.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred by the doctrine of laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

All of the Plaintiffs' causes of action are barred by the doctrine of federal preemption.

## FIFTEENTH AFFIRMATIVE DEFENSE

At all applicable times, the Defendant fully complied with applicable federal, state, and local statutory regulatory requirements concerning DES, including those prescribed by the Federal Food Drug and Cosmetic Act and those promulgated by the Federal Food and Drug Administration.

## SIXTEENTH AFFIRMATIVE DEFENSE

Any claims in the complaint that seek an award of exemplary or punitive damages violate the Defendant's right to procedural due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred by the learned intermediary doctrine.

/s/ *Kathleen M. Bustraan*
Kathleen M. Bustraan
(Bar No.: MD 24417)
Lord & Whip, P.A.
Charles Center South
36 S. Charles Street, 10th Floor
Baltimore, Maryland 21201
410 539-5881

*Attorneys for Lannett Company, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of October 2007, a copy of the aforegoing Answer to Complaint was mailed first class, postage pre-paid to:

Aaron M. Levine, Esquire
Aaron Levine & Associates
1320 19th Street, NW
Washington, D.C. 20036

Sybil Shainwald, Esquire
Roxanne DeFrancesco, Esquire
Law Offices of Sybil Shainwald
111 Broadway, 4th Floor
New York, New York 10006

Michelle R. Mangrum, Esquire
John Chadwick Coots, Esquire
Brandon J. Waggoner, Esquire
Shook Hardy & Bacon, LLP
600 14th Street N.W., Suite 800
Washington, D.C. 20005-2004

David W. Brooks, Esquire
Shook Hardy & Bacon, LLP
2555 Grand Boulevard
Kansas City, Missouri 64109

Elizabeth Ewert, Esquire
Drinker, Biddle & Reath, LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209

John F. Anderson, Esquire
Troutman Sanders, LLP
6060 International Drive, Suite 600
Tyson's Corner
McClean, Virginia 22102

Sydney G. Leech, Esquire
Malcom S. Brisker, Esquire
Feidel, Goodell, DeVries, Leech &
Dann, LLP
1 South Street, 20th Floor
Baltimore, Maryland 21202

Janet Coleman, Esquire
Whitney Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, Maryland 21204

Sarah S. Keast, Esquire
Goodwin Proctor, LLP
901 New York Avenue, Suite 900
Washington, D.C. 20001

Jennifer Gardner Levy, Esquire
Kirkland & Ellis
655 15th Street, N.W.
Washington, D.C. 20005-5793

Gerry H. Tostanoski, Esquire
Tydings & Rosenberg, LLP
100 E. Pratt Street, Suite 2600
Baltimore, Maryland 21202

Kremers-Urban Company
n/k/a Mequon Company
c/o Cooper, Kardaras & Scharf
40 Wall Street
New York, New York 10005-1303

Merrell Dow Pharmaceuticals, Inc.
c/o Corporation Trust Company
820 Bear Tavern Road
West Trenton, New Jersey 08268

Rhone-Poulenc Rorer Pharmaceuticals, Inc., p/k/a William H. Rorer, Inc.
c/o Sanofi-Aventis
55 Corporate Drive
Bridgewater, New Jersey 08807

Rowell Laboratories, Inc.
p/k/a Solvay Pharmaceuticals, Inc.
c/o T.A. Rowell, Jr., President
210 Main Street West
Baudette, Minnesota 56623

/s/ *Kathleen M. Bustraan*
Kathleen M. Bustraan

391484

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| VICTOIRE DUMONT | * |
| Plaintiffs | * |
| vs. | * Civil Action No.: 07-cv-01635(JR) |
| ABBOTT LABORATORIES, INC., et al. | * |
| | * |
| Defendants. | |

\* \* \* \* \* \* \*

### DISCLOSURE OF CORPORATE AFFILIATIONS
### AND FINANCIAL INTERESTS

The certificate require by Local Rule of Civil Procedure 26.1 of the Local Rules of the United States District Court for the District of Columbia:

I, the undersigned, counsel of record for Lannett Company, Inc., certify to the best of my knowledge and belief, the following are parent companies, subsidiaries or affiliates of Lannett Company, Inc. which have any outstanding securities in the hands of the public: None.

These representations are made in order that the Judges of this Court may determine the need for recusal.

/s/ Kathleen M. Bustraan
Kathleen M. Bustraan
(Bar No.: MD 24417)
Lord & Whip, P.A.
Charles Center South
36 S. Charles Street, 10th Floor
Baltimore, Maryland 21201
410 539-5881
*Attorneys for Lannett Company, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of October 2007, a copy of the aforegoing Disclosure of Corporate Affiliations and Financial Interests was mailed first class, postage pre-paid to:

Aaron M. Levine, Esquire
Aaron Levine & Associates
1320 19th Street, NW
Washington, D.C. 20036

Sybil Shainwald, Esquire
Roxanne DeFrancesco, Esquire
Law Offices of Sybil Shainwald
111 Broadway, 4th Floor
New York, New York 10006

Michelle R. Mangrum, Esquire
John Chadwick Coots, Esquire
Brandon J. Waggoner, Esquire
Shook Hardy & Bacon, LLP
600 14th Street N.W., Suite 800
Washington, D.C. 20005-2004

David W. Brooks, Esquire
Shook Hardy & Bacon, LLP
2555 Grand Boulevard
Kansas City, Missouri 64109

Elizabeth Ewert, Esquire
Drinker, Biddle & Reath, LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209

John F. Anderson, Esquire
Troutman Sanders, LLP
6060 International Drive, Suite 600
Tyson's Corner
McClean, Virginia 22102

Sydney G. Leech, Esquire
Malcom S. Brisker, Esquire
Goodell, DeVries, Leech & Dann, LLP
1 South Street, 20th Floor
Baltimore, Maryland 21202

Janet Coleman, Esquire
Whitney Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, Maryland 21204

Sarah S. Keast, Esquire
Goodwin Proctor, LLP
901 New York Avenue, Suite 900
Washington, D.C. 20001

Jennifer Gardner Levy, Esquire
Kirkland & Ellis
655 15th Street, N.W.
Washington, D.C. 20005-5793

Gerry H. Tostanoski, Esquire
Tydings & Rosenberg, LLP
100 E. Pratt Street, Suite 2600
Baltimore, Maryland 21202

Kremers-Urban Company
n/k/a Mequon Company
c/o Cooper, Kardaras & Scharf
40 Wall Street
New York, New York 10005-1303

2

Merrell Dow Pharmaceuticals, Inc.
c/o Corporation Trust Company
820 Bear Tavern Road
West Trenton, New Jersey 08268

Rhone-Poulenc Rorer Pharmaceuticals,
Inc., p/k/a William H. Rorer, Inc.
c/o Sanofi-Aventis
55 Corporate Drive
Bridgewater, New Jersey 08807

Rowell Laboratories, Inc.
p/k/a Solvay Pharmaceuticals, Inc.
c/o T.A. Rowell, Jr., President
210 Main Street West
Baudette, Minnesota 56623

/s/ *Kathleen M. Bustraan*
Kathleen M. Bustraan

391484