UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VICTOIRE DUMONT,

    Plaintiff,

    -against-

THE ABBOTT LABORATORIES, BURROUGHS-WELLCOME & CO., INC., n/k/a GlaxoSmithkline, Inc., et al.

    Defendants.

Civil Action No.: 07-cv-01635(JR)

## ANSWER TO COMPLAINT

Defendant Carnrick Laboratories, Inc. n/k/a Elan Pharmaceuticals, Inc. (referred to herein as "Carnrick Laboratories, Inc.") by its undersigned attorneys, Tydings & Rosenberg LLP, answering plaintiffs' Complaint filed September 17, 2007, respectfully states as follows:

### JURISDICTION

1. Denies each and every allegation contained in paragraph "1" of the Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

### PARTY PLAINTIFFS

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Complaint.

### PARTY DEFENDANTS

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Complaint.

5. Denies each and every allegation contained in paragraph "5" of the Complaint except admits that Carnrick Laboratories, Inc. was a New Jersey Corporation.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Complaint.

## FACTUAL BACKGROUND

20. Denies each and every allegation contained in paragraph "20" of the Complaint except admits that at certain times Defendant Carnrick Laboratories, Inc. obtained permission to market DES for prescription by duly licensed medical practitioners for various purposes. Further denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "20" of the Complaint as to other defendants.

21. Denies each and every allegation contained in paragraph "21" of the Complaint.

22. Denies each and every allegation contained in paragraph "22" of the Complaint.

#739445v.1

23. Denies each and every allegation contained in paragraph "23" of the Complaint.

24. Denies each and every allegation contained in paragraph "24" of the Complaint.

25. Denies each and every allegation contained in paragraph "25" of the Complaint.

26. Denies each and every allegation contained in paragraph "26" of the Complaint.

27. Denies each and every allegation contained in paragraph "27" of the Complaint.

28. Denies each and every allegation contained in paragraph "28" of the Complaint.

29. Denies each and every allegation contained in paragraph "29" of the Complaint.

30. Denies each and every allegation contained in paragraph "30" of the Complaint.

31. Denies each and every allegation contained in paragraph "31" of the Complaint.

32. Denies each and every allegation contained in paragraph "32" of the Complaint.

## ANSWERING THE FIRST CLAIM FOR RELIEF
(Strict Products Liability)

#739445v.1

33. Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "33" of the Complaint.

34. Denies each and every allegation contained in paragraph "34" of the Complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "35" of the Complaint.

36. Denies each and every allegation contained in paragraph "36" of the Complaint.

37. Denies each and every allegation contained in paragraph "37" of the Complaint.

38. Denies each and every allegation contained in paragraph "38" of the Complaint.

39. Denies each and every allegation contained in paragraph "39" of the Complaint.

40. Denies each and every allegation contained in paragraph "40" of the Complaint.

41. Denies each and every allegation contained in paragraph "41" of the Complaint.

42. Denies each and every allegation contained in paragraph "42" of the Complaint.

43. Denies each and every allegation contained in paragraph "43" of the Complaint.

44. Denies each and every allegation contained in paragraph "44" of the Complaint.

### ANSWERING THE SECOND CLAIM FOR RELIEF
(Negligence)

45. Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "45" of the Complaint.

46. Denies each and every allegation contained in paragraphs "46 (a)-(g)" of the Complaint, inclusive, except admits that at certain times defendant, Carnrick Laboratories, Inc. obtained permission to market DES for prescription by duly licensed medical practitioners for various purposes. Further, denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "46 (a)-(g)" of the Complaint as to other defendants.

47. Denies each and every allegation contained in paragraph "47" of the Complaint.

48. Denies each and every allegation contained in paragraph "48" of the Complaint.

49. Denies each and every allegation contained in paragraph "49" of the Complaint.

### ANSWERING THE THIRD CLAIM FOR RELIEF
(Breach of Express Warranty)

50. Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "50" of the Complaint.

51. Denies each and every allegation contained in paragraph "51" of the Complaint.

52. Denies each and every allegation contained in paragraph "52" of the Complaint.

53. Denies each and every allegation contained in paragraph "53" of the Complaint.

54. Denies each and every allegation contained in paragraph "54" of the Complaint.

55. Denies each and every allegation contained in paragraph "55" of the Complaint.

**ANSWERING THE FOURTH CLAIM FOR RELIEF**
(Breach of Implied Warranty)

56. Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "56" of the Complaint.

57. Denies each and every allegation contained in paragraph "57" of the Complaint.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "58" of the Complaint.

59. Denies each and every allegation contained in paragraph "59" of the Complaint.

60. Denies each and every allegation contained in paragraph "60" of the Complaint.

61. Denies each and every allegation contained in paragraph "61" of the Complaint.

62. Denies each and every allegation contained in paragraph "62" of the Complaint.

63. Denies each and every allegation contained in paragraph "63" of the Complaint.

### ANSWERING THE FIFTH CLAIM FOR RELIEF
(Fraudulent Misrepresentation)

64. Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "64" of the Complaint.

65. Denies each and every allegation contained in paragraph "65" of the Complaint.

66. Denies each and every allegation contained in paragraph "66" of the Complaint.

67. Denies each and every allegation contained in paragraph "67" of the Complaint.

68. Denies each and every allegation contained in paragraph "68" of the Complaint.

69. Denies each and every allegation contained in paragraph "69" of the Complaint.

70. Denies each and every allegation contained in paragraph "70" of the Complaint.

71. Denies each and every allegation contained in paragraph "71" of the Complaint.

72. Denies each and every allegation contained in paragraph "72" of the Complaint.

73. Denies each and every allegation contained in paragraph "73" of the Complaint.

## **AFFIRMATIVE DEFENSES**

**Carnrick Laboratories, Inc. pleads the following Affirmative Defenses to Plaintiff's Complaint**:

1. The complaint fails to state a claim upon which any relief can be granted.

2. This Court lacks personal jurisdiction over the defendant.

3. This Court lacks jurisdiction of the subject matter of the action.

4. This Court is the improper venue for plaintiff's cause of action.

5. The place of trial of this action is set without due regard for the convenience of the parties, witnesses, feasibility of compelling testimony of witnesses, availability of physical evidence or other proof, and constitutes a *forum non conveniens* that requires that the action be tried in another jurisdiction.

6. Plaintiff Victoire Dumont lacks capacity and standing to sue by reason of the fact that no duty was owed plaintiff by this defendant at the time plaintiff's mother allegedly used the drug referred to in the complaint or by reason of the doctrine of *en ventre sa mere* and, therefore, plaintiff has failed to state facts sufficient to state a claim upon which relief can be granted.

7. The complaint fails to join all necessary and indispensable parties in whose absence complete relief cannot be afforded among those already parties.

8. The injuries and damages allegedly sustained by plaintiff are attributable to the acts and/or omissions of other entities not parties to this action.

9. Plaintiff's claims may be barred, in whole or in part, by the applicable statutes of limitation and/or repose.

10. Plaintiff's claims are barred, in whole or in part, by laches, waiver, and/or estoppel.

11. Plaintiff's claims are barred by the doctrines of res judicata and/or collateral estoppel.

12. Plaintiff Victoire Dumont's claims are barred by contributory negligence on the part of Victoire Dumont and/or Victoire Dumont's natural mother.

13. Plaintiff's claims are barred by assumption of risk by Victoire Dumont and/or Victoire Dumont's natural mother.

14. The drug referred to in plaintiff's complaint is a prescription drug and the Federal government has preempted the field of law applicable to prescription drug products and their labeling; the manufacture, distribution, and sale of the drug referred to in the complaint were and are controlled by Federal law and the manufacture, distribution, and sale of said drug at all times by this defendant were in compliance with applicable Federal law; therefore, plaintiffs' causes of action fail to state any claim upon which relief can be granted in that, *inter alia*, such claims for relief if granted, would impede, impair, frustrate or burden the effectiveness of Federal law regulating the field of

#739445v.1

prescription drugs and would violate the Supremacy Clause of the United States Constitution.

15. Carnrick Laboratories, Inc. asserts that any injuries and damages sustained by plaintiff were caused by the negligence, intentional acts, and/or omissions of persons other than Carnrick Laboratories, Inc.

16. The alleged injuries and/or damages of plaintiff, if any, were caused by fellow servants.

17. At all times material to plaintiff's claims, Carnrick Laboratories, Inc. had no knowledge, either actual or constructive, and by application of reasonable, developed human skill and foresight, had no reason to know of the propensities, if any, of DES to allegedly cause or contribute to the creation of medical conditions or circumstances involving alleged injury or illness of any type whatsoever.

18. Carnrick Laboratories, Inc. denies the applicability of the doctrine of strict liability in tort to this litigation.

19. Plaintiff's claims are barred in whole or in part by the learned intermediary doctrine.

20. The pharmaceutical products that plaintiff Victoire Dumont's natural mother was allegedly prescribed and ingested were, at the time of their manufacture and/or sale by Carnrick Laboratories, Inc. or other defendants, entirely safe as established by the medical and scientific art at the time of their manufacture and/or sale.

21. Carnrick Laboratories, Inc.'s products, if any, were in no way defective or ultra-hazardous in light of the existing state-of-the-art.

22.    If any products allegedly used by plaintiff Victoire Dumont's natural mother were unsafe, they were unavoidably so.

23.    Any injuries and damages sustained by the plaintiff were the result of the misuse and/or abuse of the aforesaid product by plaintiff Victoire Dumont or her natural mother.

24.    Carnrick Laboratories, Inc.'s alleged failure to warn was not a cause-in-fact of plaintiff's development of any injury.

25.    There should be no recovery against Carnrick Laboratories, Inc. under any claim of implied warranty because, upon information and belief, Carnrick Laboratories, Inc. has properly and adequately disclaimed all such implied warranties.

26.    There being no privity of contract between Carnrick Laboratories, Inc. and plaintiff, there can be no cause of action against Carnrick Laboratories, Inc. for alleged breach of warranties.

27.    There is no warranty, expressed or implied, between plaintiff and Carnrick Laboratories, Inc. and if there is such warranty, plaintiff has waived any such warranty.

28.    Plaintiff failed to give reasonably prompt or timely notice of an alleged breach of warranty and has not given Carnrick Laboratories, Inc. adequate time to cure any alleged defect.

29.    Carnrick Laboratories, Inc. did not produce, manufacture, sell, distribute or otherwise place into the stream of commerce any products that were the proximate cause of the claimed injuries of plaintiff.

30.    While denying any negligence or improper conduct with respect to the subject matter of the complaint, Carnrick Laboratories, Inc. states that insofar as

negligence or improper conduct is found, it was not a proximate cause of any injury allegedly sustained by plaintiff.

31.    While denying all allegations of the complaint regarding injury and damages allegedly sustained by plaintiff, Carnrick Laboratories, Inc. states that if plaintiff proves said injuries and damages, they were caused by the superseding and intervening acts of negligence of other parties over whom this defendant had no control, nor right to control, and for whose actions this defendant is not liable.

32.    Any and all products allegedly manufactured, supplied, sold, produced or otherwise placed into the stream of commerce by this defendant were in Sealed Containers within the definitions set forth in any applicable statute in this jurisdiction that provides a complete defense to plaintiff's allegations.

33.    Plaintiff failed to allege fraudulent conduct on the part of defendant with sufficient particularity to state a cause of action for fraud and/or misrepresentation.

34.    Plaintiff failed to mitigate damages, if any.

35.    In the event plaintiff recovers a verdict or judgment against this defendant, then said verdict or judgment must be reduced, to the extent allowed by the law of the forum jurisdiction, by those amounts which have been or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any post or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation or employee benefit programs.

37.    Carnrick Laboratories, Inc. avails itself of any and all such defenses as have been raised by any of the other defendants and/or third-party defendants in this proceeding as may be applicable to the complaint and/or third-party complaint.

38.   Carnrick Laboratories, Inc. reserves the right to raise such other affirmative defenses as may be available or apparent during discovery.

Dated: Baltimore, Maryland
October 29, 2007

Respectfully submitted,

By: _____/s/_____
Jaime W. Luse, Bar No. 501944
Tydings & Rosenberg LLP
100 East Pratt Street, 26th Floor
Baltimore, Maryland 21202
410-752-9700 (p)
410-727-5460 (f)
jluse@tydingslaw.com
*Attorneys for Defendant*
**Carnrick Laboratories, Inc. n/k/a Elan Pharmaceuticals, Inc.**

#739445v.1