UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Victoire Dumont,<br><br>    Plaintiff,<br><br>v.<br><br>Abbott Laboratories, Inc., et al.,<br><br>    Defendants | )<br>)<br>)<br>)<br>)  Case 1:07-cv-01635<br>)<br>)<br>)<br>)<br>) |

**ANSWER OF DEFENDANT KREMERS-URBAN CO.**

    Defendant KREMERS-URBAN CO., now known as Mequon Company, ("Kremers-Urban") by its attorneys, JACKSON & CAMPBELL, P.C., answer the Complaint of the plaintiff herein as follows:

JURISDICTION

    1.    Defendant Kremers-Urban is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 1 of the Complaint.

PARTY PLAINTIFFS

    2.    Defendant Kremers-Urban is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 2 of the Complaint.

PARTY DEFENDANTS

    3 - 7.    The averments contained in paragraphs 3 through 7, inclusive, of the Complaint are directed to parties other than Kremers-Urban, as to which no answer is required of this Defendant. To the extent that an answer is deemed required, Kremers-Urban states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs 3 through 7, inclusive, of the Complaint.

    8.    Defendant Kremers-Urban admits the averments contained in the

paragraph 8 of the Complaint.

9 – 19.    The averments contained in paragraphs 9 through 19, inclusive, of the Complaint are directed to parties other than Kremers-Urban, as to which no answer is required of this Defendant. To the extent that an answer is deemed required, Kremers-Urban states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs 9 through 19, inclusive, of the Complaint.

## FACTUAL BACKGROUND

20.    Kremers-Urban admits that it manufactured, formulated, marketed, sold and distributed DES in the period 1947 through 1962, and denies the remaining averments of paragraph 20 of the Complaint directed to it. To the extent that the averments of paragraph 20 of the Complaint are directed to parties other than Kremers-Urban, no answer is required of this Defendant. To the extent that an answer is deemed required, Kremers-Urban states that it is without knowledge or information sufficient to form a belief as to the truth of those averments.

21.    Kremers-Urban denies the averments of paragraph 21 of the Complaint directed to it. To the extent that the averments of paragraph 21 of the Complaint are directed to parties other than Kremers-Urban, no answer is required of this Defendant. To the extent that an answer is deemed required, Kremers-Urban states that it is without knowledge or information sufficient to form a belief as to the truth of those averments.

22.    Kremers-Urban admits that it did submit a supplemental New Drug Application and refers to the contents of the supplemental New Drug Application itself for an accurate and complete statement of its contents, and denies the remaining averments of paragraph 22 of the Complaint directed to it. To the extent that the averments of paragraph 22 of the Complaint are directed to parties other than Kremers-Urban, no answer is required of this Defendant. To the extent that an answer is deemed required, Kremers-Urban states that it is

493203v.1

without knowledge or information sufficient to form a belief as to the truth of those averments.

23. Kremers-Urban denies the averments of paragraph 23 of the Complaint directed to it. To the extent that the averments of paragraph 23 of the Complaint are directed to parties other than Kremers-Urban, no answer is required of this Defendant. To the extent that an answer is deemed required, Kremers-Urban states that it is without knowledge or information sufficient to form a belief as to the truth of those averments.

24. Kremers-Urban denies the averments of paragraph 24 of the Complaint directed to it. To the extent that the averments of paragraph 24 of the Complaint are directed to parties other than Kremers-Urban, no answer is required of this Defendant. To the extent that an answer is deemed required, Kremers-Urban states that it is without knowledge or information sufficient to form a belief as to the truth of those averments.

25. Kremers-Urban admits that certain defendants did secure FDA approval for their New Drug Applications. Kremers-Urban denies the remaining averments of paragraph 25 of the Complaint directed to it, and to the extent that those remaining averments are directed to parties other than Kremers-Urban, Kremers-Urban is without knowledge or information sufficient to form a belief as to the truth of those averments.

26 - 29. Kremers-Urban denies the averments of paragraphs 26 through 29, inclusive, of the Complaint directed to it. To the extent that the averments of paragraphs 26 through 29 of the Complaint are directed to parties other than Kremers-Urban, no answer is required of this Defendant. To the extent that an answer is deemed required, Kremers-Urban states that it is without knowledge or information sufficient to form a belief as to the truth of those averments.

30 - 32.    Denied.

493203v.1

## FIRST CLAIM FOR RELIEF
(Strict Products Liability)

33. Defendant Kremers-Urban repeats and realleges its answers to paragraphs 1 through 32, inclusive, of the Complaint as if fully set forth herein.

34. Kremers-Urban admits that it manufactured, formulated, marketed, sold and distributed DES in the period 1947 through 1962, and denies the remaining averments of paragraph 34 of the Complaint directed to it. To the extent that the averments of paragraph 34 of the Complaint are directed to parties other than Kremers-Urban, no answer is required of this Defendant. To the extent that an answer is deemed required, Kremers-Urban states that it is without knowledge or information sufficient to form a belief as to the truth of those averments.

35 – 36. Denied.

37. Kremers-Urban admits that it manufactured, formulated, marketed, sold and distributed DES in the period 1947 through 1962, and denies the remaining averments of paragraph 37 of the Complaint directed to it. To the extent that the averments of paragraph 37 of the Complaint are directed to parties other than Kremers-Urban, no answer is required of this Defendant. To the extent that an answer is deemed required, Kremers-Urban states that it is without knowledge or information sufficient to form a belief as to the truth of those averments.

38. Kremers-Urban denies the averments of paragraph 38 of the Complaint directed to it. To the extent that the averments of paragraph 38 of the Complaint are directed to parties other than Kremers-Urban, no answer is required of this Defendant. To the extent that an answer is deemed required, Kremers-Urban states that it is without knowledge or information sufficient to form a belief as to the truth of those averments.

39. Denied.

40. Defendant Kremers-Urban is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph

493203v.1

40 of the Complaint.

41 - 44.    Denied.

## SECOND CLAIM FOR RELIEF
(Negligence)

45.    Defendant Kremers-Urban repeats and realleges its answers to paragraphs 1 through 44, inclusive, of the Complaint as if fully set forth herein.

46.    Kremers-Urban denies the averments of paragraph 46 of the Complaint directed to it.  To the extent that the averments of paragraph 46 of the Complaint are directed to parties other than Kremers-Urban, no answer is required of this Defendant.  To the extent that an answer is deemed required, Kremers-Urban states that it is without knowledge or information sufficient to form a belief as to the truth of those averments.

47 - 49.    Denied.

## THIRD CLAIM FOR RELIEF
(Breach of Express Warranty)

50.    Defendant Kremers-Urban repeats and realleges its answers to paragraphs 1 through 44, inclusive, of the Complaint as if fully set forth herein.

51.    Kremers-Urban admits that it manufactured, formulated, marketed, sold and distributed DES in the period 1947 through 1962, and denies the remaining averments of paragraph 51 of the Complaint directed to it.  To the extent that the averments of paragraph 51 of the Complaint are directed to parties other than Kremers-Urban, no answer is required of this Defendant.  To the extent that an answer is deemed required, Kremers-Urban states that it is without knowledge or information sufficient to form a belief as to the truth of those averments.

52.    Defendant Kremers-Urban is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 52 of the Complaint.

493203v.1

53 – 55.   Denied.

## FOURTH CLAIM FOR RELIEF
(Breach of Implied Warranty)

56.   Defendant Kremers-Urban repeats and realleges its answers to paragraphs 1 through 55, inclusive, of the Complaint as if fully set forth herein.

57.   Kremers-Urban admits that it manufactured, formulated, marketed, sold and distributed DES in the period 1947 through 1962, and denies the remaining averments of paragraph 57 of the Complaint directed to it. To the extent that the averments of paragraph 57 of the Complaint are directed to parties other than Kremers-Urban, no answer is required of this Defendant. To the extent that an answer is deemed required, Kremers-Urban states that it is without knowledge or information sufficient to form a belief as to the truth of those averments.

58 - 60.   Kremers-Urban denies the averments of paragraphs 58 through 60, inclusive, of the Complaint directed to it. To the extent that the averments of paragraphs 58 through 60, inclusive, of the Complaint are directed to parties other than Kremers-Urban, no answer is required of this Defendant. To the extent that an answer is deemed required, Kremers-Urban states that it is without knowledge or information sufficient to form a belief as to the truth of those averments.

61 - 63.  Denied.

## FIFTH CLAIM FOR RELIEF
(Fraudulent Misrepresentation)

64.   Defendant Kremers-Urban repeats and realleges its answers to paragraphs 1 through 63, inclusive, of the Complaint as if fully set forth herein.

65 - 67.    Kremers-Urban denies the averments of paragraphs 65 through 67, inclusive, of the Complaint directed to it. To the extent that the

493203v.1

averments of paragraphs 65 through 67, inclusive, of the Complaint are directed to parties other than Kremers-Urban, no answer is required of this Defendant. To the extent that an answer is deemed required, Kremers-Urban states that it is without knowledge or information sufficient to form a belief as to the truth of those averments.

68.    Kremers-Urban admits that certain defendants did secure FDA approval of DES. Kremers-Urban denies the remaining averments of paragraph 68 of the Complaint directed to it, and to the extent that those remaining averments are directed to parties other than Kremers-Urban, Kremers-Urban is without knowledge or information sufficient to form a belief as to the truth of those averments.

69.    Kremers-Urban denies the averments of paragraph 69 of the Complaint directed to it. To the extent that the averments of paragraph 69 of the Complaint are directed to parties other than Kremers-Urban, no answer is required of this Defendant. To the extent that an answer is deemed required, Kremers-Urban states that it is without knowledge or information sufficient to form a belief as to the truth of those averments.

70.    Kremers-Urban admits that certain defendants did secure FDA approval of DES. Kremers-Urban denies the remaining averments of paragraph 70 of the Complaint directed to it, and to the extent that those remaining averments are directed to parties other than Kremers-Urban, Kremers-Urban is without knowledge or information sufficient to form a belief as to the truth of those averments.

71 – 73.    Denied.


All allegations not hereinabove expressly admitted, qualified or denied, are denied.

493203v.1

## AFFIRMATIVE DEFENSES

By way of further answer, Defendant Kremers-Urban asserts the following Affirmative Defenses.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action against Kremers-Urban.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable Statute of Limitations and/or by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to join and include in this action all identifiable and indispensable parties without whom complete relief cannot be accorded among those already parties and without whom, in equity and fairness, this action should not proceed.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that plaintiff sustained any injuries or damages as alleged in the Complaint, these injuries or damages were caused in whole or in part by other intervening causes and, therefore, Kremers-Urban is not liable.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that plaintiff suffered any injuries or damages as alleged in the Complaint, these injuries or damages were caused in whole or in part by acts or omissions of another or others over whom Kremers-Urban had no control or right of control, whose conduct Kremers-Urban had no reason or opportunity to anticipate, and for whose conduct Kremers-Urban is not responsible and cannot be held liable.

493203v.1

### SIXTH AFFIRMATIVE DEFENSE

With respect to any causes of action based on alleged breaches of express or implied warranties, these causes of action are barred due to lack of privity between plaintiff and Kremers-Urban.

### SEVENTH AFFIRMATIVE DEFENSE

With respect to any causes of action based on alleged breaches of any warranties of merchantability or fitness for a particular purpose, these causes of action are barred by the disclaimer of the manufactured product.

### EIGHTH AFFIRMATIVE DEFENSE

With respect to any causes of action based on alleged breaches of express or implied warranties, no timely notice was given of any alleged breach of warranty and, therefore, plaintiff's warranty claims are barred.

### NINTH AFFIRMATIVE DEFENSE

Upon information and belief, if the injuries referred to in the Complaint were caused by a drug manufactured or marketed by Kremers-Urban, such injuries were the result of an idiosyncratic reaction to the product.

### TENTH AFFIRMATIVE DEFENSE

To the extent that plaintiff sustained injuries, they resulted from pre-existing and unrelated medical, genetic and/or environmental conditions, diseases or illnesses of the allegedly DES-exposed plaintiff or plaintiff's mother.

### ELEVENTH AFFIRMATIVE DEFENSE

Based on the then state of scientific research, Kremers-Urban could not have reasonably acquired knowledge of the alleged consequences of the use by any plaintiff's mother of the product in question, and, therefore, acted in good faith and without such knowledge.

## TWELFTH AFFIRMATIVE DEFENSE

At all times relevant, Kremers-Urban exercised reasonable care with respect to any product at issue and acted in accordance with the state of the art and knowledge of the scientific community.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks capacity and standing to sue by reason of the fact that no duty was owned to the allegedly DES-exposed plaintiff by Kremers-Urban at the time plaintiff's mother allegedly used the DES referred to in the Complaint or by reason of the doctrine *en ventre sa mere*, and, therefore, plaintiff has failed to allege facts sufficient to state a cause of action upon which relief can be granted.

## FOURTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, any injuries, losses or damages plaintiffs may have sustained were caused by the allegedly DES-exposed plaintiff's own negligence or that of such plaintiff's mother.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has been unable to identify Kremers-Urban as the company causing the alleged injuries, and, therefore, has failed to state a cause of action upon which relief may be granted.

## SIXTEENTH AFFIRMATIVE DEFENSE

If in fact the allegedly DES-exposed plaintiff's mother used the DES referred to in the Complaint, upon information and belief, said DES was used for a purpose and in a manner not intended or recommended by Kremers-Urban or its distributors.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, if plaintiff suffered any injuries as alleged in the Complaint, said injuries were the result of plaintiff's own culpable conduct.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, if plaintiff suffered any injuries as alleged in the Complaint, said injuries were the result of the allegedly DES-exposed plaintiff's mother's culpable conduct.

## NINETEENTH AFFIRMATIVE DEFENSE

The federal government has preempted the field of law applicable to prescription drug products, such as the DES referred to in the Complaint and, therefore, the labeling, manufacture, distribution and sale of this drug were controlled by federal law. Since Kremers-Urban, in its manufacture, labeling and sale of said drug was in compliance with the applicable federal law, the Complaint fails to state a cause of action upon which relief may be granted in that if upheld, such a cause of action would frustrate the effectiveness of federal law regulating the field of prescription drugs constituting an invalid burden on interstate commerce violating the Supremacy Clause and the Commerce Clause of the United States Constitution.

## TWENTIETH AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted in that plaintiff has failed to identify the manufacturer of the alleged injury causing DES, and, accordingly, plaintiff's asserted causes of action, if upheld, contravene Kremers-Urban's constitutional rights to substantive and procedural due process and constitutes a taking of private property for a public use without just compensation, all of which contravene Kremers-Urban's constitutional rights under the United States Constitution.

TWENTY-FIRST AFFIRMATIVE DEFENSE

If it is judicially determined that this Defendant is liable for any injuries sustained by plaintiff, which is denied, then Kremers-Urban states that any injuries so sustained were caused, in whole or in part, by such plaintiff's own negligence and/or fault, thereby barring plaintiff from any recovery from this Defendant.

TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff is barred from asserting the causes of action contained in the Complaint because plaintiff has suffered no legal damages in that if the allegedly DES-exposed plaintiff's mother used the allegedly injury causing drug during her pregnancy with plaintiff, then its use was responsible for the birth of plaintiff.

TWENTY-THIRD AFFIRMATIVE DEFENSE

On information and belief, the allegedly DES-exposed plaintiff's mother knowingly and voluntarily assumed any alleged risk inherent in the consumption or use of the DES referred to in the Complaint with respect to themselves and their offspring.

TWENTY-FOURTH AFFIRMATIVE DEFENSE

The methods, standards and techniques of designing, testing, manufacturing, packaging, labeling, marketing, handling, distributing and selling of the products referred to in the second amended complaint were determined and applied in conformity with the generally recognized state of the art at the time these products were designed, tested, manufactured, packaged, labeled, marketed, handled, distributed and sold.

493203v.1

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the learned intermediary doctrine, and plaintiff is therefore not entitled to recover anything from this Defendant.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Kremers-Urban never manufactured, produced, marketed, purchased, sold, distributed or promoted DES in New York State, where plaintiff resides. Accordingly, any DES ingested by the allegedly DES-exposed plaintiff's mother could not have been a Kremers-Urban product, nor could it have been purchased from or through the efforts of Kremers-Urban.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Any past or future costs or expenses incurred or to be incurred by plaintiffs for economic loss have been or will with reasonable certainty be replaced or indemnified in whole or in part from a collateral source.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

To the extent plaintiff has settled with any of the defendants, Kremers-Urban's liability is reduced accordingly.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The Complaint fails to plead fraud with the requisite particularity and should be dismissed.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's demand for punitive damages is barred by the due process clauses of the Fourteenth Amendment to the United States Constitution.

493203v.1

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' demand for punitive damages is barred by the double jeopardy clause of the Fifth Amendment to the United States Constitution.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff was born in a year for which defendant Kremers-Urban did not have any market share percentage for DES and therefore Kremers-Urban has no liability to plaintiff.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Kremers-Urban incorporates by reference herein all other applicable defenses set forth in answers by any other defendants and will rely on all defenses which become available during discovery or trial.

WHEREFORE, defendant, Kremers-Urban Company, demands judgment dismissing the Complaint in all respects, for the costs and disbursements of this action, including reasonable attorneys' fees, and for such other and further relief as to this Court may seem just and proper.

DATED:    November 1, 2007

                                        Respectfully submitted,

                                        Jackson & Campbell, P.C.

                                        /s/ Robert N. Kelly
                                        _____
                                        Robert N. Kelly
                                        1120 20th Street N.W.

Suite 300-South
Washington, DC 20036
(202) 457-1600
(202) 457-1678 fax
rkelly@jackscamp.com

Attorneys for Defendant
Kremers-Urban Company

493203v.1