IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VICTOIRE DUMONT | * |
|     Plaintiff | * |
| v. | *   Civil Action No.: 07-CV-01635 (JR) |
| ABBOTT LABORATORIES, INC., et al. | * |
|     Defendants | * |

\* \* \* \* \* \* \* \* \*

### E.R. SQUIBB & SON, INC.'S ANSWER TO COMPLAINT

E.R. Squibb & Sons, Inc., one of the Defendants, by its attorneys, Sidney G. Leech, Malcolm S. Brisker and Goodell, DeVries, Leech & Dann, LLP, for an answer to the Complaint filed against it in the above-captioned case, and each and every Count thereof, says:

### FIRST DEFENSE

That the Complaint fails to state a claim or claims against this Defendant upon which relief can be granted.

### SECOND DEFENSE

1.  As to Paragraph 1 of the Complaint, this Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, can neither admit nor deny the allegations in this paragraph and demands strict proof thereof by the Plaintiff.

2. As to Paragraph 2 of the Complaint, this Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, can neither admit nor deny the allegations in this paragraph, and demands strict proof thereof by the Plaintiff.

3. As to Paragraphs 3 through 17 of the Complaint, and as to Paragraph 19 of the Complaint, this Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in these paragraphs and, therefore, can neither admit nor deny the allegations in these paragraphs and demands strict proof thereof by the Plaintiff.

4. As to Paragraph 18 of the Complaint, this Defendant denies the allegations of this paragraph.

5. As to Paragraph 20 of the Complaint, this Defendant denies the allegations of this paragraph as phrased.

6. As to Paragraph 21 of the Complaint, this Defendant denies the allegations of this paragraph as to it as phrased.

7. As to Paragraph 22 of the Complaint, this Defendant states that the contents of its NDA or supplemental NDA are self-explanatory and to the extent that the representations in this paragraph are inconsistent with the content of this Defendant's NDA or supplemental NDA, they are denied.

8. As to Paragraph 23 of the Complaint, this Defendant denies the allegations of this paragraph to the extent they are inconsistent with the actual contents of the communications promulgated by this Defendant.

9. As to Paragraphs 24, 25, 26, 27, 28 and 29 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

10. As to Paragraphs 30 and 31 of the Complaint, this Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in these paragraphs and, therefore, can neither admit nor deny the allegations contained in these paragraphs and demands strict proof thereof by the Plaintiff.

11. As to Paragraph 32 of the Complaint, this Defendant denies the allegations contained in this paragraph as to it.

12. As to Paragraph 33 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 32 as fully as if they were repeated verbatim herein.

13. As to Paragraphs 34 through 44 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

14. As to Paragraph 45 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 44 as fully as if they were repeated verbatim herein.

15. As to Paragraphs 46, 47, 48 and 49 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

16. As to Paragraph 50 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 49 as fully as if they were repeated verbatim herein.

17. As to Paragraphs 51, 52, 53, 54 and 55 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

18. As to Paragraph 56 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 55 as fully as if they were repeated verbatim herein.

19. As to Paragraphs 57, 58, 59, 60, 61, 62 and 63 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

20. As to Paragraph 64 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 63 as fully as if they were repeated verbatim, herein.

21. As to Paragraphs 65, 66, 67, 68, 69, 70, 71, 72 and 73 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Defendant denies any allegation contained in Plaintiff's Complaint in the above-captioned case to which this Defendant has not specifically responded.

### SECOND DEFENSE

Plaintiff's cause of action is barred by the applicable statute or statutes of limitation.

### THIRD DEFENSE

Plaintiff's natural mother was guilty of contributory negligence which was a proximate cause of the injuries, damages and losses complained of, which negligence is a complete bar to the recovery by Plaintiff in this case.

## FOURTH DEFENSE

Plaintiff's natural mother assumed the risks inherent in the use of Diethylstilbestrol and her assumption of risk is a complete bar to Plaintiff's recovery in this action.

## FIFTH DEFENSE

Plaintiff's natural mother misused or abused the Diethylstilbestrol, which she consumed or ingested, which conduct is a complete bar to Plaintiff's recovery in this case.

## SIXTH DEFENSE

If Plaintiff sustained any of the injuries as alleged in the Complaint, which is hereby expressly denied, there was an intervening cause and/or causes leading to said alleged injuries and, as such, any action on the part of this Defendant was not the proximate cause of Plaintiff's alleged injuries.

## SEVENTH DEFENSE

If Plaintiff sustained any of the injuries as alleged in the Complaint, which is hereby expressly denied, said injuries were caused in whole or in part by the conduct of one or more third persons for whose conduct this Defendant is not responsible or with whom this Defendant had no legal relationship.

## EIGHTH DEFENSE

This Complaint is barred in whole or in part by the application statute or statutes of repose.

### NINTH DEFENSE

The Complaint fails to join a necessary party or parties without whom complete relief cannot be granted.

### TENTH DEFENSE

If the product in question was unsafe, then it was unavoidably unsafe.

### ELEVENTH DEFENSE

The Plaintiff's cause of action is barred by the doctrine of *res judicata* or the doctrine of collateral estoppel.

### TWELFTH DEFENSE

If this Defendant's product was ingested by Plaintiff's natural mother, then this Defendant alleges that such product was in conformity with the generally recognized state-of-the-art at the time it was designed, manufactured, inspected, packaged, labeled and sold; therefore, Plaintiff is barred from recovery.

### THIRTEENTH DEFENSE

Plaintiff's cause of action is barred by the Doctrine of Laches.

### FOURTEENTH DEFENSE

All of Plaintiff's causes of action are barred by the Doctrine of Federal Preemption.

### FIFTEENTH DEFENSE

At all applicable times, this Defendant fully complied with all applicable Federal, State, and local statutory and regulatory requirements concerning DES, including those

prescribed by the Federal Food, Drug and Cosmetic Act and those promulgated by the Federal Food and Drug Administration.

### SIXTEENTH DEFENSE

The Plaintiff is barred from recovery in the above-captioned case based on the application of the learned intermediary doctrine.

### SEVENTEENTH DEFENSE

This Defendant states that there are no allegations contained in the Complaint sufficient to support a cause of action for exemplary or punitive damages as to this Defendant and, therefore, all claims for punitive or exemplary damages in the above-captioned case should be dismissed with prejudice.

### EIGHTEENTH DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages violate this Defendant's right to procedural due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution.

### NINETEENTH DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages violate this Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution.

### TWENTIETH DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages would violate this Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution.

## TWENTY-FIRST DEFENSE

That the Plaintiff's alleged *in utero* exposure to DES did not occur in the United States, and this action bears no relationship to the District of Columbia and should be dismissed under the doctrine of *forum non conveniens*.

## TWENTY-SECOND DEFENSE

That Plaintiff cannot recover under any of the causes of action set forth under the substantive law of France, which controls all substantive causes of action in this case.

**WHEREFORE**, E.R. Squibb & Sons, Inc., one of the Defendants, moves this Honorable Court to enter an Order in the above-captioned case, dismissing the Complaint with prejudice as to it, or for such other and further relief as may be appropriate under the circumstances.

/s/ Sidney G. Leech
Sidney G. Leech
D.C. Bar No. 359071
Malcolm S. Brisker
D.C. Bar No. 472101
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
(410) 783-4000
sgl@gdldlaw.com
*Attorneys for Defendant,*
*E.R. Squibb & Sons, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of November, 2007, a copy of E.R. Squibb & Sons, Inc.'s Answer to Complaint was mailed first-class, postage prepaid, to:

Aaron M. Levine, Esquire
Aaron M. Levine & Associates, P.A.
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036

Sybil Shainwald, Esquire
Roxanne DeFrancesco, Esquire
Law Offices of Sybil Shainwald
111 Broadway, 4th Floor
New York, NY 10006; *Attorneys for Plaintiffs*

Michelle R. Mangrum, Esquire
John Chadwick Coots, Esquire
Brandon J. Waggoner, Esquire
Shook Hardy & Bacon, LLP
600 14th Street, N.W., Suite 800
Washington, D.C. 20005-2004

David W. Brooks, Esquire
Shook Hardy & Bacon, LLP
2555 Grand Blvd.
Kansas City, Missouri 64109; *Attorneys for Defendant Eli Lilly & Company*

Elizabeth Ewert, Esquire
Stephanie Albert, Esquire
Drinker, Biddle Reath, LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209; *Attorneys for Upjohn Company; McNeil Lab, Inc.; Merck & Company*

John F. Anderson, Esquire
Troutman Sanders, LLP
1660 International Drive
Suite 600, Tysons Corner
McLean, Virginia 22102; *Attorneys for Dart Industries, Inc.*

Kathleen M. Bustraan, Esquire
Lord & Whip, P.A.
Charles Center South
36 South Charles Street – 10th Floor
Baltimore, Maryland 21201; *Attorneys for Lannett Company, Inc.*

Janet Coleman, Esquire
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204; *Attorneys for Mallinckrodt, Inc.; Burroughs-Wellcome & Co.; S.E. Massengill Co.*

Sarah S. Keast, Esquire
Goodwin Proctor, LLP
901 New York Avenue, Suite 900
Washington, D.C. 20001 ; *Attorneys for Premo Pharmaceutical Laboratories, Inc.*

Jennifer Gardner Levy, Esquire
Kirkland & Ellis
655 15th Street, N.W.
Washington, D.C. 20005-5793; *Attorneys for Abbott Laboratories, Inc.*

Jaime W. Luse, Esquire
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, Maryland 21202; *Attorneys for Carnrick Laboratories, Inc. n/k/a/ Elan Pharmaceuticals*

Robert N. Kelly, Esquire  - NEW
Jackson & Campbell, PC
1120 20th Street, N.W., Suite 300-South
Washington, D.C. 20036; *Attorneys for Kremers-Urban Co.*


                                                            /s/  Sidney G. Leech
                                                            Sidney G. Leech