# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **VICTOIRE DUMONT,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | Civil Action No.  07-CV-01635 (JR) |
| **v.** | ] | |
| | ] | |
| **ABBOTT LABORATORIES, INC., et al.,** | ] | **JOINT RULE 16.3 REPORT** |
| | ] | |
| Defendants. | ] | |
| | ] | |

_____

Pursuant to this Court's Order Setting Initial Status Conference, Local Rule 16.3 and Fed. R. Civ. P. 26(f), the attorneys for Plaintiff and defendants conferred up to and including November 20, 2007, and hereby submit the following succinct statement of all agreements reached and positions taken by the parties on matters about which there was a disagreement:

**TOPIC NO. 1:**  Whether the case is likely to be disposed of by dispositive motion; and whether if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

**POSITION OF PARTIES:** It is too early to evaluate the likelihood that the parties will bring dispositive motions as the parties have not yet engaged in any discovery.

**TOPIC NO. 2:** (a) The date by which any other parties shall be joined or the pleadings amended; and (b) whether some or all of the factual and legal issues can be agreed upon or narrowed.

**POSITION OF PARTIES:** (a) At the present time, none of the parties plan to join additional parties or amend the pleadings.  The parties acknowledge that once discovery has begun, there may then be a need to join other parties or to amend the pleadings.  Defendant Eli

2

Lilly and Company ("Lilly") proposes a deadline for joinder and amendment of the pleadings of March 8, 2008. Plaintiff and all other defendants do not want a deadline for joinder or amending the pleadings; (b) the parties agree that there are not yet any factual or legal issues that can be agreed upon or narrowed.

**TOPIC NO. 3:** Whether this case should be assigned to a magistrate judge for all purposes, including trial.

**POSITION OF PARTIES:** Plaintiff consent to having the case assigned to a magistrate judge. Defendants do not consent to having the case assigned to a magistrate judge.

**TOPIC NO. 4:** Whether there is a realistic possibility of settling the case.

**POSITION OF PARTIES:** While the parties are not aware of any information that would preclude a realistic possibility of settling the case, the parties also note that a prediction on the likelihood of settlement is somewhat premature as the parties have not yet engaged in any discovery.

**TOPIC NO. 5:** Whether the case could benefit from the Court's alternative dispute resolution ("ADR") procedures or some other form of alternative dispute resolution, and, if so, which procedure should be used and whether discovery should be stayed or limited pending completion of ADR.

**POSITION OF PARTIES:** This case has already been referred to Magistrate Judge Kay for full case management; the parties consent to mediation by Judge Kay or such other mediator as the Court assigns.

**TOPIC NO. 6:** Whether the case can be resolved by summary judgment or motion to dismiss; the dates for filing the dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision of the motions.

**POSITION OF PARTIES:** Depending on the information that Defendants learn during discovery, Defendants may file motions for summary judgment or motions to dismiss. The

parties have proposed various deadlines under Topic No. 8.

**TOPIC NO. 7:** Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P., and, if not, what, if any, changes should be made in the scope, form, or timing of those disclosures.

**POSITION OF PARTIES:** The parties agree and request the Court to dispose of the 26(a)(1) initial disclosures. The parties also agree that if Plaintiff request an extension of time to respond to defendants' discovery requests, Plaintiff shall at least produce the following by the original deadline for responding to the discovery requests: (a) authorizations to obtain medical records; (b) the identity and address of all known medical providers who have treated plaintiff Victoire Dumont and/or her mother; (c) the identity and address of the pharmacy, physician and/or hospital dispensing the DES at issue in this lawsuit; and (d) all documents and/or tangible objects in the possession of Plaintiff and/or their attorneys regarding the identity of the manufacturer of the DES at issue in this lawsuit.

Defendants agree that, within a week of the time from when defendants obtain any medical records (other than medical records received directly from Plaintiff), defendants shall send a copy of all such medical records to Plaintiff's counsel.

**TOPIC NO. 8:** The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

**POSITION OF PARTIES:** The parties agree that, pursuant to Fed. Rule 33, each party is limited to 25 interrogatories. The parties agree that the number of non-expert depositions should be limited to the following, whichever is greater: (a) 10 non-expert depositions or (b) the depositions of the Plaintiff, her father, the spouse of Plaintiff Victoire Dumont, plaintiff Victoire

1

Dumont's mother, as well as the depositions of any relevant medical providers, pharmacists or pharmacy personnel.  The parties agree that the duration of each deposition shall be limited to one (1) day or seven (7) hours, whichever is greater.

The parties suggest the following schedule:

**January 14, 2008**:      Deadline for serving discovery requests.

**May 15, 2008**:Deadline for Plaintiff to designate experts and provide expert reports, pursuant to Rule 26(a)(2).

**July 15, 2008**: Deadline for defendants to designate experts and provide expert reports, pursuant to Rule 26(a)(2).

**September 26, 2008**: All Discovery Closed.

**October 24, 2008**:      Deadline for filing Dispositive Motions.

**December 2008**:      Pre-Trial Conference.

N.B. – In addition, Lilly proposes **March 8, 2008** as the deadline for joinder and amendment of the pleadings.

The parties' Proposed Scheduling Order attached hereto as Appendix No. 1.

**TOPIC NO. 9:** Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed. R. Civ. P., shall be modified and whether and when depositions of experts should occur.

**POSITION OF PARTIES:** The parties agree to make all expert witnesses available for deposition. Prior to the depositions, the parties agree to exchange expert reports pursuant to Rule 26(a)(2), except that the parties agree to dispense with the requirement of Rule 26(a)(2)(B) of a list of cases in which the witness has testified as an expert at trial or by deposition within the preceding

2

four years. However, the expert witness shall provide said list of cases at the time of his/her deposition.

**TOPIC NO. 10:** In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

**POSITION OF PARTIES:** Not applicable.

**TOPIC NO. 11:** Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

**POSITION OF PARTIES:** The parties agree that it is too early to determine whether the trial of this case should be bifurcated or managed in phases.

**TOPIC NO. 12:** The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

**POSITION OF PARTIES:** The parties request a pretrial conference in December 2008.

**TOPIC NO. 13:** Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

**POSITION OF PARTIES:** The Plaintiff prefer that a firm trial date be set at the first scheduling conference. Defendants do not prefer that a firm trial date be set at the first scheduling conference.

**TOPIC NO. 14:** Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

**POSITION OF PARTIES:** The parties have no other matters that they believe need to be

included in the scheduling order at this time.

**STATEMENT OF THE CASE:**

    A.    <u>Plaintiff's</u>:

This is a products liability/personal injury case arising from Plaintiff Victoire Dumont's *in utero* exposure to diethylstilbestrol ("DES"), a synthetic estrogen that was manufactured, marketed, sold, promoted and distributed by the Defendants in 1969-1970 to said plaintiff's mother for the purpose of preventing miscarriage.

Plaintiff Victoire Dumont claims that as a result of her *in utero* exposure to DES, she has suffered injuries, including, but not limited to, clear cell adenocarcinoma, infertility, and ovarian cysts, suffered physical and mental pain, with concomitant medical and surgical expenses for care and treatment, and that the Defendants are liable for said injuries based on negligence, strict liability, breach of warranty, and misrepresentation.

    B.    <u>Defendants'</u>:

Defendant Eli Lilly and Company ("Lilly") generally denies that it is liable to the Plaintiff under any of the Plaintiff's causes of action. While discovery has not yet commenced, Lilly believes that the Plaintiff will be unable to come forward with evidence sufficient to meet her burden of persuasion that plaintiff Victoire Dumont was exposed in utero to DES in the first place, that any such DES was manufactured or produced by Lilly, that any such DES caused the injuries of which the Plaintiff complains, and that Lilly breached any duties owed to the Plaintiff, breached any warranties, or made any material misrepresentations. Lilly has also asserted several affirmative defenses, including that the Plaintiff's claims may be barred by the applicable statute of limitations or laches, and by the learned intermediary doctrine.

Defendant E.R. Squibb & Sons, Inc. ("Squibb") generally denies that it is liable to the Plaintiff under any of the Plaintiff's causes of action. While discovery has not yet taken place, this Defendant believes that the Plaintiff will be unable to come forward with evidence sufficient to meet her burden of proof that plaintiff Victoire Dumont was exposed in utero to DES in the first place, that any such DES was manufactured or produced by this Defendant, that any such DES caused the injuries of which the Plaintiff complains, or that this Defendant breached any duties owed to the Plaintiff, breached any warranties or made any material misrepresentations. This Defendant has also asserted several affirmative defenses including that the Plaintiff's claims may be barred by the applicable statute of limitations or by laches, by the learned intermediary doctrine, and the suit may be subject to dismissal under the doctrine of *forum non conveniens*.

Defendants Pharmacia & Upjohn Company LLC f/k/a The Upjohn Company ("Upjohn"), Merck & Co., Inc. ("Merck"), and Ortho-McNeil Pharmaceutical, Inc. ("Ortho") generally deny that they are liable to the Plaintiff under any of the Plaintiff's causes of action. While discovery has not yet commenced, these Defendants believe that the Plaintiff will be unable to come forward with evidence sufficient to meet her burden of persuasion that plaintiff Victoire Dumont was exposed to DES in the first place, that any such DES was manufactured or produced by these Defendants, that any such DES caused the injuries of which the Plaintiff complains, and that these Defendants breached any duties owed to the Plaintiff, breached any warranties, or made any material misrepresentations. These Defendants have also asserted several affirmative defenses, including that the Plaintiff's claims may be barred by the applicable statute of limitations or laches, and by the learned intermediary doctrine.  Furthermore, defendants Merck

5

and Ortho note that they are improperly named defendants under any theory, as their manufacture and distribution of relevant DES products ceased long before plaintiff's mother's alleged ingestion of any DES-containing medication.  These defendants have conveyed this information to plaintiff and sought dismissal, but have thus far gotten no response from plaintiff to their dismissal requests.

Defendant Elan Pharmaceuticals, Inc. ("Elan") generally denies that it is liable to the Plaintiff under any of the Plaintiff's causes of action. While discovery has not yet commenced, this Defendants believe that the Plaintiff will be unable to come forward with evidence sufficient to meet her burden of persuasion that plaintiff Victoire Dumont was exposed to DES in the first place, that any such DES was manufactured or produced by this Defendant, that any such DES caused the injuries of which the Plaintiff complains, and that this Defendant breached any duties owed to the Plaintiff, breached any warranties, or made any material misrepresentations. This Defendants has also asserted several affirmative defenses, including that the Plaintiff's claims may be barred by the applicable statute of limitations or laches, and by the learned intermediary doctrine.  Furthermore, this Defendant notes that it is an improperly named defendant under any theory, as its manufacture and distribution of relevant DES products ceased long before plaintiff's mother's alleged ingestion of any DES-containing medication.  This defendants have conveyed this information to plaintiff and sought dismissal, but have thus far gotten no response from plaintiff to their dismissal requests.

Defendants SMITHKLINE BEECHAM CORPORATION d/b/a GlaxoSmithKline, a successor to S.E. Massengill Co. and Burroughs Wellcome & Co. ("GSK"), and MALLINCKRODT, INC. generally deny that they are liable to the Plaintiff under any of the

6

Plaintiff's causes of action. While discovery has not yet taken place, these defendants believe that the Plaintiff will be unable to come forward with evidence sufficient to meet her burden of persuasion that plaintiff Victoire Dumont was exposed to DES in the first place, that any such DES was manufactured or produced by these defendants, that any such DES caused the injuries of which Plaintiff complains, and that these defendants breached any duties owed to the Plaintiff, breached any warranties, or made any material misrepresentations. These defendants have also asserted several affirmative defenses including that the Plaintiff's claims may be barred by the applicable statute of limitations or laches, and by the learned intermediary doctrine.  Defendants GlaxoSmithKline and Mallinckrodt contend that Plaintiff cannot succeed in any DES action against them under any legal theory  as GlaxoSmithKline's predecessors and Mallinckrodt stopped  the manufacture and marketing of any DES products long before the date for which this Plaintiff alleges exposure.

Defendant PREMO PHARMACEUTICAL LABORATORIES, INC. generally denies that it is liable to the Plaintiff under any of the Plaintiff's causes of action. While discovery has not yet taken place, this Defendant believes that the Plaintiff will be unable to come forward with evidence sufficient to meet her burden of proof that plaintiff Victoire Dumont was exposed in utero to DES in the first place, that any such DES was manufactured or produced by this Defendant, that any such DES caused the injuries of which the Plaintiff complains, or that this Defendant breached any duties owed to the Plaintiff, breached any warranties or made any material misrepresentations. This Defendant has also asserted several affirmative defenses including that the Plaintiff's claims may be barred by the applicable statute of limitations or by laches, and by the learned intermediary doctrine.

7

Defendant ELAN PHARMACEUTICALS, INC., a successor to Carnrick Laboriories, Inc., generally denies that it is liable to the Plaintiff under any of the Plaintiff's causes of action. While discovery has not yet taken place, this Defendant believes that the Plaintiff will be unable to come forward with evidence sufficient to meet her burden of proof that plaintiff Victoire Dumont was exposed in utero to DES in the first place, that any such DES was manufactured or produced by this Defendant, that any such DES caused the injuries of which the Plaintiff complains, or that this Defendant breached any duties owed to the Plaintiff, breached any warranties or made any material misrepresentations. This Defendant has also asserted several affirmative defenses including that the Plaintiff's claims may be barred by the applicable statute of limitations or by laches, and by the learned intermediary doctrine.

Defendant LANNETT COMPANY, INC. generally denies that it is liable to the Plaintiff under any of the Plaintiff's causes of action. While discovery has not yet taken place, this Defendant believes that the Plaintiff will be unable to come forward with evidence sufficient to meet her burden of proof that plaintiff Victoire Dumont was exposed in utero to DES in the first place, that any such DES was manufactured or produced by this Defendant, that any such DES caused the injuries of which the Plaintiff complains, or that this Defendant breached any duties owed to the Plaintiff, breached any warranties or made any material misrepresentations. This Defendant has also asserted several affirmative defenses including that the Plaintiff's claims may be barred by the applicable statute of limitations or by laches, and by the learned intermediary doctrine.

Defendant DART INDUSTRIES, INC. generally denies that it is liable to the Plaintiff under any of the Plaintiff's causes of action. While discovery has not yet taken place, this Defendant

8

believes that the Plaintiff will be unable to come forward with evidence sufficient to meet her burden of proof that plaintiff Victoire Dumont was exposed in utero to DES in the first place, that any such DES was manufactured or produced by this Defendant, that any such DES caused the injuries of which the Plaintiff complains, or that this Defendant breached any duties owed to the Plaintiff, breached any warranties or made any material misrepresentations. This Defendant has also asserted several affirmative defenses including that the Plaintiff's claims may be barred by the applicable statute of limitations or by laches, and by the learned intermediary doctrine.

Defendant ABBOTT LABORATORIES generally denies that it is liable to the Plaintiff under any of the Plaintiff's causes of action. While discovery has not yet taken place, this Defendant believes that the Plaintiff will be unable to come forward with evidence sufficient to meet her burden of proof that plaintiff Victoire Dumont was exposed in utero to DES in the first place, that any such DES was manufactured or produced by this Defendant, that any such DES caused the injuries of which the Plaintiff complains, or that this Defendant breached any duties owed to the Plaintiff, breached any warranties or made any material misrepresentations. This Defendant has also asserted several affirmative defenses including that the Plaintiff's claims may be barred by the applicable statute of limitations or by laches, and by the learned intermediary doctrine.

**STATUTORY BASIS FOR ALL CAUSES OF ACTION AND DEFENSES:**

A.    Plaintiff's:

The statutory basis for the Plaintiff's cause of action is 28 U.S.C. §1332(a) (diversity).

B.    Defendants':

The only affirmative defense asserted by the Defendants with a statutory basis is that the

9

Plaintiff's claims may be barred by the applicable statute of limitations.

Respectfully submitted,
SHOOK, HARDY & BACON, L.L.P.

AARON M. LEVINE & ASSOCIATES

 /s/ Brandon J. Levine
Brandon J. Levine, #412130
1320 19th Street, N.W., Suite 500
Washington, DC 20036
202-833-8040

and

LAW OFFICES OF SYBIL SHAINWALD,
        P.C.
111 Broadway, Suite 403
New York, NY
212-425-5566

Counsel for Plaintiff

/s/ J. Chadwick Coots (by permission – BJL)
John Chadwick Coots, #461979
600 Fourteenth Street, Suite 800
Washington, DC 20005
202-223-1200

and

David W. Brooks, Esq.
Jonathan Gregor, Esq.
2555 Grand Boulevard
Kansas City, MO 64108
816-474-6550
Fax: 816-421-5547

Counsel for Defendant Eli Lilly and
Company

GOODELL, DEVRIES, LEECH & DANN,
        LLP

/s/ Sidney G. Leech (by permission – BJL)
Sidney G. Leech, #359071
One South Street, 20th Floor
Baltimore, MD   21202
410-783-4000

Counsel for Defendant E.R. Squibb & Sons,
Inc.

GOODWIN PROCTER LLP

/s/ Sarah S. Keast (by permission – BJL)
Sarah S. Keast, #493632
901 New York Avenue, N.W.
Washington, DC   20001
202-346-4000

Counsel  for  Defendant  Premo
Pharmaceutical Laboratories, Inc.

11

DRINKER BIDDLE & REATH LLP


     /s/ Elizabeth Ewert (by permission – BJL)
Elizabeth Ewert, #479368
1500 K Street, N.W., Suite 1100
Washington, DC  20005-1209
202-842-8800

Counsel for Defendants Pharmacia and Upjohn
Company, Merck & Co., Inc. and Ortho-McNeil
Pharmaceutical, Inc.

WHITNEY & BOGRIS, LLP


     /s/  Janet K. Coleman  (by permission – BJL)
Janet K. Coleman, #497902
401 Washington Avenue, Twelfth Floor
Towson, MD  21204
410-583-8000

Counsel for Defendant SmithKline Beecham
Corp., d/b/a GlaxoSmithKline, and Mallinckrodt,
Inc.

TYDINGS & ROSENBERG LLP


     /s/ Jaime W. Luse     (by permission – BJL)
Jaime W. Luse, #501944
100 East Pratt Street, 26th Floor
Baltimore, MD  21202
410-752-9700

Counsel for Elan Pharmaceuticals, Inc. f/k/a
Carnrick Laboratories, Inc.

12

LORD & WHIP, P.A.


 /s/  Kathleen M. Bustraan (by permission – BJL)
Kathleen M. Bustraan, #MD24417
Charles Center South
36 South Charles Street, 10th Floor
Baltimore, MD   21201
410-539-5881


Counsel for Defendant Lannett Company, Inc.

TROUTMAN SANDERS LLP


 /s/     John F. Anderson (by permission – BJL)
John F. Anderson, # 393764
1660 International Drive
Suite 600
McLean, VA 22102
703-734-4356
Counsel for Dart Industries, Inc.


JACKSON & CAMPBELL, P.C.


           (attempted, but could not obtain, consent)
Robert N. Kelly
1120 20th Street, NW
Washington, DC 20036-3406
202-457-1600


Counsel for Kremers-Urban Co.

KIRKLAND & ELLIS


           /s/ Jennifer G. Levy (by permission – BJL)
Jennifer Gardner Levy, #461921
655 Fifteenth Street, N.W., Suite 1200
Washington, DC 20005
202-879-5000


Counsel for Defendant Abbott Laboratories

Dated: November 21, 2007

13

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**VICTOIRE DUMONT,**                    ]
                                        ]
              **Plaintiff,**            ]
                                        ]    Civil Action No.  07-CV-01635 (JR)
    **v.**                              ]
                                        ]
ABBOTT LABORATORIES, INC., et al.,      ]    [PROPOSED] SCHEDULING ORDER
                                        ]
              Defendants.               ]
                                        ]

_____

The parties suggest the following schedule:

January 14, 2008:    Deadline for serving discovery requests.

May 15, 2008: Deadline for plaintiffs to designate experts and provide expert reports, pursuant to Rule 26(a)(2).

July 15, 2008:    Deadline for defendants to designate experts and provide expert reports, pursuant to Rule 26(a)(2).

September 26, 2008:  All Discovery Closed.

October 24, 2008:    Deadline for filing Dispositive Motions.

December 2008:    Pre-Trial Conference.

_N.B. – In addition, Lilly proposes March 8, 2008 as the deadline for joinder and amendment of the pleadings._

DATED: _____    _____

                                          HON. JAMES ROBERTSON
                                          United States District Judge

AARON M. LEVINE & ASSOCIATES

 /s/ Brandon J. Levine
Brandon J. Levine, #412130
1320 19th Street, N.W., Suite 500
Washington, DC 20036
202-833-8040

and

LAW OFFICES OF SYBIL SHAINWALD,
    P.C.
111 Broadway, Suite 403
New York, NY
212-425-5566

Counsel for Plaintiff

Respectfully submitted,

SHOOK, HARDY & BACON, L.L.P.

/s/ J. Chadwick Coots (by permission – BJL)
John Chadwick Coots, #461979
600 Fourteenth Street, Suite 800
Washington, DC 20005
202-223-1200

and

David W. Brooks, Esq.
Jonathan Gregor, Esq.
2555 Grand Boulevard
Kansas City, MO 64108
816-474-6550
Fax: 816-421-5547

Counsel for Defendant Eli Lilly and
Company

GOODELL, DEVRIES, LEECH & DANN,
    LLP

        /s/ Sidney G. Leech (by permission –
BJL)
Sidney G. Leech, #359071
One South Street, 20th Floor
Baltimore, MD   21202
410-783-4000

Counsel for Defendant E.R. Squibb & Sons,
Inc.

GOODWIN PROCTER LLP

        /s/ Sarah S. Keast (by permission –
BJL)
Sarah S. Keast, #493632
901 New York Avenue, N.W.
Washington, DC   20001
202-346-4000
C o u n s e l   f o r   D e f e n d a n t   P r e m o
Pharmaceutical
    Laboratories, Inc.

DRINKER BIDDLE & REATH LLP

_____/s/ Elizabeth Ewert (by permission – BJL)_____
Elizabeth Ewert, #479368
1500 K Street, N.W., Suite 1100
Washington, DC  20005-1209
202-842-8800


Counsel for Defendants Pharmacia and Upjohn Company, Merck & Co., Inc. and Ortho-McNeil Pharmaceutical, Inc.

WHITNEY & BOGRIS, LLP

_____/s/  Janet K. Coleman  (by permission – BJL)
Janet K. Coleman, #497902
401 Washington Avenue, Twelfth Floor
Towson, MD  21204
410-583-8000

Counsel for Defendant SmithKline Beecham Corp., d/b/a GlaxoSmithKline, and Mallinckrodt, Inc.

TYDINGS & ROSENBERG LLP


_____/s/ Jaime W. Luse_____(by permission – BJL)
Jaime W. Luse, #501944
100 East Pratt Street, 26th Floor
Baltimore, MD  21202
410-752-9700

Counsel for Elan Pharmaceuticals, Inc. f/k/a Carnrick Laboratories, Inc.

LORD & WHIP, P.A.


_/s/  Kathleen M. Bustraan (by permission – BJL)
Kathleen M. Bustraan, #MD24417
Charles Center South
36 South Charles Street, 10th Floor
Baltimore, MD  21201
410-539-5881

Counsel for Defendant Lannett Company, Inc.

TROUTMAN SANDERS LLP

 /s/    John F. Anderson (by permission – BJL)
John F. Anderson, # 393764
1660 International Drive
Suite 600
McLean, VA 22102
703-734-4356
        Counsel for Dart Industries, Inc.

JACKSON & CAMPBELL, P.C.


        (attempted, but could not obtain, consent)
Robert N. Kelly
1120 20th Street, NW
Washington, DC 20036-3406
202-457-1600

Counsel for Kremers-Urban Co.

KIRKLAND & ELLIS

        /s/ Jennifer G. Levy (by permission – BJL)
Jennifer Gardner Levy, #461921
655 Fifteenth Street, N.W., Suite 1200
Washington, DC 20005
202-879-5000

Counsel for Defendant Abbott Laboratories


Dated: November 21, 2007