IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VICTOIRE DUMONT       *

        Plaintiff       *

                                Civil Action No.: 07-CV-01635
v.                          *      (JR/AK)

ABBOTT LABORATORIES, INC.,      *
et al.

                     *

        Defendants

                     *

       *     *     *     *     *     *     *     *     *

**DEFENDANT'S MOTION FOR LEAVE TO CONDUCT A
LIMITED DEPOSITION OF THE PLAINTIFF CONCERNING ISSUES
INVOLVED IN PLAINTIFF'S MOTION TO TRANSFER**

      E.R. Squibb & Sons, Inc. ("Squibb"), one of the Defendants, by its attorneys,

Sidney G. Leech and Goodell, DeVries, Leech & Dann, LLP, moves this Honorable

Court to enter an Order in the above-captioned case, granting Defendants' counsel leave

to take a limited deposition of the Plaintiff for purposes of exploring the issues involved

in Plaintiff's proposed Motion to Transfer and as grounds therefore says:

      1.      On or about January 8, 2008, Plaintiffs filed a Motion to Transfer to the

Eastern District of New York, a Memorandum of Points and Authorities in Support with

Exhibits, and a proposed Order.

      2.      On November 12, 2007, this Defendant propounded a limited set of twelve

(12) Interrogatories to the Plaintiff by mailing a copy to Plaintiff's counsel. These

Interrogatories were specifically designed to elicit information concerning whether or not

this case should remain in the United States District Court for the District of Columbia and to ascertain what substantive law might control the legal issues in the case.

3.     Also on November 12, 2007, this Defendant propounded its First Request for Production of Documents or Tangible Things to the Plaintiff, Victoire Dumont, by mailing copies to her counsel.

4.     Attached hereto as "Exhibit A" is a copy of a letter to Plaintiff's counsel dated January 3, 2008, demanding Plaintiff's discovery responses on or before January 8, 2008 which is the deadline that Plaintiff's counsel established for responding concerning whether or not we would consent to the Plaintiff's Motion to Transfer.

5.     Defendants' know from Plaintiff's Notice of More Definite Statement that the Plaintiff was exposed to DES in France. Defendants' also know from Plaintiff's Notice of More Definite Statement that the Plaintiff alleges to be suffering from clear cell adenocarcinoma of the vagina and cervix. Plaintiff claims that this medical condition is as a result of her *in utero* exposure to DES.

6.     Today, counsel for Eli Lilly and this Defendant and Plaintiff's counsel have jointly filed a Consent Motion to Withdraw E.R. Squibb & Son, Inc.'s Motion to Compel and Joint Partial Consent Motion to Extend Time to File Defendants' Opposition to Plaintiff's Motion to Transfer.

7.     As indicated in the preceding Motion, this Defendant desires to take the limited deposition of the Plaintiff, Victoire Dumont, to explore issues directly related to Plaintiff's Motion to Transfer in the above-captioned case.

8.     This Defendant is also requesting the entry of an Order that would extend the time for the Defendants to respond to Plaintiff's Motion to Transfer until seven (7)

days after Plaintiff's responsive written discovery responses have been received, and seven (7) days after Plaintiff's limited deposition has been conducted.

**WHEREFORE**, E.R. Squibb & Sons, Inc. moves this Honorable Court to enter an Order in the form attached hereto or granting the relief prayed for in this Motion.

Respectfully submitted,


  /s/ Sidney G. Leech
Sidney G. Leech
D.C. Bar No. 359071
Malcolm S. Brisker
D.C. Bar No. 472101
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland  21202
(410) 783-4000
sgl@gdldlaw.com
*Attorneys for Defendant,*
*E.R. Squibb & Sons, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of January, 2008, a copy of E.R.
Squibb & Sons, Inc.'s Motion for Leave to Conduct a Limited Deposition of the Plaintiff
Concerning Issues Involved in Plaintiff's Motion to Transfer, Memorandum of Points and
Authorities in Support of Motion, Local Rule 7-M Certification and proposed Order were
mailed first-class, postage prepaid, to:

Aaron M. Levine, Esquire
Aaron M. Levine & Associates, P.A.
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036

Sybil Shainwald, Esquire
Roxanne DeFrancesco, Esquire
Law Offices of Sybil Shainwald
111 Broadway, 4th Floor
New York, NY 10006; *Attorneys for Plaintiffs*

Michelle R. Mangrum, Esquire
John Chadwick Coots, Esquire
Brandon J. Waggoner, Esquire
Shook Hardy & Bacon, LLP
600 14th Street, N.W., Suite 800
Washington, D.C. 20005-2004

David W. Brooks, Esquire
Shook Hardy & Bacon, LLP
2555 Grand Blvd.
Kansas City, Missouri 64109; *Attorneys for Defendant Eli Lilly & Company*

Elizabeth Ewert, Esquire
Drinker, Biddle Reath, LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209; *Attorneys for Upjohn Company; McNeil Lab, Inc.;
Merck & Company*

4

Elizabeth Ann Billingsley, Esquire
Troutman Sanders, LLP
1660 International Drive
Suite 600, Tysons Corner
McLean, Virginia 22102; *Attorneys for Dart Industries, Inc.*

Kathleen M. Bustraan, Esquire
Lord & Whip, P.A.
Charles Center South
36 South Charles Street – 10th Floor
Baltimore, Maryland  21201; *Attorneys for Lannett Company, Inc.*

Janet Coleman, Esquire
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, MD  21204; *Attorneys for Mallinckrodt, Inc.; Burroughs-Wellcome & Co.;
S.E. Massengill Co.*

Sarah S. Keast, Esquire
Goodwin Proctor, LLP
901 New York Avenue, Suite 900
Washington, D.C. 20001 ; *Attorneys for Premo Pharmaceutical Laboratories, Inc.*

Jennifer Gardner Levy, Esquire
Kirkland & Ellis
655 15th Street, N.W.
Washington, D.C.  20005-5793; *Attorneys for Abbott Laboratories, Inc.*

Jaime W. Luse, Esquire
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, Maryland  21202; *Attorneys for Carnrick Laboratories, Inc. n/k/a/
Elan Pharmaceuticals*

Robert M. Kelly, Esquire
Jackson & Campbell, P.C.
1120 20th Street, N.W., Suite 300-South
Washington, D.C.  20036; *Attorneys for Defendant Kremers-Urban Co.*

William David Sanders, Esquire
McGivney & Kluger, P.C.
23 Vreeland Road, Suite 220
Florham Park, NJ 07932; ***Attorneys for Rhone-Poulenc Rorer
Pharmaceuticals, Inc.***

/s/  Sidney G. Leech
Sidney G. Leech

# EXHIBIT A

# GOODELL, DeVRIES, LEECH & DANN, LLP

ATTORNEYS AT LAW
ONE SOUTH STREET, 20TH FLOOR
BALTIMORE, MARYLAND 21202

---

TELEPHONE (410) 783-4000

---

FACSIMILE (410) 783-4040

SIDNEY G. LEECH
SGL@GDLDLAW.COM
WRITER'S DIRECT NUMBER
410-783-4017
CONFIDENTIAL FAX NUMBER
410-951-0461

January 3, 2008

ADMITTED IN MARYLAND
AND THE
DISTRICT OF COLUMBIA

**VIA FACSIMILE & FIRST-CLASS MAIL**
**(212) 608-5863**
Sybil Shainwald, Esquire
111 Broadway, 4th Floor
New York, NY 10006

**VIA FACSIMILE & FIRST-CLASS MAIL**
**(202) 833-8046**
Aaron M. Levine, Esquire
Aaron M. Levine & Associates, P.A.
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036

   Re: Victoire Dumont v. E.R. Squibb & Sons, Inc., et al.
     Civil Action No.: 07-CV-1635 (JR)
     <u>Judge:  James Robertson</u>

Dear Ms. Shainwald and Mr. Levine:

   I represent E.R. Squibb & Sons, Inc. in the above-captioned case.  On November 12, 2007, I propounded on behalf of my client a First Set of Interrogatories to your client, Victoire Dumont in the above-captioned case.  On the same date, November 12th, I propounded a First Request for Production of Documents or Tangible Things to your client, Victoire Dumont.  As of this time, I have not received either your client's discovery responses, nor have I received a request for an extension of time within which to respond.

   Today, I received an e-mail from Benjamin J. Cooper at the law offices of Aaron Levine indicating that you desire to transfer this case to the Eastern District of New York and attaching an Affidavit from your client.

   This is a formal request for your client's discovery responses to the discovery propounded by E.R. Squibb & Sons, Inc. in the above-captioned case on or before Tuesday, January 8th, since that is the date that was put in Mr. Cooper's e-mail.  When we receive your client's executed discovery responses, we will then respond to your request to transfer the case.

Sybil Shainwald, Esquire
Aaron M. Levine, Esquire
January 3, 2008
Page 2


Thank you for your prompt attention to this matter.

Sincerely,

Sidney G. Leech

SGL/sls
cc:    All Counsel of Record

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VICTOIRE DUMONT                          *

       Plaintiff                       *

                                   Civil Action No.: 07-CV-01635

v.                                       *       (JR/AK)

ABBOTT LABORATORIES, INC.,               *
et al.
                                         *

       Defendants                      *

                     *

     *     *     *     *     *     *     *     *     *

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONDUCT A LIMITED DEPOSITION OF PLAINTIFF, VICTOIRE DUMONT

      E.R. Squibb & Sons, Inc. ("Squibb"), one of the Defendants, in support of its Motion to Conduct a Limited Deposition of the Plaintiff, Victoire Dumont, in the above-captioned case, says:

      Plaintiff's counsel has been contacted and has indicated that she will not consent to having the Plaintiff deposed on a limited basis, limited only to the issues involved in the Motion to Transfer. It is the position of Plaintiff's counsel that Plaintiff can only be deposed one time, and that that deposition must be used for all purposes.

      Pursuant to the provisions of Rule 26 and Rule 30 of the Federal Rules of Civil Procedure, the Court can allow defendants to conduct the deposition of the Plaintiff in the above-captioned case for the limited purpose of exploring issues involved in Plaintiff's Motion to Transfer.

The procedure that is being requested in this case is similar to the procedure that is followed when a plaintiff a files a Motion for Class Certification. The Court allows discovery to take place limited to the issues involving the Petition for Certification, after which briefing occurs and a hearing is held solely on the issue of whether or not a class should be certified or not. In this case, we are suggesting that in addition to written discovery, Defendants be allowed a limited deposition of the Plaintiff, Victoire Dumont, to explore the issues relating to the Plaintiff's Motion to Transfer. If the Court grants this relief, Defendants would not be precluded from conducting a full d eposition of the Plaintiff on all issues in the case at a later date.

Plaintiff's Motion to Transfer alleges that the Plaintiff was born in France and has resided in Centerport, New York since May of 2004. No other information is provided concerning where the Plaintiff has lived, where she was examined or treated, by whom she was examined or treated, where she has registered to vote, what country issued a passport to her, or other relevant information.

Even though Plaintiffs chose this forum in which to file her suit, she now attempts to have the case transferred to the United States District Court for the Eastern District of New York, and Defendants are entitled to a full and fair opportunity to explore the facts that might relate to whether or not this case should be transferred pursuant to §1404(a) or the common law doctrine of *forum non conveniens*.

2

## CONCLUSION

For the grounds set forth in this Memorandum, Defendant, E.R. Squibb & Sons, Inc., moves this Honorable Court to grant the relief requested in this Motion and Memorandum and requested in the attached proposed Order.

Respectfully submitted,

_/s/ Sidney G. Leech_____
Sidney G. Leech
D.C. Bar No. 359071
Malcolm S. Brisker
D.C. Bar No. 472101
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
(410) 783-4000
sgl@gdldlaw.com
**_Attorneys for Defendant,_**
**_E.R. Squibb & Sons, Inc._**

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VICTOIRE DUMONT                              *

       Plaintiff                          *

                                     Civil Action No.: 07-CV-01635
v.                                           *       (JR/AK)

ABBOTT LABORATORIES, INC.,                   *
et al.
                                  *

       Defendants                         *

*     *     *     *     *     *     *     *     *

## LOCAL RULE 7(m) CERTIFICATION

Counsel for Defendant E.R. Squibb & Sons, Inc. certifies that he has spoken with Plaintiff's counsel, Sybil Shainwald and has indicated to Plaintiff's counsel the relief which he is requesting in the accompanying Motion. Plaintiff's counsel, in the person of Sybil Shainwald, indicated that she would not agree to the relief requested. The conversation took place on Friday, January 18, 2008.

                                   Respectfully submitted,

                                   /s/ Sidney G. Leech
                                   Sidney G. Leech
                                   D.C. Bar No. 359071
                                   Malcolm S. Brisker
                                   D.C. Bar No. 472101
                                   Goodell, DeVries, Leech & Dann, LLP
                                   One South Street, 20th Floor
                                   Baltimore, Maryland 21202
                                   (410) 783-4000
                                   sgl@gdldlaw.com
                                   *Attorneys for Defendant,*
                                   *E.R. Squibb & Sons, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VICTOIRE DUMONT | * | |
| Plaintiff | * | Civil Action No.: 07-CV-01635 (JR/AK) |
| v. | * | |
| ABBOTT LABORATORIES, INC., et al. | * | |
| | * | |
| Defendants | * | |

* * * * * * * * *

**ORDER**

Having read and considered the Motion to Conduct the Limited Deposition of the Plaintiff, Victoire Dumont, and the Memorandum of Points and Authorities in Support thereof, and having been advised that Plaintiff's counsel opposes the grant of the requested relief, it is

ORDERED this ____ day of _________________, 2008, that Defendants are allowed to conduct the limited deposition of the Plaintiff, Victoire Dumont, that the deposition be limited to issues involved in Plaintiff's Motion to Transfer, and that Defendants be granted seven (7) days after the completion of the deposition within which to file their Opposition to Plaintiff's Motion to Transfer in the above-captioned case.

____________________________________
Magistrate Judge Alan Kay
United States District Court for the
District of Columbia