UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

VICTOIRE DUMONT                                    Civil Action No.: 07-1635 (JR)(AK)

      Plaintiff,

v.

ABBOTT LABORATORIES, INC.,
*et al.,* including RHONE-POULENC RORER
PHARMACEUTICALS, INC. p/k/a William H. Rorer, Inc.
c/o Aventis Pharmaceuticals, Inc.
55 Corporate Drive
Bridgewater, New Jersey 08807

      Defendants.

## ANSWER AND AFFIRMATIVE DEFENSES
## OF DEFENDANT AVENTIS PHARMACEUTICALS, INC. ,
## F/K/A RHONE-POULENC RORER PHARMACEUTICALS, INC.,
## A SUCCESSOR IN INTEREST TO WILLIAM H. RORER, INC.

Defendant Aventis Pharmaceuticals, Inc., f/k/a Rhone-Poulenc Rorer Pharmaceuticals, Inc., a successor in interest to William H. Rorer, Inc., ("Aventis"), which has a principal place of business at 55 Corporate Drive Bridgewater, New Jersey 08807, by and through its attorneys McGivney & Kluger, P.C., state by way of answer to the Complaint of the plaintiff Victoire Dumont, states as follows:

## JURISDICTION

1.    Aventis is without information sufficient to form a belief as to the truth of the allegations as to the amount-in-controversy of this matter or the residence of the named defendants as alleged in Paragraph 1 of the Complaint.

2.    Aventis is without information sufficient to form a belief as to the truth of the allegations as to the residence of the plaintiff.

3. Aventis is without information sufficient to form a belief as to the truth of the allegations as to the residence of the defendant set forth in Paragraph 3 of the Complaint.

4. Aventis is without information sufficient to form a belief as to the truth of the allegations as to the residence of the defendant set forth in Paragraph 4 of the Complaint.

5. Aventis is without information sufficient to form a belief as to the truth of the allegations as to the residence of the defendant set forth in Paragraph 5 of the Complaint.

6. Aventis is without information sufficient to form a belief as to the truth of the allegations as to the residence of the defendant set forth in Paragraph 6 of the Complaint.

7. Aventis is without information sufficient to form a belief as to the truth of the allegations as to the residence of the defendant set forth in Paragraph 7 of the Complaint.

8. Aventis is without information sufficient to form a belief as to the truth of the allegations as to the residence of the defendant set forth in Paragraph 8 of the Complaint.

9. Aventis is without information sufficient to form a belief as to the truth of the allegations as to the residence of the defendant set forth in Paragraph 9 of the Complaint.

10. Aventis is without information sufficient to form a belief as to the truth of the allegations as to the residence of the defendant set forth in Paragraph 10 of the Complaint.

11. Aventis is without information sufficient to form a belief as to the truth of the allegations as to the residence of the defendant set forth in Paragraph 11 of the Complaint.

12. Aventis is without information sufficient to form a belief as to the truth of the allegations as to the residence of the defendant set forth in Paragraph 12 of the Complaint.

13. Aventis is without information sufficient to form a belief as to the truth of the allegations as to the residence of the defendant set forth in Paragraph 13 of the Complaint.

14. Aventis is without information sufficient to form a belief as to the truth of the

allegations as to the residence of the defendant set forth in Paragraph 14 of the Complaint.

16. Aventis is without information sufficient to form a belief as to the truth of the allegations as to the residence of the defendant set forth in Paragraph 15 of the Complaint.

16. Aventis denies the allegations of Paragraph 16 of the Complaint except that it admits that William H. Rorer, Inc., is a Pennsylvania corporation with its principal place of business in Pennsylvania.

17. Aventis is without information sufficient to form a belief as to the truth of the allegations as to the residence of the defendant set forth in Paragraph 17 of the Complaint.

18. Aventis is without information sufficient to form a belief as to the truth of the allegations as to the residence of the defendant set forth in Paragraph 18 of the Complaint.

19. Aventis is without information sufficient to form a belief as to the truth of the allegations as to the residence of the defendant set forth in Paragraph 19 of the Complaint.

## FACTUAL BACKGROUND

20. Aventis is without information sufficient to form a belief as to the truth of all of the the allegations as to each defendant herein set forth in Paragraph 21 of the Complaint.

21. Aventis admits that, at various times, certain of the defendants were in the business of and did create, design, manufacture, test, formulate, advertise, market, promote, sell and/or distribute the drug DES. Aventis admits that at no time was DES promoted in the prevention of miscarriages and accidents in pregnancy and that it did secure approval of the United States Food & Drug Administration ("FDA") to publicly sell DES.

22. Aventis denies the allegations set forth in Paragraph 22 of the Complaint, except that it admits that its predecessors-in-interest: secured approval of the FDA to publicly sell DES;

3

made appropriate statements in its filings with the FDA; and did not promote DES for the prevention of miscarriages and accidents in pregnancy.

23. Aventis denies the allegations set forth in Paragraph 23 of the Complaint, except that it admits that its predecessors-in-interest: secured approval of the FDA to publicly sell DES; made appropriate statements in its filings with the FDA; and did not promote DES for the prevention of miscarriages and accidents in pregnancy.

24. Aventis denies the allegations of Paragraph 24 of the Complaint to the extent they are directed to Aventis.

25. Aventis denies the allegations of Paragraph 25 of the Complaint to the extent they are directed to Aventis.

26. Aventis denies the allegations of Paragraph 26 of the Complaint to the extent they are directed to Aventis.

27. Aventis denies the allegations of Paragraph 27 of the Complaint to the extent they are directed to Aventis.

28. Aventis denies the allegations of Paragraph 28 of the Complaint to the extent they are directed to Aventis.

29. Aventis denies the allegations of Paragraph 29 of the Complaint to the extent they are directed to Aventis.

30. Aventis denies the allegations of Paragraph 30 of the Complaint to the extent they are directed to Aventis.

31. Aventis denies the allegations of Paragraph 31 of the Complaint to the extent they are directed to Aventis.

32. Aventis denies the allegations of Paragraph 32 of the Complaint to the extent they are directed to Aventis.

## FIRST CLAIM FOR RELIEF
(Strict Products Liability)

33. Aventis repeats, reiterates and realleges each and every response to each and every allegation of Paragraphs 1-32 of the Complaint as if set forth at length herein.

34. Aventis denies the allegations of Paragraph 34 of the Complaint to the extent they are directed to Aventis.

35. Aventis denies the allegations of Paragraph 35 of the Complaint to the extent they are directed to Aventis.

36. Aventis denies the allegations of Paragraph 36 of the Complaint to the extent they are directed to Aventis.

37. Aventis denies the allegations of Paragraph 37 of the Complaint to the extent they are directed to Aventis.

38. Aventis denies the allegations of Paragraph 38 of the Complaint to the extent they are directed to Aventis.

39. Aventis denies the allegations of Paragraph 39 of the Complaint to the extent they are directed to Aventis.

39. Aventis denies the allegations of Paragraph 39 of the Complaint to the extent they are directed to Aventis.

40. Aventis denies the allegations of Paragraph 40 of the Complaint to the extent they are directed to Aventis.

41. Aventis denies the allegations of Paragraph 41 of the Complaint to the extent they are directed to Aventis.

44. Aventis denies the allegations of Paragraph 44 of the Complaint to the extent they are directed to Aventis.

## SECOND CLAIM FOR RELIEF
(Negligence)

45. Aventis repeats, reiterates and realleges each and every response to each and every allegation of Paragraphs 1-44 of the Complaint as if set forth at length herein.

46. Aventis denies the allegations of Paragraph 46 of the Complaint, and each subpart thereof, to the extent they are directed to Aventis.

47. Aventis denies the allegations of Paragraph 47 of the Complaint to the extent they are directed to Aventis.

48. Aventis denies the allegations of Paragraph 48 of the Complaint, and each subpart thereof, to the extent they are directed to Aventis.

49. Aventis denies the allegations of Paragraph 49 of the Complaint to the extent they are directed to Aventis.

## THIRD CLAIM FOR RELIEF
(Breach of Express Warranty)

50. Aventis repeats, reiterates and realleges each and every response to each and every allegation of Paragraphs 1-49 of the Complaint as if set forth at length herein.

51. Aventis denies the allegations of Paragraph 51 of the Complaint to the extent they are directed to Aventis.

52. Aventis denies the allegations of Paragraph 52 of the Complaint to the extent they are directed to Aventis

53. Aventis denies the allegations of Paragraph 53 of the Complaint to the extent they are directed to Aventis.

54. Aventis denies the allegations of Paragraph 54 of the Complaint to the extent they are directed to Aventis

55. Aventis denies the allegations of Paragraph 55 of the Complaint to the extent they are directed to Aventis.

### FOURTH CLAIM FOR RELIEF
(Breach of Implied Warranty)

56. Aventis repeats, reiterates and realleges each and every response to each and every allegation of Paragraphs 1-55 of the Complaint as if set forth at length herein.

57. Aventis denies the allegations of Paragraph 57 of the Complaint to the extent they are directed to Aventis.

58. Aventis denies the allegations of Paragraph 58 of the Complaint to the extent they are directed to Aventis

59. Aventis denies the allegations of Paragraph 59 of the Complaint to the extent they are directed to Aventis.

60. Aventis denies the allegations of Paragraph 60 of the Complaint to the extent they are directed to Aventis

61. Aventis denies the allegations of Paragraph 61 of the Complaint to the extent they are directed to Aventis.

### FIFTH CLAIM FOR RELIEF
(Fraudulent Misrepresentation)

61. Aventis repeats, reiterates and realleges each and every response to each and every allegation of Paragraphs 1-61 of the Complaint as if set forth at length herein.

62. Aventis denies the allegations of Paragraph 62 of the Complaint to the extent they are directed to Aventis.

63. Aventis denies the allegations of Paragraph 63 of the Complaint to the extent they are directed to Aventis

64. Aventis denies the allegations of Paragraph 65 of the Complaint to the extent they are directed to Aventis.

65. Aventis denies the allegations of Paragraph 65 of the Complaint to the extent they are directed to Aventis

66. Aventis denies the allegations of Paragraph 66 of the Complaint to the extent they are directed to Aventis.

67. Aventis denies the allegations of Paragraph 67 of the Complaint to the extent they are directed to Aventis.

68. Aventis denies the allegations of Paragraph 68 of the Complaint to the extent they are directed to Aventis

69. Aventis denies the allegations of Paragraph 69 of the Complaint to the extent they are directed to Aventis.

70. Aventis denies the allegations of Paragraph 70 of the Complaint to the extent they are directed to Aventis; except that it admits its predecessors-in-interest secured approval of the FDA to publicly sell DES; made appropriate statements in its filings with the FDA; and did not promote DES for the prevention of miscarriages and accidents in pregnancy.

71. Aventis denies the allegations of Paragraph 71 of the Complaint to the extent they are directed to Aventis.

72. Aventis denies the allegations of Paragraph 72 of the Complaint to the extent they are directed to Aventis

73. Aventis denies the allegations of Paragraph 73 of the Complaint to the extent they are directed to Aventis.

WHEREFORE, Aventis demands judgment dismissing plaintiff's Complaint with prejudice, together with such costs and attorney's fees as may be awarded pursuant to law.

### AFFIRMATIVE DEFENSES

1. Any and all damages sustained by plaintiffs were the result of plaintiff's own acts or omissions and/or the acts or omissions of a third party or third parties over whom Aventis had neither control nor a right of control.

2. Plaintiff is barred from recovery, in whole or in part, because of plaintiff's own contributory and/or comparative negligence, pursuant to applicable law.

3. Plaintiff has failed to include and join in this action all identifiable and indispensable parties without whom in equity and fairness this action should not proceed and this action should be dismissed to the extent such parties cannot be joined.

4. Plaintiff has been unable to identify Aventis as the party causing her any of her alleged injuries, and therefore she failed to state a claim upon which relief can be granted against Aventis.

5. Plaintiff's mother undertook to use the product at issue with knowledge of the risks of utilizing it and assumed the risk(s) thereof.

**6.** Any injury that plaintiff may have suffered was the result of acts or omissions that superseded or intervened to overcome any alleged acts or omissions of Aventis.

7.  To the extent that the laws of the State of New York may provide the rule of decision for this matter, Aventis alleges all defenses that are available to it pursuant thereto, including the Civil Practice Law and Rules of New York.

8.  Venue in the United States District Court for the District of Columbia is improper, and/or the Court may transfer the case to a United States District Court where venue is proper and/or the convenience of the parties and witnesses is better served pursuant to the applicable Federal Rules of Civil Procedure and/or the doctrine of *forum non conveniens.*

9.  Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

10. The delay of plaintiff in commencing suit against Aventis is inexcusable and Aventis has suffered prejudice thereby, and the plaintiff's Complaint is barred by laches.

11. Plaintiff has knowingly and intelligently waived her rights and the Complaint is barred to that extent.

12. The Complaint fails to state, in whole or in part, a claim upon which relief may be granted.

13. Aventis breached no duty and owed no duty to plaintiff.

14. At all relevant times, Aventis acted in conformity with the state-of-the-art and in conformity with generally recognized and prevailing standards.

15. Aventis denies that there existed any warranties, either expressed or implied, between Aventis and the plaintiff and/or her mother.  Even if such warranties existed, the plaintiff's claims for breach of warranty are barred by their failure to comply with notice provisions required by the Uniform Commercial Code or applicable law.

16. Neither plaintiff nor her mother relied on any statement, representation or warranty by or from Aventis.

17. Should Aventis be held liable to plaintiff, which liability is specifically denied, Aventis would be entitled to a set-off for the total of all amounts paid to the plaintiffs from all collateral sources.

18. To the extent plaintiff has settled, and/or released any party to this action, then Aventis' liability shall be reduced thereby under applicable law.

19. Recovery of any alleged damages by plaintiff against Aventis is limited by the doctrine of avoidable consequences.

20. Plaintiff has failed to take reasonable steps to mitigate her damages and, to that extent, she is barred from recovery.

21. To the extent plaintiff has taken steps to mitigate their damages which were unreasonable or inadequate, any recover to plaintiffs is reduced thereby.

22. Any claims for punitive damages are barred by the provisions of all applicable local laws pertaining thereto.

23. Aventis demands that any claims for punitive damages should be bifurcated from plaintiffs' case-in-chief and be the subject of a separate trial.

24. The injury complained of was caused by the misuse or alteration of the product(s).

25. Plaintiff's Complaint is barred to the extent plaintiff seeks the imposition of liability against Aventis based upon any action of Aventis that was taken in accordance with applicable federal statutes or regulations.

26. Plaintiff's alleged causes of action contained in the Complaint may be barred by applicable statutes of limitation or by the doctrine of laches.

26.     Plaintiff's claims of fraud are barred to the extent they fail to so allege with sufficient particularity to permit a response and they are thus barred by Fed. R. Civ. Pro. 9.

26.     The plaintiff has been unable to identify Aventis as the defendant causing the alleged injuries, and therefore have failed to state a cause of action against this defendant.

27.     Plaintiff lacks capacity and standing to sue by reason of the fact that no duty was owed to her by Aventis at the time her mother allegedly used the drug referred to in the Complaint or by the reason of the doctrine of *en ventre sa mere* and, therefore, plaintiff has failed to state facts sufficient to state a claim upon which relief can be granted.

28.     Plaintiff's Complaint fails to state a claim upon which relief can be granted to the extent the drug referred to in the Complaint is responsible for her birth.

29.     If in fact the mother of plaintiff used the product referred to in the Complaint, upon information and belief, said product was used for a purpose and in a manner not intended or recommended by the manufacturer or distributor thereof and over which Aventis had no control.

30.     To the extent that plaintiff is unable to identify the manufacturer of the product which she alleges caused her injury, imposition of liability on Aventis would constitute a taking of private property for public use in violation of Aventis's rights under the Constitution of the United States, including, but not limited to, its right to: equal protection of the laws; protection against deprivation of property without due process of law; be free of retroactive penalties; and protection against the taking of its private property for a public use without just compensation therefor.

WHEREFORE, Aventis demands judgment dismissing plaintiffs' Complaint with prejudice, the expense of defense and costs of suit, and for such other relief as this Court may deem appropriate.

## JURY DEMAND

Aventis hereby demands a trial by jury on all issues herein.

> McGIVNEY & KLUGER, P.C.
> 23 Vreeland Road
> Suite 220
> Florham Park, New Jersey 07932
> (973) 822-1110
> Attorneys for defendant Aventis Pharmaceuticals, Inc., f/k/a Rhone-Poulenc Rorer Pharmaceuticals, Inc., a successor in interest to William H. Rorer, Inc.,.
>
> By: *William D. Sanders*
>      William D. Sanders (WS 2511)

Dated: January 23, 2008