IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VICTOIRE DUMONT,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | Civil Action No.: 07-CV-01635 (JR) |
| ] | Next Event: |
| **THE ABBOTT LABORATORIES, INC.,** ] | Plaintiff's Rule 26(a)(2) Reports |
| **et al.,** ] | Due May 15, 2008 |
| ] | |
| **Defendant.** ] | |

**PLAINTIFF'S MOTION PURSUANT TO F.R.C.P. 54(b) TO RECONSIDER ITS ORDER OF JANUARY 25, 2008 GRANTING DEFENDANT E.R. SQUIBB & SONS, INC. LEAVE TO CONDUCT A LIMITED DEPOSITION OF PLAINTIFF**

COMES NOW Plaintiff Victoire Dumont ("Plaintiff" or "Dumont"), through counsel, and moves under Federal Rule of Civil Procedure 54(b) for reconsideration of this Court's January 25, 2008 Order granting Defendant E.R. Squibb and Sons, Inc. ("Squibb") leave to conduct a "limited" deposition of Plaintiff, and as grounds therefore states:

1.     This is a products liability and personal injury case for injuries sustained by Plaintiff including, but not limited to adenocarcinoma of the vagina and cervix and infertility, as a result of her embryonic exposure to Diethylstilbestrol ("DES"), and its components.

2.     On or about January 3, 2008 Plaintiff's counsel provided an Affidavit from Plaintiff outlining this case's connection to the Eastern District of New York and, in accordance with Local Rule ("LCvR") 7(m) requested Defendants' consent to transfer the case to the Eastern District of New York. While one Defendant consented to the transfer, Squibb, through its District of Columbia counsel,[1] denied Plaintiff's request and, consistent with its

---

[1] Notably, Defendant Squibb is represented by a different law firm, Sedgwick, Detert, Moran & Arnold, in all of its DES cases before the Eastern District of New York, to where Defendant Squibb--through its local counsel-- denies its consent to transfer this case.

previous conduct in the case, engaged in motion practice without first attempting to circumvent the motion practice by conferring with Plaintiff as is required by LCvR 7(m).

3. On or about January 8, 2008 Plaintiff filed a Motion to Transfer this case to the Eastern District of New York.

4. On or about January 9, 2008 Squibb filed a motion to compel Plaintiff to respond to its Interrogatories and Request for Production of Documents.

5. On or about January 18, 2008 Plaintiff's counsel communicated with Squibb's local counsel and collectively, counsel agreed to an extension of time for Plaintiff to respond to the written discovery requests by February 5, 2008. At the same time, Plaintiff consented to an extension of time for Defendants Squibb and Lilly to oppose its Motion to Transfer until seven (7) business days after receipt of Plaintiff's written discovery responses.

6. Accordingly, to address the <u>timing</u> of Plaintiff's written discovery responses and Defendants' opposition to Plaintiff's motion, on January 22, 2008 the parties filed a "Consent Motion to Withdraw [Squibb]'s Motion to Compel and a Joint Partial Consent Motion to Extend Time to File Defendant [Lilly]'s and [Squibb]'s Opposition to Plaintiff's Motion to Transfer." Plaintiff expressly did not consent to the timing (or scope) of Plaintiff's deposition that Squibb proposed. Specifically, Plaintiff did not agree to Squibb getting an extension of time to oppose its Motion to Transfer until a time after Plaintiff's deposition. This document is labeled "Document 46" in PACER.

7. To clarify Plaintiff's disagreement regarding the <u>timing</u> of Plaintiff's deposition, which was the subject matter of the joint partial consent motion, Plaintiff submitted its own version proposed Order filed in conjunction with the consent/joint partial

2

consent motion. This proposed order was filed as "Opposition" in the ECF system filed as related to Document 46--<u>not</u> Document 45.

8. On the same date, January 22, 2008, Squibb filed a separate motion addressing the <u>scope</u> of Plaintiff's deposition. Specifically, Squibb filed a "Motion for Leave to Conduct a *Limited* Deposition of Plaintiff Concerning Issues Involved in Plaintiff's Motion to Transfer." (emphasis added) This document is labeled "Document 45" in PACER. Squibb's counsel did not seek consent for this motion under LCvR 7(m) and did not make the required certification under LCvR 7(m).

9. Under LCvR 7(b), Plaintiff's Opposition to Defendant Squibb's Motion regarding the scope of Plaintiff's deposition, Document 45, would have been due on February 4, 2008.

10. On January 25, 2008, this Court entered a Minute Order granting, among other things, "[Squibb]'s motion for leave [45];" however, Plaintiff had not yet opposed this motion, and its time for doing so had not yet elapsed.

11. Insofar as Plaintiff did not have the opportunity to oppose Squibb's motion, Document 45, which addresses the scope of inquiry sought by Squibb's motion, Plaintiff respectfully submits this motion for reconsideration. Specifically, Plaintiff submits that she need only be deposed once and opposes Squibb's motion seeking leave to depose the Plaintiff twice, once "concerning issues involved in Plaintiff's Motion to Transfer" and ostensibly a second time "to later take plaintiff's full discovery deposition in this matter." *See* Proposed Order, Document #46.

12. In support of this motion, Plaintiff relies upon the memorandum of points and authorities submitted herewith.

**WHEREFORE**, Plaintiff Victoire Dumont move this Honorable Court to enter an Order in the above-captioned case consistent with the proposed Order attached hereto.

Respectfully submitted,

*/s/ Brandon J. Levine*

Brandon J. Levine (#412130)
Law Offices of Aaron M. Levine & Associates
1320 Nineteenth St., N.W., 5th Floor
Washington, D.C. 20036

and

The Law Offices of Sybil Shainwald, P.C.
111 Broadway, Suite 403
New York, NY 10006
(212) 425-5566

## CERTIFICATION UNDER LCvR 7(m)

Plaintiff, through counsel, asked counsel for Defendant Bristol-Myers Squibb for consent to this motion. Counsel for Squibb refused consent.

*/s/ Brandon J. Levine*
Brandon J. Levine (#412130)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VICTOIRE DUMONT,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | Civil Action No.: 07-CV-01635 (JR) |
| ] | Next Event: |
| **THE ABBOTT LABORATORIES, INC.,** ] | Plaintiff's Rule 26(a)(2) Reports |
| **et al.,** ] | Due May 15, 2008 |
| ] | |
| **Defendant.** ] | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF HER MOTION PURSUANT TO F.R.C.P. 54(b) FOR
RECONSIDERATION OF THIS COURT'S ORDER OF JANUARY 25, 2008
GRANTING DEFENDANT E.R. SQUIBB & SONS, INC. LEAVE TO CONDUCT A
<u>LIMITED DEPOSITION OF PLAINTIFF</u>**

**I.     INTRODUCTION**

Plaintiff Victoire Dumont brought this suit to compensate for cancer, infertility and other injuries caused by Plaintiff's exposure *in utero* to diethylstilbestrol ("DES"). Plaintiff currently seeks this Honorable Court's reconsideration of its Order of January 25, 2008 granting Defendant E.R. Squibb & Sons, Inc.'s ("Squibb"'s) Motion for Leave to Conduct a Limited Deposition of the Plaintiff without consideration of Opposition filed by Plaintiff. While Plaintiff opposed the <u>timing</u> of Squibb potentially deposing Plaintiff (i.e. prior to submitting its opposition to Plaintiff's Motion to Transfer) by submitting a proposed Order linked to the parties' Consent Motion and Joint Partial Consent Motion, Plaintiff never received the opportunity to oppose Squibb's attempt to get "two bites at the apple" by obtaining this Court's leave to conduct a limited deposition of Plaintiff, while reserving its

1

"right to later take plaintiff's full discovery deposition." *See* Exhibit A, Squibb's Proposed Order, Document 46-2. In this regard, Plaintiff seeks this Honorable Court's reconsideration pursuant to Federal Rule of Civil Procedure ("F.R.C.P. 54(b)").

## II.    STANDARD OF REVIEW FOR RECONSIDERATION

F.R.C.P. 54(b) governs reconsideration of orders that do no constitute final judgments in a case. *Cobell v. Norton*, 355 F.Supp.2d 531, 539 (D.D.C. 2005*). Rule 54(b)* provides that:

> any order or other form of decision, however, designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties…is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

This Court may permit revision "as justice requires." *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004). Justice may require revision when the Court has "patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court." *Id.*

"This district court's discretion to reconsider a non-final ruling is, however, limited by the law of the case doctrine and 'subject to the caveat that were litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *In re Ski Train Fire in Kaprun, Austria, on November 11, 2004*, 224 F.R.D. 543, 546 (S.D.N.Y. 2004).

In this instant case, Plaintiff respectfully submits the within motion in the event that the Court misunderstood its opposition to the Joint Partial Consent Motion, and in the event the Court mistook that Plaintiff's "opposition," or its alternate proposed Order for Document 46, for Plaintiff's Opposition to Squibb's Motion for Leave, Document 45. The specific

2

difference between the two motions is that while the Joint Partial Consent Motion addressed the timing of Plaintiff's deposition (i.e. Plaintiff submitted that it need not take place prior to Defendants opposing its Motion to Transfer), the Motion for Leave addressed the time <u>and</u> <u>scope</u> of Plaintiff's deposition. As such, Plaintiff is entitled to the opportunity to oppose that motion.

### III.    ALLOWING TWO DEPOSITIONS OF PLAINTIFF WOULD BE UNREASONABLY CUMULATIVE, DUPLICATIVE, UNDULY    BURDENSOME, AND WOULD ADD NO BENEFIT TO DEFENDANT

F.R.C.P. 30(a)(2)(b) essentially provides that leave of court, to the extent consistent with F.R.C.P. 26(b)(2), may be granted to allow for two depositions of the same witness. F.R.C.P. 26(b)(2) allows for limitations in the discovery process, and reads in pertinent part:

> …The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought, or (iii) the burden or expense of the proposed discovery outweighs its …the importance of the proposed discovery in resolving the issues…

In this case, Defendant Squibb seeks leave to conduct a "limited" of Plaintiff so that it may oppose Plaintiff's Motion to Transfer the case. Absolutely no benefit will flow to Defendant from requiring Plaintiff to appear for two separate depositions--one concerning "issues involved in Plaintiff Motion to Transfer," and one for Plaintiff's "full discovery deposition." Plaintiff believes that a "limited" deposition is not necessary because any and all information relevant to a motion to transfer may be obtained through written discovery. Nevertheless, should this Honorable Court maintain that Plaintiff's deposition testimony upon oral examination is necessary for Defendants to oppose Plaintiff's Motion to Transfer,

Plaintiff contends that she should be deposed fully and only once--albeit prior to Defendants' submission of its opposition to Plaintiff's motion to transfer the case. Indeed, a requirement that Plaintiff be deposed twice would be unduly burdensome and unreasonably duplicative. Furthermore, the proposed expense involved with Plaintiff and her counsel having to prepare twice for a deposition and having to travel from New York to appear in the District of Columbia twice for a deposition that could be concluded in one sitting is unduly burdensome in light of circumstances of this case. Indeed, the onus should be on the Defendant to show why it cannot complete Plaintiff's full deposition at one time before leave is granted.

## IV. SQUIBB'S MOTION SHOULD BE DENIED BECAUSE SQUIBB FAILED TO COMPLY WITH LOCAL CIVIL RULE 7(m)

The District of Columbia's local rules provide in pertinent part:

> Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a good faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement…A party shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed.

*LCvR 7(m)*.

Failure to comply with the duty to confer requirement set forth in these rules is grounds for dismissing a motion. *U.S. ex rel Hocket v. Columbia/HCA Healthcare, Corp.*, 498 F. Supp. 2d 25, 34 (D.D.C. 2007)(counsel's failure to attach a certification that she had conferred with opposing counsel before filing a motion seeking leave to file a surreply was grounds for denying the motion); *see also Equal Rights Center v. Post Properties, Inc.*, 246 F.R.D. 29, 31 (D.D.C. 2007). Accordingly, in that Squibb failed to meet its obligation under LCvR 7(m) by explicitly conferring about its motion for leave and including a certification to that effect with its moving papers, its motion seeking leave should be dismissed.

**CONCLUSION**

In light of the foregoing, Plaintiff respectfully moves this Honorable Court to reconsider its Order of January 25, 2008 granting Defendant Squibb's Motion for Leave, and to deny Squibb leave to depose the Plaintiff on more than one occasion.

                                               Respectfully submitted,

                                               ***/s/ Brandon J. Levine***

                                               Brandon J. Levine (#412130)
                                               Law Offices of Aaron M. Levine & Associates
                                               1320 Nineteenth St., N.W., 5th Floor
                                               Washington, D.C. 20036

                                               and

                                               The Law Offices of Sybil Shainwald, P.C.
                                               111 Broadway, Suite 403
                                               New York, NY 10006
                                               (212) 425-5566

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VICTOIRE DUMONT,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | Civil Action No. 07-CV-01635 (JR/AK) |
| v. ] | |
| ] | |
| **ABBOTT LABORATORIES, INC., et al.,** ] | **(PROPOSED) ORDER** |
| ] | |
| **Defendants.** ] | |

Upon consideration of Plaintiff's Motion for Reconsideration of E.R. Squibb and Sons, Inc. ("Squibb") Motion for Leave to Conduct a Limited Deposition of the Plaintiff Concerning Issues Involved in Plaintiff's Motion to Transfer,

IT IS HEREBY ORDERED on this _____ day of _____, 2008 that Plaintiff's Motion for Reconsideration is GRANTED, and that Defendant E.R. Squibb's Motion for Leave to Conduct a Limited Deposition of the Plaintiff Concerning Issues Involved in Plaintiff's Motion to Transfer is DENIED.  IT IS FURTHER ORDERED that Defendants may not depose Plaintiff Victoire Dumont on more than one occasion without further leave of Court.


Dated: _____, 2008         _____
                                        The Honorable James Robertson
                                        United States District Judge