## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VICTOIRE DUMONT** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| ) | **CIVIL ACTION No. 1:07-CV-01635 (JR)** |
| **vs.** ) | |
| ) | |
| ) | |
| **ABBOTT LABORATORIES, INC., et al.,** ) | |
| ) | |
| **Defendants**. ) | |
| ) | |

## DEFENDANT ELI LILLY AND COMPANY'S
## MOTION TO COMPEL DISCOVERY

COMES NOW defendant Eli Lilly and Company ("Lilly") and respectfully requests that this Court enter an Order compelling plaintiff to fully respond to Defendant Eli Lilly and Company's First Set of Interrogatories to Plaintiff Victoire Dumont and Defendant Eli Lilly and Company's First Requests for Production of Documents and Tangible Things to Plaintiff Victoire Dumont. It support of its motion, Lilly states as follows:

1. Plaintiff filed this action on September 17, 2007.

2. Lilly propounded its first set of interrogatories to plaintiff by mailing copies of that pleading to plaintiff's counsel, Ms. Shainwald and Mr. Levine, on November 30, 2007.

3. Lilly propounded its first requests for production of documents to plaintiff by mailing copies of that pleading to Ms. Shainwald and Mr. Levine, on November 30, 2007.

4. On January 8, 2008, plaintiff's counsel filed a motion to transfer this case to the Eastern District of New York, alleging that plaintiff has resided in New York since May of 2004, suffered her injuries in New York, and has treating physicians in New York. *See* Motion to

Transfer at 1-2 [Docket No. 41].

     5.     Plaintiff's responses to Lilly's initial discovery requests were due on January 2, 2008. Defendants agreed to extend the deadline for receipt of plaintiff's responses to February 5, 2008, and plaintiff agreed to extend defendants' time period to respond to plaintiff's motion to transfer. *See* Consent Motion to Withdraw Squibb Motion to Compel and Partial Consent Motion to Extend Time to Oppose Plaintiff's Motion to Transfer. [Docket No. 46]. Lilly finally received plaintiff's deficient responses to its discovery requests on February 12, 2008.

     6.     Plaintiff's discovery responses are deficient in many material respects.

     7.     Lilly wrote to plaintiff's counsel on February 19, 2008 and March 17, 2008, in an attempt to resolve this discovery issue without Court intervention. Plaintiff's lead counsel, Ms. Shainwald, did not respond to Lilly's correspondence.

     8.     Lilly needs complete responses to its discovery requests to effectively analyze and respond to plaintiff's motion to transfer and to prepare for trial. The discovery cut-off in this case is September 26, 2008.

     9.     Counsel for Lilly certifies that it has used good faith efforts to resolve this discovery dispute in accordance with Federal Rule of Civil Procedure 37(a)(1) (2008 ed.) and Local Civil Rule 7(m). Those efforts have been unsuccessful due to plaintiff's failure to respond to Lilly's correspondence.

     WHEREFORE, Lilly respectfully requests that this Court enter the attached proposed Order compelling plaintiff's full and complete answers, within 5 business days of the date of the Order**,** to Lilly's first set of interrogatories and first requests for production of documents or tangible things.

Respectfully submitted,

SHOOK, HARDY & BACON, L.L.P

/s/ Michelle R. Mangrum
Michelle R. Mangrum, USDC No. 473634
John Chadwick Coots, D.C. Bar No. 461979
SHOOK, HARDY & BACON, L.L.P
600 14TH Street, N.W., Suite 800
Washington, D.C.  20005-2004
Phone: (202) 783-8400; Fax: (202) 783-4211

and

David W. Brooks
Jonathan H. Gregor
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, Missouri  64108-2613
Phone: (816) 474-6550; Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

## **L.Cv.R. 7(m) CERTIFICATION**

Counsel for Lilly has attempted to confer with plaintiff's counsel, as required by L.Cv.R. 7(m), concerning the relief sought in this motion, however, plaintiff's counsel failed to respond to Lilly's correspondence.

/s/ Michelle R. Mangrum
**ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY**

2776821v2

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, this 22nd day of April, 2008, which sent notification of such filing to all counsel of record listed below.

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C.  20036
**Attorneys for Plaintiff**

Sybil Shainwald
Roxanne DeFrancesco
Law Offices of Sybil Shainwald
111 Broadway, 4th Floor
New York, NY 10006
**Attorneys for Plaintiff**

Sidney G. Leech
Goodell, Devries, Leech & Dann, LLP
One South Street, Suite 2000
Baltimore, MD 21202
**Attorneys for E.R. Squibb & Sons, Inc.**

Elizabeth Ewert
Drinker, Biddle Reath, LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 2005-1209
**Attorneys for Upjohn Company; McNeil Lab, Inc.; Merck & Company**

John F. Anderson
Troutman Sanders, LLP
1660 International Drive
Suite 600, Tysons Corner
McLean, VA 22102
**Attorneys for Dart Industries, Inc.**

Kathleen M. Bustraan
Lord & Whip, P.A.
Charles Center South
36 South Charles Street, 10th Floor
Baltimore, MD 21201
**Attorneys for Lannett Company, Inc.**

Janet Coleman
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204
**Attorneys for Mallinckrodt, Inc.; Burroughs-Wellcome & Co.; S.E. Massengill Co.**

Sarah S. Keast
Goodwin Proctor, LLP
901 New York Avenue, Suite 900
Washington, D.C. 20001
**Attorneys for Premo Pharmaceutical Laboratories, Inc.**

Jennifer Gardner Levy
Kirkland & Ellis
655 15th Street, N.W.
Washington, D.C. 20005-5793
**Attorneys for Abbott Laboratories, Inc.**

Gerry H. Tostanoski
Jaime W. Luse
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, MD 21202
**Attorneys for Carnick Laboratories, Inc. n/k/a/ Elan Pharmaceuticals**

2776821v2

Robert M. Kelly
Jackson & Campbell, P.C.
1120 20th Street, N.W., Suite 300-South
Washington, D.C. 20036
**Attorneys for Defendant Kremers-Urban Co.**

William David Sanders
McGivney & Kluger, P.C.
23 Vreeland Road, Suite 220
Florham, NJ 07932
**Attorneys for Rhone-Poulenc Rorer Pharmaceuticals, Inc.**


/s/ Michelle R. Mangrum
**ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VICTOIRE DUMONT ) | |
| ) | |
| **Plaintiff**, ) | |
| ) | |
| ) | CIVIL ACTION No. 1:07-CV-01635 (JR) |
| **vs.** ) | |
| ) | |
| ) | |
| ABBOTT LABORATORIES, INC., et al., ) | |
| ) | |
| **Defendants**. ) | |
| ) | |

### DEFENDANT ELI LILLY AND COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY

Pursuant to FED. R. CIV. P. 37(a), defendant Eli Lilly and Company ("Lilly") respectfully requests that this Court enter an Order compelling plaintiff to provide complete responses to defendant Eli Lilly's First Set of Interrogatories and First Requests for Production of Documents, propounded to plaintiff on November 30, 2007.[1]

## I.    PROCEDURAL HISTORY

Plaintiff filed this products liability action against 17 defendants on September 17, 2007.  In her complaint, plaintiff claims that she sustained "severe, serious, permanent and personal injuries" as a result of her alleged exposure to DES.  *See* Complaint at ¶31.

On November 30, 2007, Lilly propounded its First Set of Interrogatories and its First Requests for Production of Documents or Tangible Things to plaintiff.[2]  On January 8, 2008, plaintiff filed a motion to transfer this case to the Eastern District of New York, alleging

---

[1]    A summary of the outstanding discovery sought is attached as **Exhibit A**.

[2]    Defendant Eli Lilly and Company's First Set of Interrogatories to Plaintiff Victoire Dumont attached as **Exhibit B**;  Defendant Eli Lilly and Company's First Requests for Production of Documents or Tangible Things to Plaintiff Victoire Dumont attached as **Exhibit C.**

that plaintiff has resided in New York since May of 2004, suffered her injuries in New York, and has treating physicians in New York.  *See* Motion to Transfer at 1-2.

Responses to Lilly's initial discovery requests were due on January 2, 2008. Defendants agreed to extend the deadline for receipt of plaintiff's responses to February 5, 2008, and plaintiff agreed to extend defendant's time period to respond to Plaintiff's Motion to Transfer.  *See* Consent Motion to Withdraw Squibb Motion to Compel and Partial Consent Motion to Extend Time to Oppose Plaintiff's Motion to Transfer.  Lilly finally received plaintiff's responses to its discovery requests on February 12, 2008.

Plaintiff's discovery responses were deficient in multiple respects, including, but not limited to, the fact that plaintiff's interrogatory responses failed to provide requested information regarding the following:

- identification of certain health care providers;

- information regarding plaintiff's mother's prescriptions for DES;

- identification of the pharmacy where plaintiff's mother allegedly obtained DES;

- the physical appearance of the DES which plaintiff alleges her mother took;

- information regarding the date on which plaintiff first believed that she was injured due to her alleged exposure to DES;

- the identity of the hospital where plaintiff was born; and

- information regarding plaintiff's mother's pregnancies.

Plaintiff also failed to produce several categories of responsive and relevant documents, including, but not limited to, the following:

2912686v22

- a copy of plaintiff's birth certificate;

- pharmacy records relating to plaintiff's mother's pregnancy;

- documents relating to the identity of the manufacturer of the drug that plaintiff alleges her mother ingested;

- documents relating to plaintiff's treating physicians;

- documents relating to plaintiff's mother's pregnancy with plaintiff;

- documents relating to the prescribing physician and pharmacy where it is alleged plaintiff's mother obtained DES;

- records relating to plaintiff's medical treatment which she claims is related to her exposure to DES;

- documents relating to any alleged special damages or loss of income due to plaintiff's exposure to DES; and

- authorizations for certain health care providers.

Counsel for Lilly sent a "golden rule" letter to plaintiff's counsel on February 19, 2008, which is attached hereto as **Exhibit D**.  This letter outlined the specific deficiencies in plaintiff's discovery responses and asked that plaintiff supplement her responses to cure these deficiencies.  Plaintiff did not cure the deficiencies or even respond to Lilly's letter.  On March 17, 2008, Lilly's counsel again wrote to plaintiff's counsel.  **Exhibit E**.  Again, plaintiff's counsel did not respond.  The information sought – including details about plaintiff's health and medical history, the basis of her allegations, the identification of people with knowledge about her claims, and the damages sought – is crucial to Lilly's response to plaintiff's motion to transfer and Lilly's entire defense of this matter.

2912686v22

Counsel for Lilly certifies that Lilly has made good-faith attempts to resolve this discovery dispute in accordance with Federal Rule of Civil Procedure 37(a)(1) (2008 ed.) and Local Civil Rule 7(m).  Those efforts have been unsuccessful due to plaintiff's failure to respond to Lilly's correspondence.  Accordingly, Lilly respectfully requests that this Court enter an Order compelling plaintiff's full, complete, and immediate answers to Lilly's first set of interrogatories and first request for production of documents; produce a privilege log concerning any documents withheld from production on the basis of attorney work product or attorney client privilege; provide Lilly with properly executed authorizations previously provided by Lilly's counsel for all of her health care providers; and such other relief that the Court deems just and appropriate.

## II.    ARGUMENT

### A.    Where Plaintiff Has Provided Incomplete Responses to Interrogatories and Requests For Production, an Order Compelling Complete Responses Is An Appropriate Remedy.

Under the Federal Rules of Civil Procedure, an evasive or incomplete response to an interrogatory or a request for production is treated as a failure to respond.  *See* FED. R. CIV. P. 37(a)(4) (2008 ed.).   Federal Rule of Civil Procedure 37 sets forth the relief available to a party where, after proper service of interrogatories and requests for production under Rules 33 and 34, an opposing party fails to serve answers or objections.  *See* FED. R. CIV. P. 37.  Specifically, where "a party fails to answer an interrogatory submitted under Rule 33;" "or a party, fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34" a "party seeking discovery may move for an order compelling an answer . . . or inspection."[3] FED. R. CIV. P. 37(a)(3)(B)(iii)-(iv) (2008 ed.).

---

[3]    Rule 37 further provides for dismissal of an action where an opposing party fails to provide complete responses to interrogatories or requests for production.  Specifically, the court in which the action is pending on motion may make such orders in regard to the failure as are just, including dismissing the action.  *See* Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii) (2008 ed.).

2912686v22

**B.**     **An Order to Compel Full and Complete Responses Is the Proper Remedy for Plaintiff's Failure to Provide Supplemental Responses to Lilly's Interrogatories and Requests For Production.**

Lilly's first set of interrogatories and requests for production were properly served on November 30, 2007.   When plaintiff failed to provide full and complete responses to Lilly's discovery requests, counsel for Lilly asked plaintiff to supplement her responses which, plaintiff, through her disregard of Lilly's letters, has refused to do.   Plaintiff has not sought additional time in which to respond nor has she offered explanation or justification for this discovery delay.   The rules neither permit nor tolerate plaintiff's counsel's behavior in this case and an Order compelling full and complete discovery is warranted in this case.   Plaintiff should be compelled to provide complete responses to the interrogatories and requests for production outlined below.

**1.**     **Plaintiff Has Provided Incomplete Interrogatory Responses and Should Be Compelled to Provide Complete Responses**

Plaintiff has failed to provide complete responses to the following Interrogatories:[4]

**Interrogatory No. 3:**

Please state whether you have ever been married and, if so, for each marriage identify the full name and present address of your spouse, the date and place of marriage and the date, place and manner of the termination of any such marriage, including the date, place and court where any divorce or dissolution was granted.

In response, Plaintiff states that she was previously married from June 22, 2002, through August 3, 2004, but fails to identify her spouse, his address, or the court which granted this dissolution of marriage.   Such information is discoverable and may lead to additional discoverable information regarding the facts of this case and plaintiff's claims.   In particular, plaintiff claims a

---

[4]     Plaintiff's Answers to Lilly's First Set of Interrogatories are attached as **Exhibit F**.

number of injuries, including clear cell adenocarcinoma of the vagina and cervix, infertility and ovarian cysts.  Plaintiff's former spouse may have information regarding plaintiff's past medical conditions, health care providers and treatment, attempts to conceive, if any, and other information related to plaintiff's claimed injuries in this case.

**Interrogatory No. 4:**

> Please state your educational background including colleges attended, years of such attendance and any degrees or diplomas obtained from such colleges.

Plaintiff has provided degrees and dates that these degrees were obtained but has failed to identify the college or institutions which she attended.  Such information is discoverable and may lead to additional discoverable information regarding the facts of this case and plaintiff's claims.  In particular, plaintiff may have visited the health care facilities located at the educational institution(s) she attended.  Medical records reflecting plaintiff's medical history from such entities are relevant to her claimed injuries in this case, including her claimed infertility, which can be caused by a number of medical conditions unrelated to her alleged DES exposure.

**Interrogatory No. 7:**

> Please state the name and address of each physician or other health care provider who has treated you for any reason which you do not attribute to your alleged exposure to the diethylstilbestrol (DES) referred to in your Complaint, including the nature, date, location, of any such treatment, the name and address of each hospital, clinic or other health care facility where you were confined, treated or examined, and the dates of such confinement, treatment or examination.

Plaintiff's response to this request is: "unknown at this time."  These requests were served on November 30, 2007.  Plaintiff executed her responses on February 6, 2008.  Accordingly, plaintiff had ample time and opportunity to locate and provide the requested information.  Lilly

is entitled to the information sought in this interrogatory because information regarding plaintiff's treatment by physicians or health care providers for other illnesses, injuries or conditions is relevant to the subject matter involved in this case and may lead to the discovery of admissible evidence. Plaintiff's allegations of "severe, serious, permanent and personal injuries" including, clear cell adenocarcinoma of the vagina and cervix, infertility and ovarian cysts, place numerous issues before the Court, including causation and accrual of plaintiff's cause of action. A multitude of factors unrelated to plaintiff's alleged DES exposure could cause plaintiff's claimed injuries. Further, medical histories and other statements by plaintiff recorded by her health care providers could indicate when plaintiff knew or should have known her alleged injuries may be related to her alleged exposure to DES. To properly defend plaintiff's injury claims and investigate possible defenses, Lilly must have access to information from these health care providers. Moreover, information regarding the location of plaintiff's health care providers is necessary so that Lilly may effectively respond to plaintiff's pending motion to transfer this case. Accordingly, plaintiff is obligated to respond to this Interrogatory.

### Interrogatory No. 11:

> Please state the inclusive dates of your mother's pregnancy with you, your mother's and father's names as of your date of birth, your mother's address during her pregnancy with you, the name and address of the doctor and/or other persons who delivered you, the name and address of the hospital or other place where you were delivered, including a description of the location if not delivered in a hospital.

Plaintiff has not provided the name and address of the hospital where she was delivered. Lilly is entitled to this information which not only is relevant to plaintiff's allegations of injury due to DES exposure prior to her birth (i.e., records from this hospital may refute plaintiff's claim of DES exposure), but is also relevant to plaintiff's pending motion to transfer in which she alleges

2912686v22

that New York is the proper forum for this lawsuit because it is the location where plaintiff alleges her injury occurred.

### Interrogatory No. 14:

If you have been confined, examined, x-rayed or treated in any hospital of clinic or physician's office or have consulted any physician or other health care provider as a result of any injury, disability, or condition which you allege to have resulted from your alleged exposure to the drug identified in your Complaint, please state the name and address of each such hospital or clinic or office, the name and address of each treating physician or other health care provider, and the nature of the treatment received by you, including the date of each such confinement, examination, x-ray or treatment.

In response, plaintiff references her answers to interrogatories 8 and 9 and "medical records to be obtained."  To date, plaintiff's counsel has provided *no* medical records to Lilly.  Lilly is entitled to the requested information and records, which are relevant to the injury claims asserted in this case and to plaintiff's pending Motion to Transfer.

### Interrogatory No. 15:

Please itemize any and all special damages you claim to have incurred as a result of your alleged exposure to the drug identified in your Complaint, including but not limited to, doctor and hospital bills, prescription bills, counseling services, nursing services, and other employed help, including the name and address of the person or company performing the service, the amount of each bill and the nature of the services rendered.

Plaintiff's only response to this request is: "[t]o be supplied."  Lilly is entitled to information relating to plaintiff's damage claims.  Plaintiff does not object to this interrogatory, but has completely failed to provide responsive information.

### Interrogatory No. 16:

If you are claiming any loss of income or earnings as a result of any injuries, disabilities or conditions attributed to your alleged exposure to the drug identified in your Complaint, please state the total amount claimed, the dates of employment missed and the

reasons therefore; and for the last 5 years in which you filed federal income tax returns, state as to each return filed, your name as it appeared on the federal return, whether the return was a joint return, and the name of your spouse as it appeared on the return if a joint return was filed, and your address as it appeared on the return.

Plaintiff's only response to this request is: "[t]o be supplied."  Lilly is entitled to information relating to plaintiff's damage claims.

### **Interrogatory No. 17:**

As to your mother, please state her current full name, maiden name, and any other names used; her date and place of birth; her present address if living, the date and cause of death if deceased; all residences at which your mother lived for a period of more than thirty (30) days since her pregnancy with you was diagnosed; any and all major illnesses, diseases and/or conditions your mother has or has had and the approximate dates of such illness, disease and/or condition; the approximate date of each of your mother's pregnancies; the outcome of each of your mother's pregnancies; what drugs, including diethylstilbestrol (DES), were administered in each of your mother's pregnancies; any medical problems developed during your mother's pregnancies; the name and address of each physician or other health care provider your mother consulted during each pregnancy; the name and address of the hospital or clinic where your mother was confined during each such pregnancy; your mother's present marital status and, if married, the name and address of her spouse.

Plaintiff failed to provide the following information in response to this interrogatory:

- the date and place of her mother's birth;

- her mother past residences;

- any major illnesses her mother has had;

- any medical problems developed by her mother during pregnancy;

- the names and addresses of physicians or health care providers that her mother consulted during pregnancy; and

▪ the name and address of the hospital where her mother was confined during each of her pregnancies.

Such information is discoverable and goes to the heart of plaintiff's claim that she was injured as a result of her mother's ingestion of DES during her pregnancy with plaintiff. Plaintiff does not object to this interrogatory, but fails to provide the information outlined above. Lilly is entitled to the information requested in this Interrogatory.

**Interrogatory No. 20:**

As to your allegation that your mother ingested diethylstilbestrol (DES) during her pregnancy with you, and that such diethylstilbestrol (DES) was manufactured by Lilly, please state all dates when diethylstilbestrol (DES) was prescribed for your mother, the names and addresses of each physician who prescribed diethylstilbestrol (DES) for your mother, the names and addresses of all pharmacies, physician's offices, hospitals, clinics or other places at which your mother obtained diethylstilbestrol (DES) or it was obtained for her, the name and address of each person known to you or your representatives who has knowledge of facts which support such allegations and please identify each fact and each document which support such allegations.

**Interrogatory No. 21:**

Describe in detail the physical appearance of the diethylstilbestrol you allege your mother ingested, including its form (for example, pill, injection, capsule), the shape, color, or size of any pill, tablet or capsule, the dosage of the DES your mother took, the number of times it was taken per day, and any markings that may have appeared on the product.

In her response to Interrogatory No. 20, plaintiff responds: "[p]harmacy to be provided." In her response to Interrogatory No. 21, plaintiff responds, "[t]o be supplied." Plaintiff has named 17 defendants in this lawsuit which she alleges could have manufactured the DES to which she alleges she was exposed. A description of the product to which plaintiff was allegedly exposed is therefore a central issue in this case. The information requested in Interrogatories No. 20-21 regarding plaintiff's mother's prescriptions for DES and the physical description of the product

10

are critical to this issue.  Plaintiff has had ample time and opportunity to simply ask her mother

what the medicine looked like and where she got it.  Lilly is entitled to this information which

not only is relevant to plaintiff's claims in this case, but is also relevant to plaintiff's pending

motion to transfer.

**Interrogatory No. 22:**

> Please state the date on which you first believed that your mother
> took DES during her pregnancy with you, the date you first
> discovered any injury you claim to be due to your exposure to
> DES, and the date you first believed that DES manufacturers in
> general or any DES manufacturer in particular acted in any way
> wrongly, negligently, or tortiously in the manufacture or
> distribution of DES or in the warning about the use of DES.

Plaintiff offers no objections to this interrogatory, but responds: "[f]irst trimester.  Plaintiff

learned of the DES manufacturers' negligence and wrongdoing in 2007."  Plaintiff has failed to

answer this request.  Plaintiff was asked the date she first believed her mother took DES, not the

date that her mother allegedly took DES, and the date she first discovered any injury which she

claims to be due to DES exposure.  Lilly is entitled to this information and requests this Court

compel plaintiff's complete response to this Interrogatory.

### 2. Plaintiff Has Not Produced Documents Responsive to Lilly's Requests for Production[5]

#### a. Requests for Production No. 1, 2, 9, 14

These requests seek:

- plaintiff's birth certificate;

- pharmacy records relating to plaintiff's mother's pregnancy;

- documents sent to or received from plaintiff's parents relating to any drugs taken by plaintiff's mother during pregnancy, and

- documents indicating the identity of the manufacturer of the drug identified in plaintiff's complaint.

Plaintiff's response to these requests is "to be provided when and if the document(s) become(s) available." The requested documents are relevant to plaintiff's claims in this case (and plaintiff's motion to transfer) and plaintiff has had ample opportunity to locate and produce them. However, to date, plaintiff has failed to produce a single responsive document. Such documents are critical to Lilly's defense and are relevant to central issues in this case, including plaintiff's claim of *in utero* DES exposure and the identity of the manufacturer of the product she claims her mother ingested. If plaintiff has no documents responsive to this request, plaintiff should say so; otherwise, Lilly is entitled to these documents. For these reasons, Lilly respectfully asks the Court to compel plaintiff to produce documents in her possession or control that are responsive to these requests.

#### b. Requests for Production No. 4, 5, 6, 7, 8, 13

These requests seek:

- documents sent to or received from any of plaintiff's treating physicians;

---

[5] Plaintiff's Responses to Lilly's First Requests for Production are attached as **Exhibit G**.

- documents sent to or received from any of plaintiff's mother's treating physicians during her pregnancy with plaintiff;

- documents indicating the identity of the physician from whom the drug identified in plaintiff's complaint was obtained;

- all documents sent by plaintiff or plaintiff's parents to any treating physician or pharmacist whom plaintiff believes to have information regarding product identification;

- medical records concerning treatment of plaintiff which she claims is related to her alleged exposure to DES, and;

- documents which plaintiff contends show that her mother took DES during her pregnancy with plaintiff.

Plaintiff's response to these requests is "see medical records for which authorizations are provided."

To date, plaintiff has provided just five authorizations.  These authorizations are prepared with the names of the health care providers which plaintiff has identified as the providers who have treated her for the injuries she alleges were caused by her exposure to DES. Plaintiff has ignored multiple discovery requests relating to medical treatment other than treatment of the injuries she alleges in this lawsuit but which may be relevant to her claims or may lead to discovery of admissible evidence in this case.  Plaintiff's allegations of injury due to her alleged DES exposure raise the issues of causation and accrual.

Plaintiff has brought this lawsuit claiming that a product supplied by Lilly has caused "severe, serious, permanent and personal injuries," including clear cell adenocarcinoma of the vagina and cervix, infertility and ovarian cysts, yet plaintiff has so far denied Lilly the

13

benefit of evidence that is essential to prepare its defense to this claim. Lilly is entitled to information from plaintiff's health care providers to properly defend plaintiff's injury claims and investigate possible defenses.

Moreover, some of these requests are for information that would likely fall outside the medical records which her identified physicians maintain, and would almost certainly fall outside of the records of the few providers for which plaintiff has provided authorizations to date. These requests are narrowly drawn, clearly relevant to plaintiff's claims, the material sought is discoverable and Lilly is entitled to these documents. Accordingly, Lilly requests the Court compel plaintiff to produce documents in her possession or control which are responsive to these requests.

c.    **Requests for Production No. 10 and 11**

These request seek:

- documents relating to special damages which plaintiff contends were incurred because of her alleged exposure to DES;

- documents relating to any loss of income which plaintiff contends was a result of her alleged exposure to DES.

Plaintiff's response to these requests, which request information relating to any claims for special damages or loss of income in this case is, "[t]o be provided." Plaintiff has failed to provide any responsive documents or materials to these clearly relevant requests. Lilly is entitled to this information regarding plaintiff's damage claims and requests the Court compel plaintiff to produce documents in her possession or control which are responsive to these requests.

### d.    Request for Production No. 16

> Any pills, capsules, tablets, containers, labels or other materials connected with the drug identified in your Complaint which was allegedly taken by the mother of Victoire Dumont during her pregnancy with Victoire Dumont.

Plaintiff responds by referencing her General Objections, and specifically objects on the ground that the language "connected with" is vague and ambiguous. This objection is unfounded because a common sense reading of the request clearly indicates that Lilly is seeking DES pills, capsules, tablets, containers, labels or other materials related to the DES her mother allegedly ingested during her pregnancy with plaintiff. To the extent such items exist, they are directly relevant to the issues of product identification and exposure and should be produced. If such items no longer exist, plaintiff should so state.

### e.    Request for Production No. 18

> Request for Production No. 18 reads:

> Any written application for employment or for any policy of insurance upon the life of Victoire Dumont, or for medical or hospital benefits or income continuation filed by or on behalf of Victoire Dumont.

Plaintiff responds by referencing her General Objections and objecting that the request is "irrelevant or not reasonably calculated to lead to admissible evidence." The documents requested are relevant because they may lead to the identification of additional health care providers and additional medical history relating to the plaintiff's alleged medical conditions. Lilly is entitled to these documents and the Court should compel the production of materials responsive to this request.

### f.    Request for Production No. 26

> Request for Production No. 26 reads:

15

> Authorization to be executed by Victoire Dumont granting release of medical records of any sort pertaining to treatment or examination of Victoire Dumont, including medical, psychological or other treatment, examination or counseling for any condition of psychological or emotional distress or upset. A copy of such authorization is attached hereto. Please copy the authorization as necessary and complete and execute a separate authorization for each of Plaintiff Victoire Dumont's health care providers.

Plaintiff has provided only five authorizations, all for health care providers which she identifies as the providers who treated her for the alleged injuries she is claiming in this lawsuit. Lilly is entitled to the requested medical record authorizations because, as set forth above, records regarding plaintiff's treatment by physicians or health care providers for other illnesses, injuries or conditions is relevant to the subject matter involved in this lawsuit (including, but not limited to alternative causes for plaintiff's claims of clear cell adenocarcinoma, infertility and ovarian cysts) and may lead to the discovery of admissible evidence. Moreover, this information is necessary for Lilly to effectively respond to plaintiff's pending motion to transfer. Lilly has requested and the Court should compel plaintiff to provide executed authorizations for the remainder of her medical records.

### g.    <u>Requests for Production No. 20 and 27</u>

Request No. 20 seeks all documents or things pertaining to any drug, including DES, allegedly taken by the plaintiff's mother during her pregnancy with plaintiff. Request No. 27 seeks an authorization executed by Victoire Dumont's mother granting the release of medical records.[6] Plaintiff responds to these requests with various objections, including that the requests are vague, ambiguous, overly broad, unduly burdensome, or not reasonably calculated to lead to admissible evidence. These objections are unfounded, particularly because these requests are

---

[6]    In the spirit of compromise, Lilly is willing to accept an authorization signed by plaintiff's mother that authorizes release of records related to plaintiff's mother's obstetrical and gynecological care and treatment.

16

directly related to facts at issue in this lawsuit.  The documents and records Lilly seeks through these requests go to the heart of plaintiff's claim of injuries resulting from her mother's alleged ingestion of DES during her pregnancy with plaintiff, what plaintiff knew about DES and when she knew it.  Accordingly, Lilly is entitled to documents sought by Request Nos. 20 and 27.

## III.    <u>CONCLUSION</u>

WHEREFORE, Lilly respectfully requests that this Court enter an Order requiring plaintiff, within 5 business days of the date of the Order, to (1) provide Lilly with all of the responsive information, documents and materials described above; (2) provide a privilege log for any documents or other materials withheld on a claim of attorney-client privilege or attorney work product doctrine; (3) provide Lilly with signed and properly executed authorizations previously provided to plaintiff for all of her health care providers, and (4) provide other relief as the Court deems just and proper.

Respectfully submitted,

SHOOK, HARDY & BACON, L.L.P.

<u>/s/ Michelle R. Mangrum</u>
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
SHOOK, HARDY & BACON, L.L.P.
600 14TH Street, N.W., Suite 800
Washington, D.C.  20005-2004
Phone: (202) 783-8400; Fax: (202) 783-4211

and

David W. Brooks
Jonathan H. Gregor
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, Missouri  64108-2613
Phone: (816) 474-6550; Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

17

2912686v22

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, this 22nd day of April, 2008, which sent notification of such filing to all counsel of record listed below.

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C.  20036
**Attorney for Plaintiff**

Sybil Shainwald
Roxanne DeFrancesco
Law Offices of Sybil Shainwald
111 Broadway, 4th Floor
New York, NY 10006
**Attorneys for Plaintiff**

Sidney G. Leech
Goodell, Devries, Leech & Dann, LLP
One South Street, Suite 2000
Baltimore, MD 21202
**Attorney for E.R. Squibb & Sons, Inc.**

Elizabeth Ewert
Drinker, Biddle Reath, LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
**Attorneys for Upjohn Company**

Craig Crandall Reilly
Richards McGettigan Reilly & West, P.C.
1725 Duke Street, Suite 600
Alexandria, VA  22314
**Attorney for Dart Industries, Inc.**

Kathleen M. Bustraan
Lord & Whip, P.A.
Charles Center South
36 South Charles Street, 10th Floor
Baltimore, MD 21201
**Attorney for Lannett Company, Inc.**

Janet Coleman
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204
**Attorney for Mallinckrodt, Inc.;
S.E. Massengill Co.**

Sarah S. Keast
Goodwin Proctor, LLP
901 New York Avenue, Suite 900
Washington, D.C. 20001
**Attorney for Premo Pharmaceutical
Laboratories, Inc.**

Jennifer Gardner Levy
Kirkland & Ellis
655 15th Street, N.W.
Washington, D.C. 20005-5793
**Attorney for Abbott Laboratories, Inc.**

Gerry H. Tostanoski
Jaime W. Luse
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, MD 21202
**Attorneys for Carnrick Laboratories, Inc.
n/k/a/ Elan Pharmaceuticals**

2912686v22

Robert M. Kelly                           William David Sanders
Jackson & Campbell, P.C.                  McGivney & Kluger, P.C.
1120 20th Street, N.W., Suite 300-South   23 Vreeland Road, Suite 220
Washington, D.C. 20036                    Florham, NJ 07932
**Attorney for Defendant Kremers-Urban Co.**   **Attorney for Rhone-Poulenc Rorer**
                                          **Pharmaceuticals, Inc.**


/s/  Michelle R. Mangrum
**ATTORNEY FOR DEFENDANT**
**ELI LILLY AND COMPANY**

19

2912686v22

# Exhibit A

**Exhibit A**
Summary of Outstanding Discovery Sought in Lilly's Motion to Compel

| Discovery Request | Outstanding Information Sought |
|---|---|
| **Interrogatories** | |
| Interrogatory No. 3 | 1. Name of ex-spouse.<br>2. Current address of ex-spouse.<br>3. Name and address of the court that granted the divorce or dissolution. |
| Interrogatory No. 4 | Names and addresses of the colleges/schools granting plaintiff's degrees. |
| Interrogatory No. 7 | For all health care providers and health care facilities where plaintiff was treated for injuries she <u>does not</u> attribute to her alleged DES exposure:  name; address; nature of treatment provided; and dates of treatment. |
| Interrogatory No. 11 | Name and address of hospital where plaintiff was born. |
| Interrogatory No. 14 | Produce medical records that plaintiff's response said would be produced. |
| Interrogatory No. 15 | Itemization of special damages. |
| Interrogatory No. 16 | Itemization of loss of income or earnings. |
| Interrogatory No. 17 | 1. Date and place of plaintiff's mother's birth.<br>2. Addresses for plaintiff's mother's past residences.<br>3. Plaintiff's mother's major illnesses.<br>4. Plaintiff's mother's medical problems during each pregnancy.<br>5. Names and addresses of each doctor plaintiff's mother consulted during each pregnancy.<br>6. Names and addresses of each hospital for each of plaintiff's mother's pregnancies/deliveries. |
| Interrogatory No. 20 | Names and addresses of all pharmacies where plaintiff's mother allegedly obtained DES. |
| Interrogatory No. 21 | Physical description of the DES allegedly ingested by plaintiff's mother. |
| Interrogatory No. 22 | The date upon which plaintiff first believed her mother took DES.<br>The date upon which plaintiff first discovered any injury she claims was caused by DES. |
| **Requests for Production** | |
| Request for Production No. 1 | Plaintiff's birth certificate. |
| Request for Production No. 2 | Plaintiff's mother's pharmacy records. |
| Request for Production No. 4 | All documents sent to or received from plaintiff's health care providers. |
| Request for Production No. 5 | All documents sent to or received from any health care provider who provided care to plaintiff's mother during her pregnancy with plaintiff. |
| Request for Production No. 6 | All documents which indicate the doctor from whom plaintiff's mother allegedly obtained DES. |

1

147399v2

| Discovery Request | Outstanding Information Sought |
|---|---|
| Request for Production No. 7 | All documents sent by plaintiff or her parents to health care providers or pharmacists regarding product identification. |
| Request for Production No. 8 | All medical records regarding injuries alleged in this case. |
| Request for Production No. 9 | All documents sent to or received from plaintiff's parents regarding any medications taken by plaintiff's mother during her pregnancy with plaintiff. |
| Request for Production No. 10 | All documents relating to special damages. |
| Request for Production No. 11 | All documents relating to loss of income. |
| Request for Production No. 13 | All documents plaintiff contends show that her mother took DES during her pregnancy with plaintiff. |
| Request for Production No. 14 | All documents that identify the manufacturer of the DES allegedly taken by plaintiff's mother during her pregnancy with plaintiff. |
| Request for Production No. 16 | Any actual DES medication allegedly ingested by Plaintiff's mother; pictures of the actual DES medication allegedly ingested by Plaintiff's mother; the bottle that contained the actual DES medication allegedly ingested by Plaintiff's mother; or other similar items. |
| Request for Production No. 18 | Any applications submitted by plaintiff, or on plaintiff's behalf, for employment, life insurance, medical or hospital insurance, or income continuation. |
| Request for Production No. 20 | All documents pertaining to DES or any other medication taken by plaintiff's mother during her pregnancy with plaintiff. |
| Request for Production No. 26 | Authorizations for the release of plaintiff's medical records from all of plaintiff's health care providers. |
| Request for Production No. 27 | Authorizations for the release of plaintiff's mother's medical records from all of plaintiff's mother's health care providers. |
| General Issue ||
| Produce a privilege log for all documents and things being withheld on the basis of a claim of attorney-client privilege or the work product doctrine. ||

Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VICTOIRE DUMONT,

                                   Plaintiff,

            vs.                                              CIVIL ACTION NO. 1:07-cv-01635

ELI LILLY AND COMPANY, et al.,

                                   Defendants.

## DEFENDANT ELI LILLY AND COMPANY'S FIRST SET OF INTERROGATORIES TO PLAINTIFF VICTOIRE DUMONT

Defendant Eli Lilly and Company ("Lilly") hereby propounds to Plaintiff Victoire Dumont the following interrogatories to be answered separately, fully, and in writing under oath, according to any and all knowledge or information available to her, her attorneys or other representatives, in accordance with Federal Rules of Civil Procedure 26 and 33.

2707466v1

## INTERROGATORIES

**INTERROGATORY NO. 1:**    Please state your present name, date and place of birth, Social Security Number, and all other names you have used or been known by, including the period during which you were known by such other names.

## ANSWER:

**INTERROGATORY NO. 2:**    Please state in chronological order the full address for each residence at which you have resided for a period of thirty (30) days or more, and state the date each such residency was commenced and terminated.

**ANSWER:**

2707466v1

**INTERROGATORY NO. 3:**    Please state whether you have ever been married and, if so, for each marriage identify the full name and present address of your spouse, the date and place of marriage and the date, place and manner of the termination of any such marriage, including the date, place and court where any divorce or dissolution was granted.

**ANSWER:**

4

**INTERROGATORY NO. 4:**   Please   state   your   educational   background including colleges attended, years of such attendance and any degrees or diplomas obtained from such colleges.

**ANSWER:**

2707466v1

**INTERROGATORY NO. 5:**    Please state the name and address of your present and past employers and/or any periods of self-employment, including the job title, nature of duties, length or period of employment or self-employment, average monthly earnings and reason for leaving employ of each such employer or period of self-employment.

**ANSWER:**

**INTERROGATORY NO. 6:**     Except for the present lawsuit, if you ever made any claim or filed any lawsuit for personal injury or disability, please provide details, including the approximate date each such claim or other lawsuit was filed; the nature of your claimed injury, disability or condition; the name and address of each person, firm or corporation against whom such claim or suit was made or filed; the amount received by way of settlement, payment or judgment for each such claim or suit; the approximate date, location and circumstances of the occurrence causing any injury, disease or disability for each such suit or claim; and the name and address of the court, commission or other body before which such claim or suit was filed, if any, and the number assigned to each such claim or suit.

**ANSWER:**

2707466v1

**INTERROGATORY NO. 7:**    Please state the name and address of each physician or other health care provider who has treated you for <u>any</u> reason which you do <u>not</u> attribute to your alleged exposure to the diethylstilbestrol (DES) referred to in your Complaint, including the nature, date, location, of any such treatment, the name and address of each hospital, clinic or other health care facility where you were confined, treated or examined, and the dates of such confinement, treatment or examination.

**ANSWER:**

8

**INTERROGATORY NO. 8:**    In regard to your menstrual history, please state your age at the onset of menstruation, whether menstruation was regular, and if not, describe such irregularities as well as any cramping, fainting, dizzy spells, or any other difficulties with menstruation (such as excessive or prolonged flow), and if you have consulted a physician or other health care provider regarding any of these irregularities or difficulties, please state the name and address of the physician, the approximate dates consulted and the reason for any such consultation, examination or treatment.

**ANSWER:**

9

**INTERROGATORY NO. 9:**    If you have ever attempted to become pregnant, but been unable to conceive, please state the number of months or years (give approximate dates) you were unable to conceive, and the name and address of any physician or other health care provider consulted and the date(s) of each consultation.

**ANSWER:**

10

**INTERROGATORY NO. 10:**    If you have ever been pregnant, please state the number of months or years you attempted to conceive before becoming pregnant and the approximate date of conception; the date of termination of the pregnancy and the result (e.g., childbirth, miscarriage, spontaneous abortion, therapeutic abortion, etc.); the name and address of each physician or other health care provider consulted during the pregnancy; the name and address of the physician or other health care provider attending the birth (or abortion); the name and address of the hospital where each child was born (or each pregnancy, miscarried or aborted); if the pregnancy resulted in the birth of a child, the name and address of each child; whether the child had any birth defects or inherited diseases/disorders and, if so, the nature of each such birth defect, disease or disorder; whether each child is now deceased and, if so, the date, place, and cause of each child's death.

**ANSWER:**

**INTERROGATORY NO. 11:** Please state the inclusive dates of your mother's pregnancy with you, your mother's and father's names as of your date of birth, your mother's address during her pregnancy with you, the name and address of the doctor and/or other persons who delivered you, the name and address of the hospital or other place where you were delivered, including a description of the location if not delivered in a hospital.

**ANSWER:**

2707466v1

**INTERROGATORY NO. 12:**    Please list the names of all drugs and medications used by you within the last ten (10) years, including, but not limited to, antibiotics, contraceptives, tranquilizers, sleeping pills, antihypertensives, diet aids or hormones; the inclusive dates each such drug or medication was used; the purpose for which each such drug or medication was used; and the name of the physician or other health care provider, if any, who prescribed such drug or medication for your use.

**ANSWER:**

13

**INTERROGATORY NO. 13:**  Please describe with specificity the injuries, disabilities and/or conditions which you allege to have resulted from your alleged exposure to the drug identified in your Complaint, including any complaints of injury, disability, or condition which have now subsided and when you last had those complaints, and if you are claiming any aggravation of any injury, disability, or condition, describe such condition, and the manner in which you claim such condition was aggravated by your alleged exposure to the drug identified in the Complaint.

**ANSWER:**

14

**INTERROGATORY NO. 14:**    If you have been confined, examined, x-rayed or treated in any hospital or clinic or physician's office or have consulted any physician or other heath care provider as a result of any injury, disability, or condition which you allege to have resulted from your alleged exposure to the drug identified in your Complaint, please state the name and address of each such hospital or clinic or office, the name and address of each treating physician or other health care provider, and the nature of the treatment received by you, including the date of each such confinement, examination, x-ray or treatment.

**ANSWER:**

**INTERROGATORY NO. 15:**    Please itemize any and all special damages you claim to have incurred as a result of your alleged exposure to the drug identified in your Complaint, including but not limited to, doctor and hospital bills, prescription bills, counseling services, nursing services, and other employed help, including the name and address of the person or company performing the service, the amount of each bill and the nature of the services rendered.

**ANSWER:**

16

**INTERROGATORY NO. 16:**    If you are claiming any loss of income or earnings as a result of any injuries, disabilities or conditions attributed to your alleged exposure to the drug identified in your Complaint, please state the total amount claimed, the dates of employment missed and the reasons therefore; and for the last 5 years in which you filed federal income tax returns, state as to each return filed, your name as it appeared on the federal return, whether the return was a joint return, and the name of your spouse as it appeared on the return if a joint return was filed, and your address as it appeared on the return.

**ANSWER:**

2707466v1

**INTERROGATORY NO. 17:**    As to your mother, please state her current full name, maiden name, and any other names used; her date and place of birth; her present address if living, the date and cause of death if deceased; all residences at which your mother lived for a period of more than thirty (30) days since her pregnancy with you was diagnosed; any and all major illnesses, diseases and/or conditions your mother has or has had and the approximate dates of such illness, disease and/or condition; the approximate date of each of your mother's pregnancies; the outcome of each of your mother's pregnancies; what drugs, including diethylstilbestrol (DES), were administered in each of your mother's pregnancies; any medical problems developed during your mother's pregnancies; the name and address of each physician or other health care provider your mother consulted during each pregnancy; the name and address of the hospital or clinic where your mother was confined during each such pregnancy; your mother's present marital status and, if married, the name and address of her spouse.

**ANSWER:**

18

2707466v1

**INTERROGATORY NO. 18:**    As to your father, please state his full name; his place and date of birth; his present address if living, the date and cause of death if deceased; all residences at which your father lived for a period of more than thirty (30) days since the date of your birth; all major illnesses, diseases and/or conditions which your father has or has had and the approximate dates of such illness, disease and/or condition; his present marital status and, if married, the name and address of his spouse.

**ANSWER:**

19

**INTERROGATORY NO. 19:**  As to your brothers and sisters, please state their names at birth; their present names if different from their names at birth and any other names used; their present addresses if living, the date and cause of their deaths if deceased; all major illnesses, diseases and/or conditions which each has or has had and the dates of each such illness, disease and/or condition; the date of each of their births and their relationship to you (natural brother, step-sister, adopted, etc.).

**ANSWER:**

20

**INTERROGATORY NO. 20:**    As to your allegation that your mother ingested diethylstilbestrol (DES) during her pregnancy with you, and that such diethylstilbestrol (DES) was manufactured by Lilly, please state all dates when diethylstilbestrol (DES) was prescribed for your mother, the names and addresses of each physician who prescribed diethylstilbestrol (DES) for your mother, the names and addresses of all pharmacies, physician's offices, hospitals, clinics or other places at which your mother obtained diethylstilbestrol (DES) or it was obtained for her, the name and address of each person known to you or your representatives who has knowledge of facts which support such allegations and please identify each fact and each document which support such allegations.

**ANSWER:**

2707466v1

**INTERROGATORY NO. 21:**    Describe in detail the physical appearance of the diethylstilbestrol you allege your mother ingested, including its form (for example, pill, injection, capsule), the shape, color, or size of any pill, tablet or capsule, the dosage of the DES your mother took, the number of times it was taken per day, and any markings that may have appeared on the product.

**ANSWER:**

22

**INTERROGATORY NO. 22:**  Please state the date on which you first believed that your mother took DES during her pregnancy with you, the date you first discovered any injury you claim to be due to your exposure to DES, and the date you first believed that DES manufacturers in general or any DES manufacturer in particular acted in any way wrongly, negligently, or tortiously in the manufacture or distribution of DES or in the warning about the use of DES.

**ANSWER:**

2707466v1

**INTERROGATORY NO. 23:** For each document, letter, written statement, memorandum or other written material from Lilly that you, your attorneys or other representatives may have, please state the exact description of each such item, the date appearing on each such item, the location where each such item was obtained, the name and address of the person to whom such written material was directed, the name and address of the person who obtained each such item, the name and address of the person who provided each such item and the name and address of the person known to Plaintiff to have custody of the written material.

**ANSWER:**

24

**INTERROGATORY NO. 24:**    If you ever received, or if you have in your possession any documents, correspondence or publications from the national DESAD Project or any DES action organization please identify each such document, item of correspondence, or publication and indicate the date you received each such item and the source of each such item; and if not provided by the above-named organizations, please state the name and address of the person who gave you the item.

**ANSWER:**

2707466v1

**INTERROGATORY NO. 25:** Please identify all other persons having personal knowledge of any of the facts bearing on your claim, and for each such person state his or her address, telephone number and relationship to you, if any.

**ANSWER:**

26

Respectfully submitted,

*John Chadwick Coots*

Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Emily J. Laird, D.C. Bar No. 485890
SHOOK, HARDY & BACON, L.L.P
600 14TH Street, NW, Suite 800
Washington, D.C.  20005-2004
Phone: (202) 783 -8400
Fax: (202) 783-4211

and

David W. Brooks
Jonathan H. Gregor
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, Missouri  64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

2707466v1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of November, 2007, a true and accurate copy of Defendant Eli Lilly and Company's First Set of Interrogatories To Plaintiff Victoire Dumont has been furnished by first-class U.S. Mail, postage prepaid, to all counsel of record listed below.

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
**Attorney for Plaintiffs**

Sybil Shainwald
Roxanne DeFrancesco
Law Offices of Sybil Shainwald
111 Broadway, 4th Floor
New York, NY 10006
**Attorney for Plaintiffs**

Janet K. Coleman
Whitney & Bogris LLP
401 Washington Avenue
12th Floor
Towson, MD 21204
**Attorney For Burroughs-Wellcome & Co.
n/k/a GlaxoSmithKline, Inc., S.E.
Massengill, Co., and
Mallinckrodt, Inc.**

Elizabeth Ewert
Stephanie Albert
Drinker Biddle Reath LLP
1500 K Street, NW
Washington, DC 20005
**Attorney for McNeil Lab, Inc., Merck &
Co., Inc., and Upjohn Company**

Jaime Walker Luse
Tydings & Rosenberg LLP
100 East Pratt Street
26th Floor
Baltimore, MD 21202
**Attorney for Carnrick Laboratories, Inc.**

Sarah S. Keast
Goodwin Procter, LLP
901 New York Avenue, NW
Washington, DC 20001
**Attorney for Premo Pharmaceutical
Laboratories, Inc.**

John F. Anderson
Troutman Sanders LLP
1660 International Drive
Suite 600, Tysons Corner
McLean, VA 22102
**Attorney For Dart Industries, Inc.**

Robert N. Kelly
Jackson & Campbell, P.C.
1120 20th Street, NW
Washington, DC 20036-3406
**Attorney for Kremers-Urban Co.**

28

2707466v1

Kathleen M. Bustraan
Lord & Whip, P.A.
36 South Charles Street, 10th Floor
Baltimore, MD 21201
**Attorney for Lannett Co., Inc.**

Sidney G. Leech
Goodell, Devries, Leech & Dann, LLP
One South Street, Suite 2000
Baltimore, MD 21202
**Attorneys for E.R. Squibb & Sons, Inc.**

Rowell Laboratories, Inc.
p/k/a Solvay Pharmaceuticals, Inc.
c/o T.H. Rowell, Jr., President
210 Main Street W.
Baudette, MN 56623

Jennifer Gardner Levy
Kirkland & Ellis
655 15th Street, N.W.
Washington, D.C. 20005
**Attorney for Abbott Laboratories, Inc.**

Merrell Dow Pharmaceuticals, Inc.
c/o Corporation Trust Co.
820 Bear Tavern Road
West Trenton, NJ 08628

Rhone-Poulenc Rorer Pharmaceuticals, Inc.
p/k/a William H. Rorer, Inc.
c/o Sanofi-Aventis
55 Corporate Drive
Bridgewater, NJ 08807

**ATTORNEY FOR DEFENDANT**
**ELI LILLY AND COMPANY**

## **VERIFICATION**

STATE OF _____ )
                                    )
COUNTY OF _____ )

        I, _____, being first duly sworn upon oath, depose and state that I have read and am familiar with the contents of the foregoing Answers to Defendant Eli Lilly and Company's First Set of Interrogatories to Plaintiff Victoire Dumont, that the Answers are based on personal knowledge or information, and that the Answers are true and correct.

_____
Victoire Dumont

        SUBSCRIBED    AND    SWORN    to    before    me    this    _____day    of _____, 2007.

_____
Notary Public

My Commission Expires:

_____

30

Exhibit C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

VICTOIRE DUMONT,

        **Plaintiff,**

  vs.

ELI LILLY AND COMPANY, et al.,

        **Defendants.**

**CIVIL ACTION NO. 1:07-cv-01635**

## DEFENDANT ELI LILLY AND COMPANY'S
## FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS
## OR TANGIBLE THINGS TO PLAINTIFF VICTOIRE DUMONT

    Defendant Eli Lilly and Company ("Lilly") hereby requests, pursuant to Federal Rules of Civil Procedure 26 and 34, that Plaintiff Victoire Dumont produce the documents described below for inspection and copying. The documents are to be produced with a written response at the offices of SHOOK, HARDY & BACON, L.L.P., 600 14th Street, N.W., Suite 800, Washington, D.C. 20005-2004, within thirty (30) days from the date of service of this document request.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**    Birth    certificate    of    Victoire Dumont.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**    All    pharmacy    records    or prescriptions relating to the administration of drugs or medication, including the drug identified in your Complaint, to the mother of Victoire Dumont during her pregnancy with Victoire Dumont.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**    If the drug identified in your Complaint allegedly taken by the mother of Victoire Dumont during her pregnancy with Victoire Dumont was obtained from a pharmacy, all documents which indicate the pharmacy from which such drug was obtained.

**RESPONSE:**

2705955v1

2

**REQUEST FOR PRODUCTION NO. 4:**   All documents and drafts of documents Plaintiff sent to or received from any of Victoire Dumont's treating physicians or healthcare providers.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**   All documents and drafts of documents Plaintiff sent to or received from any healthcare provider who provided care to Victoire Dumont's mother during her pregnancy with Victoire Dumont.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**   If the drug identified in your Complaint, allegedly taken by the mother of Victoire Dumont during her pregnancy with Victoire Dumont, was obtained from a physician, all documents which indicate the physician from whom such drug was obtained.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**   All documents, drafts of documents, and medical articles sent by Plaintiff or Plaintiff Victoire Dumont's parents to any

3

2705955v1

treating physician, healthcare provider or pharmacist whom Plaintiff or Plaintiff's counsel believes to have information regarding product identification.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**    All medical or other records concerning any examination and/or treatment of Victoire Dumont including, but not limited to, regular examinations, records of hospitalizations, records regarding pregnancy, and any medical, psychological or emotional condition which you claim is related to exposure to the drug identified in your Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**    All documents, including pill exemplars, sent to or received from Victoire Dumont's parents regarding any drugs or medications taken by Victoire Dumont's mother during her pregnancy with Victoire Dumont.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**    All documents relating to any special damages, including but not limited to, hospital and medical bills, prescriptions, nursing

4

services, employed help, etc., which you contend were incurred because of Victoire Dumont's

alleged exposure to the drug identified in your Complaint.

### **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**    All documents relating to any loss

of income by Plaintiff which you contend was a result of Victoire Dumont's alleged exposure to

the drug identified in your Complaint.

### **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**    All  documents,  letters,  written

statements, advertisements and memoranda of any kind written, published or distributed by Lilly

or any of its agents, servants or employees.

### **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**    All documents which you contend

show that the mother of Victoire Dumont took the drug identified in your Complaint during her

pregnancy with Victoire Dumont.

### **RESPONSE:**

5

**REQUEST FOR PRODUCTION NO. 14:**    All documents which indicate the identity of the manufacturer of the drug identified in your Complaint which allegedly was taken by the mother of Victoire Dumont during her pregnancy with Victoire Dumont.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**    All documents upon which you rely to support your allegation that Victoire Dumont has suffered any injury or developed any condition as a result of the mother of Victoire Dumont's alleged ingestion of the drug identified in your Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**    Any    pills,    capsules,    tablets, containers, labels or other materials connected with the drug identified in your Complaint which was allegedly taken by the mother of Victoire Dumont during her pregnancy with Victoire Dumont.

**RESPONSE:**

2705955v1

**REQUEST FOR PRODUCTION NO. 17:**    All    photographs,    films, videotapes, slides, illustrations or other pictorial depictions which you intend to rely upon at trial.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**    Any    written    application    for employment or for any policy of insurance upon the life of Victoire Dumont, or for medical or hospital benefits or income continuation filed by or on behalf of Victoire Dumont.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**    A    copy    of    all    documents identified by you in response to Eli Lilly and Company's First Set of Interrogatories to Plaintiff Victoire Dumont.

**RESPONSE:**

7

**REQUEST FOR PRODUCTION NO. 20:**    All    documents    or    things pertaining to DES or any other drug allegedly taken by the mother of Victoire Dumont during her pregnancy with Victoire Dumont, including newsletters, mailings, journal articles, clippings, correspondence with physicians, and correspondence with the mother of Victoire Dumont which you or your family (as opposed to your attorneys) have collected.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**    All    documents    and    tangible things, including all tangible reports, physical models, compilations of data and other material prepared by your expert witness or for your expert witness in anticipation of the expert's trial and deposition testimony in this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**    All    statements,    written    or otherwise, of persons having knowledge of facts relevant to this case.

**RESPONSE:**

8

**REQUEST FOR PRODUCTION NO. 23:**    All documents upon which you rely to support your contention that DES was in a defective condition and was unreasonably dangerous.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:**    All documents upon which you rely to support your contentions alleged in paragraphs 20 through 73 of your Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**    Copies of any and all adoption documents prepared by or on behalf of Victoire Dumont, including, but not limited to, any and all correspondence, applications, requests, questionnaires, notes, agency letters of approval, and any and all attendant documents which in any way relate to or were procedurally required for the seeking of adoption of a child (children) and was prepared and/or submitted to any private party, agency, association and/or governmental agency at any time by Victoire Dumont.    These documents may include information about health, such as physical examinations; financial information, including last year's federal income tax return; and any other information submitted concerning adoption such as autobiographies, descriptions of each adoptive parent, background, present job, marital relationship, reasons for adopting, parenting and experience with children.

**RESPONSE:**

9

**REQUEST FOR PRODUCTION NO. 26:**    Authorization to be executed by Victoire Dumont granting release of medical records of any sort pertaining to treatment or examination of Victoire Dumont, including medical, psychological or other treatment, examination or counseling for any condition of psychological or emotional distress or upset. A copy of such authorization is attached hereto. Please copy the authorization as necessary and complete and execute a separate authorization for each of Plaintiff Victoire Dumont's health care providers.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:**    Authorization to be executed by Victoire Dumont's mother or, in the event she is deceased, by an authorized person on her behalf, granting release of medical records of any sort pertaining to treatment or examination of Victoire Dumont's mother. A copy of such authorization is attached hereto. Please copy the authorization as necessary and complete and execute a separate authorization for each of Plaintiff Victoire Dumont's mother's health care providers.

**RESPONSE:**

10

**REQUEST FOR PRODUCTION NO. 28:**   All   correspondence   Plaintiff's

counsel sent to or received from Victoire Dumont's parents.

**RESPONSE:**


Respectfully submitted,

*John Chadwick Coots*

Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Emily J. Laird, D.C. Bar No. 485890
SHOOK, HARDY & BACON L.L.P.
600 14th Street, N.W., Suite 800
Washington, DC  20005-2004
Phone:  (202) 783-8400; Fax: (202) 783-4211

and

David W. Brooks
Jonathan H. Gregor
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri  64108
Phone: (816) 474-6550; Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

2705955v1

SHOOK, HARDY & BACON LLP

## HIPAA COMPLIANT AUTHORIZATION FOR RELEASE OF INFORMATION PURSUANT TO 45 C.F.R. 164.508

**Patient Name:** Victoire Dumont

**Identification:** Date of Birth _____ Soc. Sec. _____

Parents Name/Previous Name(s) _____

**Provider:**
*(Who is releasing the information)* _____

**Requestor:** Name **SHOOK, HARDY & BACON LLP** and/or **SHOOK, HARDY & BACON LLP**
*(to whom the information will be provided)* Address 2555 Grand Blvd. ____ Hamilton Square, 600 14th Street, N.W., Suite 800
Kansas City, MO 64108-2613 ____ Washington, DC 20005-2004

**Information Requested:** I authorize the disclosure of all protected medical information in any form (including oral, written and electronic) for the purpose of review and evaluation in connection with a legal claim. I expressly request that all covered entities under HIPAA identified above disclose full and completed protected health information, including, but not limited to, the following:

- All medical records, including, but not limited to: inpatient, outpatient & emergency room treatment; all clinical charts, reports, documents, correspondence, test results, statements, questionnaires/histories, office and doctor's handwritten notes; and records received from other physicians or health care providers;

- All laboratory, histology, cystology, pathology, radiology, CT Scan, MRI, echocardiogram & cardiac catheterization reports;

- All radiology films; mammograms; myelograms; CT Scans; photographs; bone scans; pathology, cytology, histology, autopsy, immuno-histo-chemistry specimens; cardiac catheterization videos/CDs/films/reels; and echocardiogram videos;

- All pharmacy prescription records, including, but not limited to: NDC numbers and drug information handouts/monographs

- All billing records, including, but not limited to: all statements, itemized bills, and insurance records.

- All documents related to amendment of any record requested.

**Purpose of Release:** For the purpose of review and evaluation in connection with a legal claim. Other _____

This authorization is effective for one year from this date, or when the following event occurs: the resolution of Case No. 1:07-cv-01635, *Victorie Dumont. v. Eli Lilly and Company et al.* I understand that I may revoke this authorization at any time, except to the extent that action has already been taken in reliance upon it, by giving written notice to Shook, Hardy & Bacon LLP. I understand that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not I sign the authorization. This information, once it is released, may be re-disclosed by the recipient, and if re-disclosed, the information would no longer be protected by the federal privacy rule. Any facsimile, copy or photocopy of the authorization authorizes you to release the records requested herein.

Signature of Patient if 18 years of age or older _____ Date _____

Signature of Parent or Legal Representative _____ Date _____

Relationship to Patient, if not signed by Patient _____

---

*SPECIFIC authorization for release of information protected by state or federal law* In addition to the authorization and other provisions contained above, hereby incorporated by reference, I authorize: (i) the release of data and information to Shook, Hardy & Bacon LLP; and (ii) Shook, Hardy & Bacon LLP's re-disclosure of the data and information to its consultants, experts, agents, and/or other counsel; any and all data, notes, records, reports, and/or any other documents and information relating to:

1. Substance Abuse (Alcohol/Drug)    2. Mental Health (includes psychological testing)    3. HIV-related information (AIDS related testing)

This form does not authorize re-disclosure of medical information beyond the limits of this consent. Where information has been disclosed from records protected by federal law for alcohol/drug abuse records or by state law for mental health records, federal requirements (42 C.F.R. Part 2) and state requirements prohibit further disclosure without specific written consent of the patient, or as otherwise permitted by such law and/or regulations. A general authorization for the release of medical or other information is not sufficient for these purposes. Civil and/or criminal penalties may attach for unauthorized disclosure of alcohol/drug abuse or mental health information. Federal regulations state that any person who violates any provision of this law shall be fined not more than $500, in the case of a first offense, and not more than $5000 in the case of each subsequent offense. Drug Abuse Office and Treatment Act of 1972 (21 U.S.C. 1175); Comprehensive Alcohol Abuse Alcoholism Prevention, Treatment and Rehabilitation Act of 1970 (42 U.S.C. 4582).

Signature of Patient if 18 years of age or older _____ Date _____
Signature of Parent or Legal Representative _____ Date _____
Relationship to Patient, if not signed by Patient _____

---

As Revised May 8, 2003

2705957v1

SHOOK, HARDY & BACON LLP

## HIPAA COMPLIANT AUTHORIZATION FOR RELEASE OF INFORMATION PURSUANT TO 45 C.F.R. 164.508

**Patient Name:**

**Identification:**          Date of Birth          Soc. Sec.

Parents Name/Previous Name(s)

**Provider:**
*(Who is releasing
the information)*

**Requestor:**          Name   SHOOK, HARDY & BACON LLP          and/or   SHOOK, HARDY & BACON LLP
*(to whom the information*   Address   2555 Grand Blvd.                    Hamilton Square, 600 14th Street, N.W, Suite 800
*will be provided)*                 Kansas City, MO  64108-2613                 Washington, DC  20005-2004

**Information Requested:**   I authorize the disclosure of all protected medical information in any form (including oral, written and electronic) for the purpose of review and evaluation in connection with a legal claim. I expressly request that all covered entities under HIPAA identified above disclose full and completed protected health information, including, but not limited to, the following:

- All medical records, including, but not limited to: inpatient, outpatient & emergency room treatment; all clinical charts, reports, documents, correspondence, test results, statements, questionnaires/histories, office and doctor's handwritten notes; and records received from other physicians or health care providers;

- All laboratory, histology, cystology, pathology, radiology, CT Scan, MRI, echocardiogram & cardiac catheterization reports;

- All radiology films; mammograms; myelograms; CT Scans; photographs; bone scans; pathology, cytology, histology, autopsy, immuno-histo-chemistry specimens; cardiac catheterization videos/CDs/films/reels; and echocardiogram videos;

- All pharmacy prescription records, including, but not limited to: NDC numbers and drug information handouts/monographs

- All billing records, including, but not limited to: all statements, itemized bills, and insurance records.

- All documents related to amendment of any record requested.

**Purpose of Release:**          For the purpose of review and evaluation in connection with a legal claim.     Other_____

This authorization is effective for one year from this date, or when the following event occurs: the resolution of Case No. 1:07-cv-01635, *Victorie Dumont. v. Eli Lilly and Company et al.* I understand that I may revoke this authorization at any time, except to the extent that action has already been taken in reliance upon it, by giving written notice to Shook, Hardy & Bacon LLP. I understand that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not I sign the authorization. This information, once it is released, may be re-disclosed by the recipient, and if re-disclosed, the information would no longer be protected by the federal privacy rule. Any facsimile, copy or photocopy of the authorization authorizes you to release the records requested herein.

**Signature of Patient if 18 years of age or older**_____     **Date**_____

**Signature of Parent or Legal Representative**_____     **Date**_____

**Relationship to Patient, if not signed by Patient**_____

---

*SPECIFIC authorization for release of information protected by state or federal law* **in addition to the authorization and other provisions contained above, hereby incorporated by reference, I authorize: (i) the release of data and information to Shook, Hardy & Bacon LLP; and (ii) Shook, Hardy & Bacon LLP's re-disclosure of the data and information to its consultants, experts, agents, and/or other counsel; any and all data, notes, records, reports, and/or any other documents and information relating to:**

  1. **Substance Abuse (Alcohol/Drug)**     2. **Mental Health (includes psychological testing)**     3. **HIV-related information (AIDS related testing)**

This form does not authorize re-disclosure of medical information beyond the limits of this consent. Where information has been disclosed from records protected by federal law for alcohol/drug abuse records or by state law for mental health records, federal requirements (42 C.F.R. Part 2) and state requirements prohibit further disclosure without specific written consent of the patient, or as otherwise permitted by such law and/or regulations. A general authorization for the release of medical or other information is not sufficient for these purposes. Civil and/or criminal penalties may attach for unauthorized disclosure of alcohol/drug abuse or mental health information. Federal regulations state that any person who violates any provision of this law shall be fined not more than $500, in the case of a first offense, and not more than $5000 in the case of each subsequent offense. Drug Abuse Office and Treatment Act of 1972 (21 U.S.C. 1175); Comprehensive Alcohol Abuse Alcoholism Prevention, Treatment and Rehabilitation Act of 1970 (42 U.S.C. 4582).

**Signature of Patient if 18 years of age or older**_____     **Date**_____
**Signature of Parent or Legal Representative**_____     **Date**_____
**Relationship to Patient, if not signed by Patient**_____

---

As Revised May 6, 2003
2705952v1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of November, 2007, a true and accurate copy of Defendant Eli Lilly and Company's First Requests for Production of Documents or Tangible Things To Plaintiff Victoire Dumont has been furnished by first-class U.S. Mail, postage prepaid, to all counsel of record listed below.

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
**Attorney for Plaintiffs**

Sybil Shainwald
Roxanne DeFrancesco
Law Offices of Sybil Shainwald
111 Broadway, 4th Floor
New York, NY 10006
**Attorney for Plaintiffs**

Janet K. Coleman
Whitney & Bogris LLP
401 Washington Avenue
12th Floor
Towson, MD 21204
**Attorney For Burroughs-Wellcome & Co. n/k/a GlaxoSmithKline, Inc., S.E. Massengill, Co., and Mallinckrodt, Inc.**

Elizabeth Ewert
Stephanie Albert
Drinker Biddle Reath LLP
1500 K Street, NW
Washington, DC 20005
**Attorney for McNeil Lab, Inc., Merck & Co., Inc., and Upjohn Company**

Jaime Walker Luse
Tydings & Rosenberg LLP
100 East Pratt Street
26th Floor
Baltimore, MD 21202
**Attorney for Carnrick Laboratories, Inc.**

Sarah S. Keast
Goodwin Procter, LLP
901 New York Avenue, NW
Washington, DC 20001
**Attorney for Premo Pharmaceutical Laboratories, Inc.**

John F. Anderson
Troutman Sanders LLP
1660 International Drive
Suite 600, Tysons Corner
McLean, VA 22102
**Attorney For Dart Industries, Inc.**

Robert N. Kelly
Jackson & Campbell, P.C.
1120 20th Street, NW
Washington, DC 20036-3406
**Attorney for Kremers-Urban Co.**

12

Kathleen M. Bustraan
Lord & Whip, P.A.
36 South Charles Street, 10th Floor
Baltimore, MD 21201
**Attorney for Lannett Co., Inc.**

Sidney G. Leech
Goodell, Devries, Leech & Dann, LLP
One South Street, Suite 2000
Baltimore, MD 21202
**Attorneys for E.R. Squibb & Sons, Inc.**

Rowell Laboratories, Inc.
p/k/a Solvay Pharmaceuticals, Inc.
c/o T.H. Rowell, Jr., President
210 Main Street W.
Baudette, MN 56623

Jennifer Gardner Levy
Kirkland & Ellis
655 15th Street, N.W.
Washington, D.C. 20005
**Attorney for Abbott Laboratories, Inc.**

Merrell Dow Pharmaceuticals, Inc.
c/o Corporation Trust Co.
820 Bear Tavern Road
West Trenton, NJ 08628

Rhone-Poulenc Rorer Pharmaceuticals, Inc.
p/k/a William H. Rorer, Inc.
c/o Sanofi-Aventis
55 Corporate Drive
Bridgewater, NJ 08807


**ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY**

13

2705955v1

Exhibit D

**Shook, Hardy & Bacon L.L.P.**
www.shb.com

February 19, 2008

Darin A. Nugent

2555 Grand Blvd.
Kansas City
Missouri 64108-2613
816.474.6550
816.421.5547 Fax
dnugent@shb.com

**VIA FACSIMILE - 212-425-5566**
**AND U.S. MAIL**

Roxanne DeFrancesco, Esq.
Law Offices of Sybil Shainwald
111 Broadway, Suite 403
New York, NY 10006-3901

Re: *Victorie Dumont v. Eli Lilly and Company, et a.*
     Civil Action No.: 07-CV-1635 (JR)

Dear Ms. DeFrancesco:

On February 11, 2008, we received Plaintiffs' Responses to Lilly's First Set of Interrogatories and Requests for Production in the above-referenced matter. For the reasons set forth below, Plaintiff's responses to Lilly's discovery requests are incomplete or inadequate. Please consider the requests addressed below and submit complete responses. Your responses are deficient for the following reasons:

**Interrogatory #3:** This interrogatory asks if Plaintiff has been married and for each marriage, the identity and present address of her spouse, the dates of the marriage and the place and court where any divorce or dissolution was granted. Plaintiff states that she was previously married on June 22, 2002 until August 3, 2004, but fails to identify her spouse, his address, or the court which granted this dissolution of marriage.

**Interrogatory #4:** Plaintiff has provided degrees and dates that these degrees were obtained but has failed to identify the college or institutions which she attended.

**Interrogatory #5:** Plaintiff has not provided the nature of her job duties or her average monthly earnings.

**Interrogatory #7:** This interrogatory requests the name and address of all health care providers that have treated Plaintiff for any condition which she does not attribute to her alleged exposure to DES and dates of treatment. Plaintiff's only response to this request is, "unknown at this time." These requests were served on November 30, 2007. Accordingly, Lilly requests that a response to this request be provided. Lilly is entitled to the information sought in this interrogatory because information regarding Plaintiff's treatment by physicians or health care providers for other illnesses, injuries or conditions is relevant to the subject matter involved in this case and may lead to the discovery of admissible evidence. Please provide Plaintiff's complete response.

Geneva
Houston
Kansas City
London
Miami
Orange County
San Francisco
Tampa
Washington, D.C.



**Interrogatory #9:** Plaintiff has not provided the dates of her treatment for infertility that she references or the address of the physicians she consulted.

**Interrogatory #11:** Plaintiff has not provided the name and address of the hospital where she was delivered.

**Interrogatory #13:** This interrogatory requests the name and address of all health care providers who have consulted with or treated Plaintiff for any condition which she alleges resulted from her alleged exposure to DES as well as the nature of the treatment. Plaintiff references her answers to interrogatories 8 and 9 and "medical records to be obtained." To date no medical records have been provided by Plaintiff. These requests were served on November 30, 2007. Accordingly, Lilly requests that a complete response to this request be provided.

**Interrogatory #15:** This interrogatory requests information regarding and the support for any and all special damages which Plaintiff claims she has incurred as a result of her alleged exposure to DES. Plaintiff's only response to this request is, "[t]o be supplied." These requests were served on November 30, 2007. Accordingly, Lilly requests that a response to this request be provided.

**Interrogatory #16:** This interrogatory requests information regarding any claimed loss of income or earnings as a result of any injuries attributed to Plaintiff's alleged exposure to DES, including information from the last five years of Plaintiff's federal income tax returns. Plaintiff's only response to this request is, "[t]o be supplied." These requests were served on November 30, 2007. Accordingly, Lilly requests that a response to this request be provided.

**Interrogatory #17:** Plaintiff has failed to provide the date and place of her mother's birth, the residences at which her mother lived, any major illnesses which her mother has had, any medical problems developed by her mother during pregnancy, the names and addresses of physicians or health care providers that her mother consulted during pregnancy, and the name and address of the hospital where her mother was confined during each pregnancy.

**Interrogatory #18:** Plaintiff has failed to provide the date and place of her father's birth.

**Interrogatory #19:** Plaintiff has failed to provide the present address of each of her brothers and sisters.

**Interrogatory #20:** This interrogatory requests, among other items, information regarding all pharmacies where Plaintiff alleges her mother obtained DES. Plaintiff responds, "[p]harmacy to be provided." These requests were served on November 30, 2007. Accordingly, Lilly requests that a response to this request be provided.

Geneva
Houston
Kansas City
London
Miami
Orange County
San Francisco
Tampa
Washington, D.C.

Shook,
Hardy &
Bacon L.L.P.
www.shb.com

**Interrogatory #21:** This interrogatory requests information regarding the appearance of the diethylstilbestrol pill that Plaintiff alleges her mother took, as well as the number of times she alleges she took it per day. Plaintiff's only response is, "[t]o be supplied." Lilly requests that a response to this request be provided.

**Interrogatory #22:** This interrogatory requests, among other items, the date on which Plaintiff first believed that her mother took DES during her pregnancy with Plaintiff and the date Plaintiff first discovered any injury which she claims to be due to her exposure to DES. Plaintiff responds, "[f]irst trimester. Plaintiff learned of the DES manufacturers' negligence and wrongdoing in 2007." Plaintiff has failed to answer this request. Plaintiff was asked the date she <u>first believed</u> her mother took DES, not the date that her mother allegedly took DES, and the date she first discovered any injury which she claims to be due to DES exposure. Please provide Plaintiff's complete response to this interrogatory.

**Interrogatory #23:** This interrogatory requests any materials from Lilly which Plaintiff or her attorneys may have. Plaintiff restates her general objections and states that the information sought is "subject to attorney-client and/or work product privilege." This objection is improper. The attorney-client privilege exists to protect only those <u>communications</u> between an attorney and client which are confidential. The work-product privilege, which you have also improperly used as a basis for your objection, is designed to protect an attorney's <u>mental impressions</u>, conclusions, opinions and legal theories concerning the litigation. These requests ask you to provide <u>factual information</u> specific to the allegations in Plaintiffs' petition, not communications with attorneys or the mental impressions of attorneys. Facts are not mental impressions, conclusions, opinions or legal theories and these requests do not seek to obtain privileged information. Lilly requests that Plaintiff state whether she or her attorneys have materials responsive to this request. If Plaintiff or her attorneys have material from Lilly which is not privileged, Lilly requests that it be produced. If Plaintiff or her attorneys have material from Lilly which Plaintiff intends to assert is privileged, Lilly requests that these documents be identified and that the basis for the privilege be provided.

**Interrogatory #24:** This interrogatory requests documents in Plaintiff's possession from the national DESAD Project or any DES action organization. Plaintiff restates her General Objections and states that the information sought is "subject to attorney-client and/or work product privilege." Again, the attorney-client privilege exists to protect <u>communications</u> between an attorney and client which are confidential. Lilly requests that Plaintiff state whether she or her attorneys have any materials responsive to this request. If Plaintiff or her attorneys have any such material which is not privileged, Lilly requests that it be produced. If Plaintiff or her attorneys have any such material which Plaintiff intends to assert is privileged, Lilly requests that these documents be identified and that the basis for the privilege be provided.

Geneva
Houston
Kansas City
London
Miami
Orange County
San Francisco
Tampa
Washington, D.C.

**Shook,**
**Hardy&**
**Bacon L.L.P.**
www.shb.com

**Requests for Production #1, 2, 9, 14, 17, 21:** Plaintiff's response to these requests is "to be provided when and if the document(s) become(s) available." Lilly requests that these materials be produced.

**Requests for Production #4, 5, 6, 7, 8, 13:** Plaintiff's response to these requests is "see medical records for which authorizations are provided." Plaintiff has to date provided just six authorizations. These authorizations are prepared with the names of the health care providers which Plaintiff has identified as the providers who have treated her for the injuries she alleges were caused by her use of DES. Plaintiff has ignored multiple discovery requests relating to medical treatment other than treatment of the injuries she alleges in this lawsuit. Moreover, some of these requests are for information that would likely fall outside the medical records which her physicians maintain, and would almost certainly fall outside of the records of the few providers for which Plaintiff has provided authorizations to date. Lilly requests that these materials be produced.

**Requests for Production #10 and 11:** Plaintiff's response to these requests, which request information relating to any claims for special damages or loss of income is, "[t]o be provided." These requests were served on November 30, 2007. Accordingly, Lilly requests that these materials be produced.

**Request for Production #16:** This request is for pills, capsules, containers or labels connected with the drug identified by Plaintiff. Plaintiff responds by referencing her General Objections, and objects on the grounds that the language "connected with" is vague and ambiguous. You should reconsider these objections, particularly because this request is narrowly tailored and specific. Lilly requests that any such materials be produced.

**Request for Production #18:** This request is for applications for employment, life insurance, medical or hospital benefits or income continuation filed by or on behalf of Victorie Dumont. Plaintiff responds by referencing her General Objections and objecting that the request is "irrelevant or not reasonably calculated to lead to admissible evidence." Lilly requests that any such materials be produced because such materials may be relevant and are reasonably calculated to lead to admissible evidence.

**Request For Production #26:** This request is for authorization to be executed by Plaintiff granting release of medical records pertaining to all medical, psychological or other treatment, examination or counseling for any condition. Plaintiff has to date provided just six authorizations, all for health care providers which she identifies as the providers who treated her for the alleged injuries she is claiming in this lawsuit. Lilly is entitled to the information sought in this request because information regarding Plaintiff's treatment by physicians or health care providers for other illnesses, injuries or conditions is relevant to the subject matter involved in this lawsuit and may lead to the discovery of

Geneva
Houston
Kansas City
London
Miami
Orange County
San Francisco
Tampa
Washington, D.C.

**Shook,
Hardy&
Bacon** L.L.P.
www.shb.com

admissible evidence. Lilly requests that Plaintiff provide executed authorizations for the remainder of her medical records.

**Requests for Production #20, 22, and 27:**  Plaintiff responds to these requests with various objections including objections that the requests are vague, ambiguous, overly broad, unduly burdensome, or not reasonably calculated to lead to admissible evidence. Request No. 20 seeks all documents or things pertaining to any drug, including DES, allegedly taken by the mother of Plaintiff during her pregnancy.  Request No. 27 is for authorization to be executed by Victorie Dumont's mother granting the release of medical records.  Please reconsider your objections to these requests.  These requests are focused, limited in time, and go directly to the facts at issue in this lawsuit.  Lilly requests that these materials be produced.

**Requests for Production #23 and 24:**  These requests are for documents which Plaintiff relies on to support the allegations in her Complaint.  Plaintiff responds by referencing her General Objections.  Such documents are discoverable and Lilly requests that these materials be produced.

We sincerely hope that you will resubmit complete responses to Lilly's First Requests for Interrogatories and Requests for Production.  In compliance with Federal Rule of Civil Procedure 37(a)(1), this letter represents Lilly's good faith effort to resolve the disputed issues without seeking the Court's intervention.  Please provide supplemental responses to these requests at your earliest possible convenience, but no later than February 29, 2008.

Very truly yours,

Darin A. Nugent

DAN:blw

Geneva
Houston
Kansas City
London
Miami
Orange County
San Francisco
Tampa
Washington, D.C.

Exhibit E

**Nugent, Darin (SHB)**

| | |
|---|---|
| **From:** | Gregor, Jonathan (Jon) H. (SHB) |
| **Sent:** | Monday, March 17, 2008 1:42 PM |
| **To:** | 'shainwaldlaw@aol.com' |
| **Cc:** | Nugent, Darin (SHB) |
| **Subject:** | DuMont / Motion to Compel / ATTN:  Roxanne DeFrancesco |

Roxanne:

Pursuant to Local Rule 7(m) I am required to confer with plaintiff's counsel to determine if plaintiff will consent to the relief sought in Lilly's second motion to compel discovery which addresses the issues raised in Darin Nugent's golden rule letter dated February 19, 2008. Please advise me of your position by close of business Wednesday, March 19.

Thank you,

Jon

Exhibit F

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VICTOIRE DUMONT,            ]
                            ]
       Plaintiff,          ]
                            ]
      v.                 ]       Civil Action No.: 07-CV-01635 (JR)
                            ]
THE ABBOTT LABORATORIES, INC.,  ]
et al.,                    ]
                            ]
       Defendants.      ]

## ANSWERS TO DEFENDANT ELI LILLY AND COMPANY'S
## FIRST SET OF INTERROGATORIES TO THE PLAINTIFF

Plaintiff Victoire Dumont ("Plaintiff" or "Dumont") hereby responds to the First Set of

Interrogatories of Defendant Eli Lilly and Company ("Defendant" or "Lilly") as follows:

### GENERAL OBJECTIONS

Plaintiff makes the following General Objections to Defendant's Interrogatories.

These General Objections set forth below are incorporated, as appropriate, into each of

Plaintiff's responses to the Interrogatories and are not waived, or in any way limited, by any

specific objections.

### A.  Scope and Relevance

Plaintiff objects to Defendant's Interrogatories on the grounds that they are vague,

ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the

discovery of admissible evidence.  Plaintiff further objects to the Interrogatories on the

grounds that they are not stated with reasonable particularity and attempt to impose

obligations beyond those authorized by the applicable law and Federal Rules of Civil

Procedure.  For example, Defendant's Interrogatories contain twenty-five (25) separate

interrogatories; however, many of these interrogatories have multiple parts and/or subparts. In this regard, Plaintiff objects because the interrogatories are beyond the scope of those permitted by the Federal Rules of Civil Procedure. Moreover, many of the Interrogatories seek information or documents that are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.

**B.    Privilege**

Defendant's Interrogatories by their terms do not exclude privileged or otherwise protected communications from the information and documents sought. Plaintiff objects to Defendant's Interrogatories to the extent they seek information and documents protected from discovery by reason of the attorney-client privilege, the work product doctrine, the common interest privilege, and any other applicable privilege, protection, exception or immunity. Inadvertent disclosure of any information or documents shall not be a waiver of any claim of privilege, protection, exemption or immunity.

**C.    Activities Protected by the First Amendment and Other Immunities**

Plaintiff objects to the Interrogatories to the extent that they seek information related to activities protected by the First Amendment f the Untied States Constitution, comparable provisions of the applicable state and/or local Constitutions, and the *Noerr-Pennington* Doctrine.

**D.    Information not in Plaintiff's Possession, Custody or Control**

Plaintiff objects to the Interrogatories to the extent that they seek information or documents not within Plaintiff's possession, custody or control and/or seek information or documents within the possession, custody or control of other parties or third parties.

2

### E.    Time Frame

Plaintiff objects to the Interrogatories to the extent that they seek information or documents not within Plaintiff's possession, custody or control and/or seek information or documents within the possession, custody or control of other parties or third parties.

### F.    Defendant's Instructions

Plaintiff objects to Defendant's instructions on the grounds that they are vague, ambiguous, overly broad, unduly burdensome, seek information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence and attempt to impose obligations beyond those authorized by the Federal Rules of Civil Procedure or other applicable authority.

### G.    Supplementation & Reservation of Rights

Plaintiff reserves the right to amend or supplement these responses following further discovery and to present further information at trial.

### INTERROGATORY #1:

Please state your present name, date and place of birth, Social Security number, and all other names you have used or been known by, including the period during which you were known by such other names.

ANSWER:

    Victoire Dumont
    214 Harrison Drive
    Centerport, New York  11721
    SSN:  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
    DOB:  12/03/70
    POB:  Paris, France

    Previous/other names of Plaintiff:    Marie-Victoire    Dumont;    Victoire    Baumann;
    Victoire Dumont-Babbit

3

## INTERROGATORY #2:

Please state in chronological order the full address for each residence at which you have resided for a period thirty (30) days or more, and state the date each such residency was commenced and terminated.

ANSWER:

214 Harrison Drive
Centerport, NY 11721
(2004-present)

321 East 92nd Street
New York, NY 10128
(2003-2004)

1500 Hudson Street
Apt. 6D
Hoboken, NJ 07030
(2002-2003)

25-40 Shore Boulevard
Apt. 16M
Astoria, NY 11102
(1999-2002)

101 Crosby Street
3rd Floor
New York, NY 10012
(1995-1998)

354 Broome Street
Apt. 4C
New York, NY 10013
(1994)

rue du Vieil Armand, Studio 140 – 67100 Strasbourg France
(1992 to 1994)

4

9 rue Jean Ferrandi – 75006 Paris – France
(1984 to 1992)

47 rue des murs – 45300 Escrennes – France
(1970 to 1984)

## INTERROGATORY #3:

Please state whether you have ever been married and, if so, for each marriage identify the full name and present address of your spouse, the date and place of marriage and the date, place and manner of the termination of any such marriage including the date, place and court where any divorce or dissolution was granted.

ANSWER:    See General Objections.   Subject to, but without limitation thereto, Plaintiff answers: Plaintiff is currently married to Douglas Babbit.  This marriage began on October 29, 2006 in Centerport, NY.  Plaintiff had been in a previous marriage that began on June 22, 2002 in the town of Escrennes, County of Loiret, France.  This first marriage was terminated on August 3, 2004.

## INTERROGATORY #4:

Please state your education background including colleges attended, years of such attendance and any degrees or diplomas obtained from such colleges.

ANSWER:    See General Objections.   Subject to, but without limitation thereto, Plaintiff answers:

**Strasbourg,** France
Bachelors Degree in Marketing and Management, 1992 to 1994

5

**Paris,** France
Associate Degree in International Trade, 1990 to 1992

**Paris,** France
High school degree in Economics, 1985 to 1990
Lycee Paul Claudel


## INTERROGATORY #5:

Please state the name and address of your present and past employers and/or any periods of self-employment, including the job title, nature of duties, length or period of employment or self-employment, average monthly earnings and reason for leaving employ of each such employer or period of self-employment.

ANSWER:    See General Objections.    Subject to, but without limitation thereto, Plaintiff answers:

December 2007 to present
**Peoples Liberation/William Rast**
150 W Jefferson Blvd
Los Angeles, CA
VP of Sales
Manage a team of 15 people and a $35.0m business. Clothing line represented by Justin Timberlake

January 2006 to November 2007
**Liz Claiborne Inc.**
40 west 34th street
New York, NY 10016
Director of Sales
Managed a $16.0 million business and a team of 8 people
Reason for leaving: Sale of Division

June 2005 to January 2007
**BCBG MAXAZRIA**
1440 Broadway
New York NY
Director of Sales

6

Run a $25.0m division and manage a sales team of 7 people
Reason for leaving: New opportunity

November 2004 to June 2005
**Mark Ecko Enterprises**
40 East 23rd street
New York, NY
Sales manager
Managed Macy's accounts
Reason for leaving:  to go back to management

December 2001 to November 2004
**Diesel USA**
Lexington Avenue
New York NY
Key account manager
Managed the department stores business $15.0m
Reason for leaving: bigger business

1995 to 2001
**Hugo Boss USA,**
23rd street and 11th avenue
Lehigh building
New York, NY
Sales Director, sportswear
Reason for leaving:  great opportunity


## INTERROGATORY #6:

Except for the present lawsuit, if you ever made any claim or filed any lawsuit for personal injury or disability, please provide details, including the approximate date each such claim or other lawsuit was filed; the nature of your claimed injury, disability or condition, the name and address or each person, firm or corporation against whom such claim or suit was made or filed; the amount received by way of settlement, payment or judgment for each such claim or suit; the approximate date, location and circumstances of the occurrence causing any injury, disease or disability for each such suit or claim; and the name and address of the court,

7

commission or other body before which such claim or suit was filed, if any, and the number assigned to each such claim or suit.

ANSWER:    See General Objections.  Subject to, but without limitation thereto, Plaintiff answers that she has never before filed another lawsuit.

**INTERROGATORY #7:**

Please state the name and address of each physician or other health care provider who has treated you for any reason which you do not attribute to your alleged exposure to the diethylstilbestrol (DES) referred to in your Complaint including the nature, date, location, of any such treatment, the name and address of each hospital, clinic or other health care facility where you were confined, treated or examined, and the dates of such confinement, treatment or examination.

ANSWER:    See General Objections.  Subject to, but without limitation thereto, Plaintiff answers:  unknown at this time.

**INTERROGATORY #8:**

In regard to your menstrual history, please state your age at the onset of menstruation, whether menstruation was regular, and if not, describe menstruation (such as excessive or prolonged flow), and if you have consulted a physician or other health care provider regarding any of these irregularities or difficulties, please state the name and address of the physician, the approximate dates consulted and the reason for any such consultation, examination or treatment.

8

ANSWER:    See General Objections.  Subject to, but without limitation thereto, Plaintiff

answers:  see medical records for which authorizations will be provided.  Plaintiff further

answers:  First period age 14; irregularities and cramping; had to be on pill to regulate my

period and pain.  Doctors consulted:

**Dr. Patrick Jeanmougin**
1 avenue d'Alsace – 67000 Strasbourg – France
1992-1994--consulted on various occasions because of extreme pain.

**Dr. Christine Haie Meder**
Institut de cancerologie Gustave Roussy – 39 rue Caille-Desmouslins 94805 Villejuif Cedex
France
1992-1997--consulted on various occasions to address pain and clear cell adenocarcinoma of
vagina and cervix.
July 5th, 2006

**Hackensack University Medical Center, Emergency Room**
August 11, 2001--Extreme pain
October 2002--Extreme pain

**Dr. Ilana Browstein**
525 east 68th street – New York NY 10021
2001-present--medical monitoring
June 22, 2006-Hysterogram requested by Dr. Brownstein.  Due to distortion of Plaintiff's
anatomy the cervix could not be well visualized or cannulated and the hysterosalpingogram
could not be performed.

**INTERROGATORY #9:**

If you have ever attempted to become pregnant, but been unable to conceive, and the

name and address of any physician or other health care provider consulted and the date(s) of

each consultation.

ANSWER:

Plaintiff tried to conceive in the past 2 years.  See medical records for which authorizations
will be provided.  Plaintiff consulted the following two health care providers regarding her
inability to conceive:

1.)    Dr Ilana Brownstein New York NY

2.)    Dr Glenn Schattman – Weil Cornell hospital – 1/24/07, 1/31/07, 2/8/07, 2/28/07, 9/10/07, 10/3/07, 10/12/07.

**INTERROGATORY #10**:

If you have ever been pregnant, please state the number of months or years you attempted to conceive before becoming pregnant and the approximate date of conception; the date of termination of the pregnancy and the result (e.g., childbirth, miscarriage, spontaneous abortion, therapeutic abortion, etc.); the name and address of each physician or other health care

ANSWER:    Plaintiff has never been pregnant.

**INTERROGATORY #11**:

Please state the inclusive dates of your mother's pregnancy with you, your mother's and father's names as of your date of birth, your mother's address during her pregnancy with you, the name and address of the doctor and/or other persons who delivered you, the name and address of the hospital or other place where you were delivered, including a description of the location is not delivered in a hospital.

ANSWER:

Parents: Marie-Caroline and Bernard Dumont
Lived at 47 rue des murs, 45300 Escrennes, France when Plaintiff was born and Plaintiff's parents still reside there.

Doctor who prescribed DES and who delivered Plaintiff:
Dr. Michel CHIRIE at 26 avenue Lowendal 75015 Paris

**INTERROGATORY #12**:

Please list the names of all drugs and medications used by you within the last ten (10) years, including, but not limited to, antibiotics, contraceptives, tranquilizers, sleeping pills, antihypertensives, diet aids or hormones; the inclusive dates each such drug or medication was used; the purpose for which each such drug or medication was used; and the name of the physician or other health care provider, if any, who prescribed such drug or medication for your use.

ANSWER:    See General Objections.  Subject to, but without limitation thereto, Plaintiff answers that plaintiff has taken Levora and used Tylenol codene 3 prescribed by Dr Brownstein.

**INTERROGATORY #13:**

Please describe with specificity the injuries, disabilities and/or conditions which you allege to have resulted from your alleged exposure to the drug identified in your Complaint, including any complaints of injury, disability, or condition which have now subsided and when you last had those complaints, and if you are claiming any aggravation of any injury, disability, or condition, describe such condition, and the manner in which you claim such condition was aggravated by your alleged exposure to the drug identified in the Complaint.

ANSWER:

Clear cell adenocarcinoma of vagina and cervix
Deformed uterus
Infertility
Painful ovarian cysts--fifteen years of monthly pain resulting from cysts on ovaries
Ongoing emotional stress as a result of ongoing inability to conceive and bear children
Ongoing fear of occurrence of other DES-related cancers, including breast cancer
Need for lifelong medical surveillance
Emotional pain and suffering

11

**INTERROGATORY #14**:

If you have been confined, examined, x-rayed or treated in any hospital or clinic or physician's office or have consulted any physician or other health care provider as a result of any injury, disability, or condition which you allege to have resulted from your alleged exposure to the drug identified in your Complaint, please state the name and address of each such hospital or clinic or office, the name and address of each treating physician or other health care provider, and the nature of the treatment received by you, including the date of each such confinement, examination, x-ray or treatment.

ANSWER: See answers to Interrogatories #8 and #9. In addition, see medical records to be obtained.

**INTERROGATORY #15**:

Please itemize any and all special damages you claim to have incurred as a result of your alleged exposure to the drug identified in your Complaint, including but not limited to, doctor and hospital bills, prescription bills, counseling services, nursing services, and other employed help, including the name and address of the person or company performing the service, the amount of each bill and the nature of the services rendered.

ANSWER:    To be supplied.

12

**INTERROGATORY #16**:

If you are claiming any loss of income or earnings as a result of any injuries, disabilities or conditions attributed to your alleged exposure to the drug identified in your Complaint, please state the total amount claimed, the dates of employment missed and the reasons therefore; and for the last 5 years in which you filed federal income tax returns, state as to each return filed, your name as it appeared on the federal return, whether the return was a joint return, and the name of your spouse as it appeared on the return in a joint return was filed, and your address as it appeared on the return.

ANSWER:    To be supplied.


**INTERROGATORY #17**:

As to your mother, please state her current full name, maiden name, and any other names used; her date and place of birth; her present address if living, the date and cause of death if deceased; all residences at which your mother lived for a period of more than thirty (30) days since her pregnancy with you was diagnosis; any and all major illnesses, disease and/or conditions your mother has or has had and the approximate dates of such illness, disease and/or condition; the approximate date of each of your mother's pregnancies; the outcome of each of your mother's pregnancies; what drugs, including diethylstilbestrol (DES), were administered in each of your mother's pregnancies; any medical problems developed during your mother's pregnancies; the name and address of each physician or other health care provider your mother consulted during each pregnancy; the name and address of the hospital or clinic where your mother was confined during each such pregnancy; your mother's present marital state and, if married, the name and address of her spouse.

13

ANSWER:

Marie-Caroline Dumont
Maiden name: Victor-Michel
47 rue des murs – 45300 Escrennes - France

Other pregnancies of Marie-Caroline Dumont:

Jean-Philippe Dumont  born in 27 july 1968 –
Mother took DES during pregnancy
Has 3 children.

Victoire Dumont born in December 3rd, 1970
Mother took DES during pregnancy
No children, unable to conceive

Antoine Dumont born in 28 August 1977
Mother did not take DES
No children

Julien Dumont born in 10 December 1978
Mother did not take DES
No children

Docteur who prescribed DES and who delivered Victoire Dumont:
Dr. Michel CHIRIE at 26 avenue Lowendal 75015 Paris

Plaintiff's mother and father have been married since November 1966.
Plaintiff's mother's spouse:  Bernard Dumont
Both live at 47 rue des murs – 45300 Escrennes – France


**INTERROGATORY #18**:

As to your father, please state his full name; his place and date of birth; his present

address if living, the date and cause of death if deceased; all residences at which your father

lived for a period of more than thirty (30) days since the date of your birth; all major illnesses,

diseases and/or conditions which your father has or has had and the approximate dates of such

14

illness, disease and/or condition; his present marital status and, if married, the name and

address of his spouse.


ANSWER:    See General Objections.  Subject to, and without limitation thereto, Plaintiff

answers:

Father Bernard Dumont has been living all his married life at 47 rue des murs – 45300
Escrennes – France
Marital status: married to Plaintiff's mother, Marie-Caroline Dumont
No major illness to report.


**INTERROGATORY #19:**

As to your brothers and sisters, please state their names at birth; their present names if

different from their names at birth and any other names used; their present addresses if living,

the date and cause of their deaths if deceased; all major illnesses, diseases and/or conditions

which each has or has had and the dates of each such illness, disease and/or condition; the date

of each of their births and their relationship to you (natural brother. Step-sister, adopted, etc.).


ANSWER:    See General Objections.  Subject to, but without limitation thereto, Plaintiff

answers:  see answer to interrogatory #17.

Brother: Jean-Philippe Dumont  born in 27 july 1968 –
131 avenue achille Perreti – 92200 Neuilly sur Seine – France
No disease to report.

Brother: Antoine Dumont born in 28 August 1977
mentally handicapped

Brother: Julien Dumont born in 10 December 1978
Paris - France
No disease to report.

**INTERROGATORY #20:**

As to your allegation that your mother ingested diethylstilbestrol (DES) during her pregnancy with you, and that such diethylstilbestrol (DES) was manufactured by Lilly, please state all dates when diethylstilbestrol (DES) was prescribed for your mother, the names and addresses of each physician who prescribed diethylstilbestrol (DES) for your mother, the names and addresses of all pharmacies, physician's offices, hospitals, clinics or other places at which your mother obtained diethylstilbestrol (DES) or it was obtained for her, the name and address of each person known to you or your representatives who has knowledge of the facts which support such allegations and please identify each fact and each document which support such allegations.

ANSWER:

Docteur Michel CHIRIE at 26 avenue Lowendal 75015 Paris
Prescription of DES on:
23 April 1970
25 May 1970

Pharmacy to be provided.

**INTERROGATORY #21:**

Describe in detail the physical appearance of the diethylstilbestrol you allege your mother ingested, including its form (for example, pill, injections, capsule), the shape, color, or size or any pill, table or capsule, the dosage of the DES your mother took, the number of times it was taken per day, and any markings that may have appeared on the product.

ANSWER: To be supplied.

**INTERROGATORY #22**:

Please state the date on which you first believed that your mother took DES during her pregnancy with you, the date you first discovered any injury you claim to be due to your exposure to DES, and the date you first discovered any injury you claim to be due to your exposure to DES, and the date you first believed that DES manufacturers in general or any DES manufacturer in particular acted in any way wrongly, negligently, or tortiously in the manufacture or distribution of DES or in the warning about the use of DES.

ANSWER: First trimester. Plaintiff learned of the DES manufacturers' negligence and wrongdoing in 2007.

**INTERROGATORY #23**:

For each document, letter, written statement, memorandum or other written material from Lilly that you, your attorneys or other representatives may have, please state the exact description of each such item, the date appearing on each such item, the location where each such item was obtained, the name and address of the person to whom such written material was directed, the name and address of the person who obtained each such item, the name and address of the person who provided each such item and the name and address of the person known to Plaintiff to have custody of the written material.

ANSWER:    See General Objections. Information sought is subject to attorney-client and/or work product privilege.

17

**INTERROGATORY #24**:

If you ever received, or if you have in your possession any documents, correspondence or publications from the national DESAD Project or any DES action organization please identify each such document, item or correspondence, or publication and indicate the date you received each such item and the source of each such item; and if not provided by the above-named organizations, please state the name and address of the person who gave you the item.

ANSWER:    See General Objections.  Information sought is subject to attorney-client and/or work product privilege.

**INTERROGATORY #25**:

Please identify all other persons having personal knowledge of any of the facts bearing on your claim, and for each such person state his or her address, telephone number and relationship to you, if any.

ANSWER:    Plaintiff, Douglas Babbit (husband), Marie-Caroline Dumont (mother) and Bernard Dumont (father).  Mr. Babbit's address is 214 Harrison Drive, Centerport, NY 11721. See also answer to interrogatory #11.

18

## Verification

State of *New York*

County of *New York*


I, Victoire Dumont, being duly sworn upon oath, depose and state that I have read and am familiar with the contents of the foregoing Answers to Defendant Eli Lilly and Company's First Set of Interrogatories to Plaintiff, that the Answers are based on personal knowledge or information, and that the Answers are true and correct.


_____

Victoire Dumont


Subscribed and sworn to before me this __6__ day of February 2008.


Notary Public

```
MARCENE WELCH
Notary Public - State of New York
NO. 01WE6131173
Qualified in Kings County
My Commission Expires 8/7/2009
```

19

Exhibit G

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

-------------------------------------------------------

**VICTOIRE DUMONT,**

**Plaintiff,**

**CIVIL ACTION NO. 1:07-cv-01635**

vs.

**ELI LILLY AND COMPANY, et al.,**

**Defendants.**

-------------------------------------------------------

## PLAINTIFF'S RESPONSES TO DEFENDANT ELI LILLY
## AND COMPANY'S FIRST REQUESTS FOR PRODUCTION OF
## DOCUMENTS OR TANGIBLE THINGS TO PLAINTIFF VICTOIRE DUMONT

Plaintiff Victoire Dumont ("Plaintiff" or "Dumont") hereby responds to the First

Requests for Production of Documents or Tangible Things of Defendant Eli Lilly and

Company ("Defendant" or "Lilly") as follows:

### GENERAL OBJECTIONS

Plaintiff makes the following General Objections to Defendant's Requests. These

General Objections set forth below are incorporated, as appropriate, into each of Plaintiff's

responses to the Requests and are not waived, or in any way limited, by any specific

objections.

#### A. Scope and Relevance

Plaintiff objects to Defendant's Requests on the grounds that they are vague,

ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the

discovery of admissible evidence. Plaintiff further objects to the Requests on the grounds that

they are not stated with reasonable particularity and attempt to impose obligations beyond those authorized by the applicable law and Federal Rules of Civil Procedure.

**B.    Privilege**

Defendant's Requests by their terms do not exclude privileged or otherwise protected communications from the information and documents sought. Plaintiff objects to Defendant's Requests to the extent they seek information and documents protected from discovery by reason of the attorney-client privilege, the work product doctrine, the common interest privilege, and any other applicable privilege, protection, exception or immunity. Inadvertent disclosure of any information or documents shall not be a waiver of any claim of privilege, protection, exemption or immunity.

**C.    Activities Protected by the First Amendment and Other Immunities**

Plaintiff objects to the Requests to the extent that they seek information related to activities protected by the First Amendment of the United States Constitution, comparable provisions of the applicable state and/or local Constitutions, and the *Noerr-Pennington* Doctrine.

**D.    Information not in Plaintiff's Possession, Custody or Control**

Plaintiff objects to the Requests to the extent that they seek information or documents not within Plaintiff's possession, custody or control and/or seek information or documents within the possession, custody or control of other parties or third parties.

**E.    Time Frame**

Plaintiff objects to the Requests to the extent that they seek information or documents not within Plaintiff's possession, custody or control and/or seek information or documents within the possession, custody or control of other parties or third parties.

**F.    Defendant's Instructions**

Plaintiff objects to Defendant's instructions on the grounds that they are vague, ambiguous, overly broad, unduly burdensome, seek information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence and attempt to impose obligations beyond those authorized by the Federal Rules of Civil Procedure or other applicable authority.

**G.    Supplementation & Reservation of Rights**

Plaintiff reserves the right to amend or supplement these responses following further discovery and to present further information at trial.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO.1:**    Birth certificate of Victoire Dumont.

**RESPONSE:** See General Objections. Subject to, and without limitation thereto, Plaintiff answers: to be provided when and if the document becomes available.

**REQUEST FOR PRODUCTION NO.2:**    All pharmacy records or prescriptions relating to the administration of drugs or medication, including the drug identified in your Complaint, to the mother of Victoire Dumont during her pregnancy with Victoire Dumont.

**RESPONSE:** See General Objections. Subject to, and without limitation thereto, Plaintiff answers: to be provided when and if the document(s) become(s) available.

**REQUEST FOR PRODUCTION NO. 3:**    If the drug identified in your Complaint allegedly taken by the mother of Victoire Dumont during her pregnancy with Victoire Dumont was obtained from a pharmacy, all documents which indicate the pharmacy from which such drug was obtained.

**RESPONSE:** See General Objections. Subject to, and without limitation thereto, Plaintiff answers: none known at this time.

**REQUEST FOR PRODUCTION NO. 4:** All documents and drafts of documents Plaintiff sent to or received from any of Victoire Dumont's treating physicians or healthcare providers.

**RESPONSE:** See General Objections. Subject to, and without limitation thereto, Plaintiff answers: see medical records for which authorizations are provided.

**REQUEST FOR PRODUCTION NO. 5:** All documents and drafts of documents Plaintiff sent to or received from any healthcare provider who provided care to Victoire Dumont's mother during her pregnancy with Victoire Dumont.

**RESPONSE:** See General Objections. Subject to, and without limitation thereto, Plaintiff answers: see medical records for which authorizations are provided.

**REQUEST FOR PRODUCTION NO. 6:** If the drug identified in your Complaint, allegedly taken by the mother of Victoire Dumont during her pregnancy with Victoire Dumont, was obtained from a physician, all documents which indicate the physician from whom such drug was obtained.

**RESPONSE:** See General Objections. Subject to, and without limitation thereto, Plaintiff answers: see medical records for which authorizations are provided.

**REQUEST FOR PRODUCTION NO. 7:** All documents, drafts of documents, and medical articles sent by Plaintiff or Plaintiff Victoire Dumont's parents to any treating physician, healthcare provider or pharmacist whom Plaintiff or Plaintiff's counsel believes to have information regarding product identification.

**RESPONSE:** See General Objections.  Subject to, and without limitation thereto, Plaintiff answers:  see medical records for which authorizations are provided.

**REQUEST FOR PRODUCTION NO. 8:**  All medical or other records concerning any examination and/or treatment of Victoire Dumont including, but not limited to, regular examinations, records of hospitalizations, records regarding pregnancy, and any medical, psychological or emotional conditions which you claim is related to exposure to the drug identified in your Complaint.

**RESPONSE:** See General Objections.  Subject to, and without limitation thereto, Plaintiff answers:  see medical records for which authorizations are provided.

**REQUEST FOR PRODUCTION NO. 9:**  All documents, including pill exemplars, sent to or received from Victoire Dumont's parents regarding any drugs or medications taken by Victoire Dumont's mother during her pregnancy with Victoire Dumont.

**RESPONSE:** See General Objections.  Subject to, and without limitation thereto, Plaintiff answers:  to be provided when and if available.

**REQUEST FOR PRODUCTION NO. 10:** All documents relating to any special damages, including but not limited to, hospital and medical bills, prescriptions, nursing services, employed help, etc., which you contend were incurred because of Victoire Dumont's alleged exposure to the drug identified in your Complaint.

**RESPONSE:** See General Objections.  Subject to, and without limitation thereto, Plaintiff answers:  to be provided.

**REQUEST FOR PRODUCTION NO. 11:** All documents relating to any loss of income by Plaintiff which you contend was a result of Victoire Dumont's alleged exposure to the drug identified in your Complaint.

**RESPONSE:** See General Objections. Subject to, and without limitation thereto, Plaintiff answers: to be provided.

**REQUEST FOR PRODUCTION NO. 12:** All documents, letters, written statements, advertisements and memoranda of any kind written, published or distributed by Lilly or any of its agents, servants or employees.

**RESPONSE:** See General Objections. Subject to, and without limitation thereto, Plaintiff answers: none known at this time.

**REQUEST FOR PRODUCTION NO. 13:** All documents which you contend show that the mother of Victoire Dumont took the drug identified in your Complaint during her pregnancy with Victoire Dumont.

**RESPONSE:** See General Objections. Subject to, and without limitation thereto, Plaintiff answers: see medical records for which authorizations are provided.

**REQUEST FOR PRODUCTION NO. 14:** All documents which indicate the identity of the manufacturer of the drug identified in your Complaint which allegedly was taken by the mother of Victoire Dumont during her pregnancy with Victoire Dumont.

**RESPONSE:** See General Objections. Subject to, and without limitation thereto, Plaintiff answers: to be provided when and if available.

**REQUEST FOR PRODUCTION NO. 15:** All documents upon which you rely to support your allegation that Victoire Dumont has suffered any injury or developed any condition as a result of the mother of Victoire Dumont's alleged ingestion of the drug identified in your Complaint.

**RESPONSE:** See General Objections. Subject to, and without limitation thereto, Plaintiff answers: see medical records for which authorizations are provided.

**REQUEST FOR PRODUCTION NO. 16:** Any pills, capsules, tablets, containers, labels or other materials connected with the drug identified in your Complaint which was allegedly taken by the mother of Victoire Dumont during her pregnancy with Victoire Dumont.

**RESPONSE:** See General Objections. Specifically, Plaintiff objects to this request on the grounds that the language "connected with" is vague and ambiguous.

**REQUEST FOR PRODUCTION NO. 17:** All photographs, films, videotapes, slides, illustrations or other pictorial depictions which you intend to rely upon at trial.

**RESPONSE:** See General Objections. Subject to, and without limitation thereto, Plaintiff answers: to be provided when available.

**REQUEST FOR PRODUCTION NO. 18:** Any written application for employment or for any policy of insurance upon the life of Victoire Dumont, or for medical or hospital benefits or income continuation filed by or on behalf of Victoire Dumont.

**RESPONSE:** See General Objections. In addition, Plaintiff objects on the grounds that this request is irrelevant or not reasonably calculated to lead to admissible evidence.

**REQUEST FOR PRODUCTION NO. 19:** A copy of all documents identified by you in response to Eli Lilly and Company's First Set of Interrogatories to Plaintiff Victoire Dumont.

**RESPONSE:** See Plaintiff Answers to Lilly's First Set of Interrogatories.

**REQUEST FOR PRODUCTION NO. 20:** All documents or things pertaining to DES of any other drug allegedly taken by the mother of Victoire Dumont during her pregnancy with Victoire Dumont, including newsletters, mailings, journal articles, clippings,

correspondence with physicians, and correspondence with the mother of Victoire Dumont which you or your family (as opposed to your attorneys) have collected.

**RESPONSE:** See General Objections. Specifically, Plaintiff emphasizes that this request is vague, ambiguous, overly broad, and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 21:** All documents and tangible things, including all tangible reports, physical models, compilations of data and other material prepared by your expert witness or for your expert witness in anticipation of the expert's trial and deposition testimony in this case.

**RESPONSE:** See General Objections. Subject to, and without limitation thereto, Plaintiff answers: to be provided when and if available.

**REQUEST FOR PRODUCTION NO. 22:** All statements, written or otherwise, of persons having knowledge of facts relevant to this case.

**RESPONSE:** See General Objections. Plaintiff emphasizes that this request is vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to admissible evidence and not formulated with reasonable particularity.

**REQUEST FOR PRODUCTION NO. 23:** All documents upon which you rely to support your contention that DES was in a defective condition and was unreasonably dangerous.

**RESPONSE:** See General Objections.

**REQUEST FOR PRODUCTION NO. 24:** All documents upon which you rely to support your contentions alleged in paragraphs 20 through 73 of your Complaint.

**RESPONSE:** See General Objections.

**REQUEST FOR PRODUCTION NO. 25:** Copies of any and all adoption documents prepared by or on behalf of Victoire Dumont, including, but not limited to, any and all correspondence, applications, requests, questionnaires, notes, agency letters of approval, and any and all attendant documents which in any way related to or were procedurally required for the seeking of adoption of a child (children) and was prepared and/or submitted to any private party, agency, association and/or governmental agency at any time by Victoire Dumont. These documents may include information about health, such as physical examinations; financial information, including last year's federal income tax return; and any other information submitted concerning adoption such as autobiographies, descriptions of each adoptive parent, background, present job, marital relationship, reasons for adopting, parenting and experience with children.

**RESPONSE:** See General Objections. Subject to, and without limitation thereto, Plaintiff answers: not applicable.

**REQUEST FOR PRODUCTION NO. 26:** Authorization to be executed by Victoire Dumont granting release of medical records of any sort pertaining to treatment or examination of Victoire Dumont, including medical, psychological or other treatment, examination or counseling for any condition of psychological or emotional distress or upset. A copy of such authorization is attached hereto. Please copy the authorization as necessary and complete and execute a separate authorization for each of Plaintiff Victoire Dumont's health care providers.

**RESPONSE:** See attached.

**REQUEST FOR PRODUCTION NO. 27:** Authorization to be executed by Victoire Dumont's mother or, in the event she is deceased, by an authorized person on her behalf, granting release of medical records of any sort pertaining to treatment or examination of Victoire Dumont's mother. A copy of such authorization is attached hereto. Please copy the authorization as necessary and complete and execute a separate authorization for each of Plaintiff Victoire Dumont's mother's health care providers.

**RESPONSE:** See General Objections. Specifically, Plaintiff emphasizes that this request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to admissible evidence.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of February 2008 a copy of Plaintiff's Responses to First Requests for Production of Documents or Tangible Things of Defendant Eli Lilly and Company were mailed first-class, postage prepaid, to:

Michelle R. Mangrum, Esq.
John Chadwick Coots, Esq.
Brandon J. Waggoner, Esq.
Shook Hardy & Bacon, LLP
600 14th St., N.W., Suite 800
Washington, D.C. 20005-2004

David W. Brooks, Esq.
Shook Hardy & Bacon, LLP
2555 Grand Blvd.
Kansas City, Missouri 64109; *Attorneys for Defendant Eli Lilly & Company*

Sidney G. Leech, Esq.
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202; *Attorney for E.R. Squibb & Sons, Inc.*

Elizabeth Ewert, Esq.
Stephanie Albert, Esq.
Drinker, Biddle & Reath LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209; *Attorneys for Upjohn Company; McNeil Lab, Inc.; Merck & Company*

John F. Anderson, Esq.
Troutman Sanders, LLP
1660 International Drive
Suite 600, Tysons Corner
McLean, Virginia 22102; *Attorneys for Dart Industries, Inc.*

Kathleen M. Bustraan, Esq.
Lord & Whip, P.A.
Charles Center South
36 South Charles Street--10th Floor
Baltimore, MD 21201; *Attorneys for Lannett Company, Inc.*

Janet Coleman, Esq.
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor

Towson, MD 21204; *Attorneys for Mallinckrodt, Inc.; Burroughs-Wellcome & Co.; S.E. Massengill Co.*

Sarah S. Keast, Esq.
Goodwin Proctor, LLP
901 New York Avenue, Suite 900
Washington, D.C. 20001; *Attorney for Premo Pharmaceutical Laboratories, Inc.*

Jennifer Gardner Levy, Esq.
Kirkland & Ellis
655 15th Street., N.W.
Washington, D.C. 20005-5793; *Attorney for Abbott Laboratories, Inc.*

Jaime W. Luse, Esq.
Tidings & Rosenberg, LLP
100 East Pratt St., Suite 2600
Baltimore, MD 21202; *Attorney for Carnrick Laboratories, inc. n/k/a Elan Pharmaceuticals*

Robert N. Kelly, Esq.
Jackson & Campbell, PC
1120 20th St., N.W., Suite 300-South
Washington, D.C. 20036; *Attorneys for Kremers-Urban Co.*

Roxanne DeFrancesco

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VICTOIRE DUMONT** )<br>)<br>**Plaintiff,** )<br>)<br>)<br>**vs.** )<br>)<br>)<br>**ABBOTT LABORATORIES, INC., et al.,** )<br>)<br>**Defendants**. )<br>) | **CIVIL ACTION No. 1:07-CV-01635 (JR)** |

## AFFIDAVIT OF MICHELLE R. MANGRUM IN SUPPORT OF
## DEFENDANT ELI LILLY AND COMPANY'S
## MOTION TO COMPEL DISCOVERY

I, Michelle R. Mangrum, being first sworn on oath, say that the following is true and correct:

1.      I am an attorney in the firm of Shook, Hardy & Bacon, LLP, counsel for defendant Eli Lilly and Company ("Lilly") in the above-captioned action.

2.      **Exhibit B** is a true and correct copy of Defendant Eli Lilly and Company's First Set of Interrogatories to Plaintiff Victoire Dumont.

3.      **Exhibit C** is a true and correct copy of Defendant Eli Lilly and Company's First Requests for Production of Documents or Tangible Things to Plaintiff Victoire Dumont.

4.      **Exhibit D** is a true and correct copy of correspondence sent by Darin A. Nugent, counsel for Lilly, to Roxanne DeFrancesco, counsel for plaintiff, in this matter on February 19, 2008.

2905590v4

5.      **Exhibit E** is a true and correct copy of e-mail correspondence sent by Jonathan Gregor, counsel for Lilly, to Roxanne DeFrancesco, counsel for plaintiff, in this matter on March 17, 2008.

6.      **Exhibit F** is a true and correct copy of Plaintiff's Answers to Defendant Eli Lilly and Company's First Set of Interrogatories to the Plaintiff.

7.      **Exhibit G** is a true and correct copy of Plaintiff's Responses to Defendant Eli Lilly and Company's First Requests for Production of Documents or Tangible Things to Plaintiff Victoire Dumont.

Executed on April 22, 2008

_Michelle R. Mangrum_
Michelle R. Mangrum

DISTRICT OF           )

                              )ss.

COLUMBIA           )

On this 22nd day of April, 2008, before me, a notary public in and for said jurisdiction, personally appeared Michelle R. Mangrum, to me personally known, who being duly sworn, acknowledged that she had executed the foregoing instrument for purposes therein mentioned and set forth.

NOTARY PUBLIC

My Commission Expires:

ALAN ROBERT STARNER
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires January 14, 2013

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **VICTOIRE DUMONT** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | **CIVIL ACTION No. 1:07-CV-01635 (JR)** |
| **vs.** | ) | |
| | ) | |
| | ) | |
| **ABBOTT LABORATORIES, INC., et al.,** | ) | |
| | ) | |
| **Defendants**. | ) | |
| | ) | |

## ORDER

This matter came before the Court upon defendant Eli Lilly and Company's ("Lilly") Motion to Compel Discovery.  After consideration of the parties' briefing, the April 21, 2008 telephone conference regarding this matter and the record herein,

IT IS HEREBY ORDERED that Lilly's Motion to Compel Discovery is GRANTED.

IT IS FURTHER ORDERED that plaintiff shall provide full and complete responses to Lilly's discovery requests, as specified on Attachment 1 to this Order, within 5 business days of the date of this Order.  Failure to provide the responses by this deadline will subject plaintiff and her counsel to sanctions.

_____
United States District Court Magistrate Judge

cc:  Appended List of Counsel

2778950v2

**Attachment 1 to Order on Motion to Compel**

| Discovery Request | Outstanding Information | Granted | Denied |
|---|---|---|---|
| **Interrogatories** | | | |
| Interrogatory No. 3 | 1. Name of ex-spouse.<br>2. Current address of ex-spouse.<br>3. Name and address of the court that granted the divorce or dissolution. | | |
| Interrogatory No. 4 | Names and addresses of the colleges/schools granting plaintiff's degrees. | | |
| Interrogatory No. 7 | For all health care providers and health care facilities where plaintiff was treated for injuries she <u>does not</u> attribute to her alleged DES exposure:  name; address; nature of treatment provided; and dates of treatment. | | |
| Interrogatory No. 11 | Name and address of hospital where plaintiff was born. | | |
| Interrogatory No. 14 | Produce medical records that plaintiff's response said would be produced. | | |
| Interrogatory No. 15 | Itemization of special damages. | | |
| Interrogatory No. 16 | Itemization of loss of income or earnings. | | |
| Interrogatory No. 17 | 1. Date and place of plaintiff's mother's birth.<br>2. Addresses for plaintiff's mother's past residences.<br>3. Plaintiff's mother's major illnesses.<br>4. Plaintiff's mother's medical problems during each pregnancy.<br>5. Names and addresses of each doctor plaintiff's mother consulted during each pregnancy.<br>6. Names and addresses of each hospital for each of plaintiff's mother's pregnancies/deliveries. | | |
| Interrogatory No. 20 | Names and addresses of all pharmacies where plaintiff's mother allegedly obtained DES. | | |
| Interrogatory No. 21 | Physical description of the DES allegedly ingested by plaintiff's mother. | | |
| Interrogatory No. 22 | The date upon which plaintiff first believed her mother took DES.<br>The date upon which plaintiff first discovered any injury she claims was caused by DES. | | |
| **Requests for Production** | | | |
| Request for Production No. 1 | Plaintiff's birth certificate. | | |
| Request for Production No. 2 | Plaintiff's mother's pharmacy records. | | |
| Request for Production No. 4 | All documents sent to or received from plaintiff's health care providers. | | |
| Request for Production No. 5 | All documents sent to or received from any health | | |

1

| Discovery Request | Outstanding Information | Granted | Denied |
|---|---|---|---|
| | care provider who provided care to plaintiff's mother during her pregnancy with plaintiff. | | |
| Request for Production No. 6 | All documents which indicate the doctor from whom plaintiff's mother allegedly obtained DES. | | |
| Request for Production No. 7 | All documents sent by plaintiff or her parents to health care providers or pharmacists regarding product identification. | | |
| Request for Production No. 8 | All medical records regarding injuries alleged in this case. | | |
| Request for Production No. 9 | All documents sent to or received from plaintiff's parents regarding any medications taken by plaintiff's mother during her pregnancy with plaintiff. | | |
| Request for Production No. 10 | All documents relating to special damages. | | |
| Request for Production No. 11 | All documents relating to loss of income. | | |
| Request for Production No. 13 | All documents plaintiff contends show that her mother took DES during her pregnancy with plaintiff. | | |
| Request for Production No. 14 | All documents that identify the manufacturer of the DES allegedly taken by plaintiff's mother during her pregnancy with plaintiff. | | |
| Request for Production No. 16 | Any actual DES medication allegedly ingested by Plaintiff's mother; pictures of the actual DES medication allegedly ingested by Plaintiff's mother; the bottle that contained the actual DES medication allegedly ingested by Plaintiff's mother; or other similar items. | | |
| Request for Production No. 18 | Any applications submitted by plaintiff, or on plaintiff's behalf, for employment, life insurance, medical or hospital insurance, or income continuation. | | |
| Request for Production No. 20 | All documents pertaining to DES or any other medication taken by plaintiff's mother during her pregnancy with plaintiff. | | |
| Request for Production No. 26 | Authorizations for the release of plaintiff's medical records from all of plaintiff's health care providers. | | |
| Request for Production No. 27 | Authorizations for the release of plaintiff's mother's medical records from all of plaintiff's mother's health care providers. | | |
| **Privilege Log** | | | |
| | Produce a privilege log for all documents and things being withheld on the basis of a claim of attorney-client privilege or the work product doctrine. | | |

2

List of Counsel

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C.  20036
**Attorneys for Plaintiff**

Sybil Shainwald
Roxanne DeFrancesco
Law Offices of Sybil Shainwald
111 Broadway, 4th Floor
New York, NY 10006
**Attorneys for Plaintiff**

Michelle R. Mangrum
Shook, Hardy & Bacon, LLP
600 14th Street, N.W., Suite 800
Washington, DC 20005
**Attorneys for Eli Lilly and Company**

Elizabeth Ewert
Drinker, Biddle Reath, LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
**Attorneys for Upjohn Company**

Sidney G. Leech
Goodell, Devries, Leech & Dann, LLP
One South Street, Suite 2000
Baltimore, MD 21202
**Attorney for E.R. Squibb & Sons, Inc.**

Kathleen M. Bustraan
Lord & Whip, P.A.
Charles Center South
36 South Charles Street, 10th Floor
Baltimore, MD 21201
**Attorney for Lannett Company, Inc.**

Craig Crandall Reilly
Richards McGettigan Reilly & West, P.C.
1725 Duke Street, Suite 600
Alexandria, VA  22314
**Attorney for Dart Industries, Inc.**

Sarah S. Keast
Goodwin Proctor, LLP
901 New York Avenue, Suite 900
Washington, D.C. 20001
**Attorney for Premo Pharmaceutical
Laboratories, Inc.**

Janet Coleman
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204
**Attorney for Mallinckrodt, Inc.;
S.E. Massengill Co.**

Gerry H. Tostanoski
Jaime W. Luse
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, MD 21202
**Attorneys for Carnrick Laboratories, Inc.
n/k/a/ Elan Pharmaceuticals**

Jennifer Gardner Levy
Kirkland & Ellis
655 15th Street, N.W.
Washington, D.C. 20005-5793
**Attorney for Abbott Laboratories, Inc.**

Robert M. Kelly
Jackson & Campbell, P.C.
1120 20th Street, N.W., Suite 300-South
Washington, D.C. 20036
**Attorney for Defendant Kremers-Urban Co.**

William David Sanders
McGivney & Kluger, P.C.
23 Vreeland Road, Suite 220
Florham, NJ 07932
**Attorney for Rhone-Poulenc Rorer Pharmaceuticals, Inc.**