## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

VICTOIRE DUMONT,        ]
       ]
       **Plaintiff,**        ]
       ]        Civil Action No. 07-CV-01635 (JR)
       **v.**        ]
       ]
**ABBOTT LABORATORIES, INC., et al.,** ]
       ]
       **Defendants.**        ]
       ]

## PLAINTIFF'S AFFIRMATION IN OPPOSITION TO DEFENDANT ELI LILLY'S MOTION TO COMPEL DISCOVERY

ROXANNE DeFRANCESCO, being duly sworn, deposes and states:

    1.    I am an attorney admitted to practice in the States of New York and New Jersey and I have been admitted *pro hac vice* to this Court for the purposes of this action. I am an associate of the Law Offices of Sybil Shainwald, P.C., attorneys for plaintiff in this matter, and as such am familiar with the facts and circumstances herein.

    2.    I make this affirmation in opposition to the Motion to Compel Discovery brought by Defendant Eli Lilly and Company (hereinafter "Lilly"). Lilly seeks more specific answers to its First Set of Interrogatories and its First Requests for Production of Documents and Tangible Things. This affirmation outlines the facts relevant to the within motion of Lilly to compel.

    3.    On May 5, 2008 Plaintiff and Defendant Squibb (through its national counsel) reached a settlement agreement.

1

4.    Currently, a motion to transfer this case to the Eastern District of New York is pending before this Court. This motion to transfer was filed on January 8, 2008 by Plaintiff.

5.    Should Plaintiff's Motion to Transfer be granted, a long-standing Case Management Order specifically applicable to all DES actions in the state of New York will govern the discovery and trial preparation in this case.

6.    Accordingly, at this juncture, since Plaintiff has provided all factual information that would enable Lilly to assess the validity of Plaintiff's Motion to Transfer and to make a fully informed response to Plaintiff's Motion to Transfer (including having produced Plaintiff for deposition on April 29, 2008 in the District of Columbia for the limited purpose of inquiring regarding facts and information relating to Plaintiff's transfer motion), Plaintiff (1) proposes that it is appropriate that Defendants be ordered to file any opposition to Plaintiff's Motion to Transfer (consistent with Judge Robertson's January 25, 2008 Order), and (2) requests that this Court stay all discovery, and deadlines related thereto, until Judge Robertson decides Plaintiff's Motion to Transfer.

**RELEVANT PROCEDURAL HISTORY**

7.    On January 9, 2008, Defendant E.R. Squibb filed a motion to compel discovery from Plaintiff.

8.    On January 18, 2008 counsel for Plaintiff conferred with counsel to both Squibb and Lilly regarding Defendants' opposition to Plaintiff's pending motion to transfer and Plaintiff's outstanding responses to discovery requests. The parties agreed (1) that Defendant Squibb would withdraw its motion to compel, (2) that Plaintiff would respond to Defendants Lilly's and Squibb's discovery requests by February 5, 2008, and (3) that the Defendants could have an extension of time to file their opposition to Plaintiff's motion to

2

transfer until after Plaintiff had answered Lilly and Squibb's first discovery requests. Accordingly, the parties filed a Consent Motion to Withdraw Squibb's Motion to Compel and a Joint Partial Consent Motion to Extend Time to File Lilly and Squibb's Opposition to Plaintiff's Motion to Transfer.

9.      The Joint <u>Partial</u> Consent Motion related to the parties' agreement regarding the extension of time sought for Defendants' Opposition to Plaintiff's Motion to Transfer. Plaintiffs agreed that Defendants may have until after Plaintiff answered its first discovery requests to answer, while Defendant Squibb sought an extension of time until after it took the deposition of the Plaintiff for "the limited purpose of inquiring regarding facts and information relating to Plaintiff's transfer motion." In this regard, Defendant Squibb buried a request for leave to take the deposition of the Plaintiff twice--once with the purpose of inquiring regarding facts relative to the transfer motion, and once regarding all other facets of the case--in what was supposed to be merely a motion regarding a deadline extension to oppose Plaintiff's transfer motion until after initial written discovery was had. In paragraph 5 of the Joint Partial Consent Motion, Plaintiff specifically objected to Squibb's hidden request to get two bites at the apple in the way of deposing Plaintiff.

10.      On January 23, 2008 Plaintiff filed her Partial Opposition to the Joint Partial Consent Motion to emphasize her objection to the scope of Defendant Squibb's hidden discovery request.

11.      On January 25, 2008 Judge James Robertson entered an order granting Squibb's motion for leave to take the limited deposition of Plaintiff, granting the consent motion to withdraw and approving the dates in the proposed Order the Defendants submitted with the Consent and Joint Partial Consent Motions.

3

12.     On February 5, 2007, Plaintiff served via first class mail her written discovery responses to interrogatories upon defendants Lilly and Squibb. *See* Affidavit of Michelle Mangram, Esq. in Support of Lilly's Motion to Compel ("Mangram Aff."), Exhibits F and G. *See also*, Plaintiff's Answers to Squibb's First Set of Interrogatories, attached hereto as Exhibit A, and Plaintiff's Answers to Squibb's First Request for the Production of Documents, attached hereto as Exhibit B.

13.     Lilly's counsel received copies of all documents.

14.     On February 5, 2008 Plaintiff also filed a Motion for Reconsideration of the Joint Partial Consent Motion in an effort to further clarify its objection the scope of discovery, i.e. two chances to depose the Plaintiff, sought by Squibb.

15.     On February 14, 2008, in response to a letter dated February 11, 2008 seeking additional information, Plaintiff sent Defendant Squibb additional information. See Exhibit C, attached hereto. All counsel, including counsel to Lilly, was copied on this letter.

16.     On March 13, 2008 Plaintiff's Motion for Reconsideration was denied.

17.     On April 29, 2008 Plaintiff was deposed by Defendants Lilly and Squibb in Washington, D.C. for the limited purpose of inquiring regarding facts and information relevant to plaintiff's Motion to Transfer.

18.     According to the terms of Judge Robertson's January 25, 2008 Order, Defendants' opposition to Plaintiff's pending Motion to Transfer is due on May 8, 2008 (seven business days after Plaintiff's limited deposition).

## FACT DISCOVERY ALREADY PROVIDED

19.     On April 21, 2008 Magistrate Judge Alan Kay held a pre-motion to compel telephone conference and requested that Plaintiff's responses to discovery requests be

4

forwarded. Defendant Lilly has forwarded Plaintiff's responses attached as Exhibits F and G to the Mangram Aff. For the sake of completeness, Plaintiff attaches its responses to Squibb's discovery hereto as Exhibits A, B and C.

20.     On April 29, 2008 Plaintiff was deposed by Defendants in the District of Columbia for the limited purpose of inquiring regarding facts and information relating to Plaintiff's transfer motion.

21.     As counsel indicated she would do during the pre-motion conference, Plaintiff supplements her responses to supply the information still sought by Lilly to Interrogatories Nos. 3 and 4 as follows:  (3) the name of Plaintiff's ex-spouse is John Baumann. Plaintiff is unaware of his current address, and the Supreme Court of the State of New York, 60 Court St., New York, NY granted the dissolution; (4) Plaintiff Associate's Degree in international trade was granted by I.S.E.G., 10 rue du general de Castelnau, 67000 Strasbourg, France. Plaintiff's Bachelor's Degree in business administration was granted by the Institut de Formation par Alternance, 4 rue Jean Mentelin, 67200 Strasbourg, France.

22.     With regard to Interrogatory 11, Plaintiff has already provided the name of the doctor who delivered Plaintiff, his current address, and her parents' address at the time of her birth.  Plaintiff further supplements her response to this interrogatory to state that she was born at Maternity Blomet, 134 rue blomet, 75015 Paris, France.

23.     With regard to Interrogatory 14, Plaintiff has provided five (5) authorizations for the release of medical records to both Lilly and Squibb.

24.     The information that is still sought by Lilly in interrogatories 17, 20, and 21 is information that is not currently in the possession of Plaintiff; however, Plaintiff has requested such information from her mother and awaits a response.

25.    Plaintiff has already answered Interrogatory #22.

26.    With regard to Lilly's Requests for Production, Plaintiff has responded to the relevant requests to the extent such documents and tangible things are currently in Plaintiff's possession and/or are translated from French. With specific regard to DES medical records, Plaintiff has provided authorizations for the release of medical records from the medical providers to Defendants.

WHEREFORE, plaintiff respectfully requests that the Court (i) deny Defendant Lilly's Motion to Compel in its entirety; (ii) order that Defendants oppose Plaintiff's Motion to Transfer consistent with the terms of Judge Robertson's January 25, 2008 Order, (iii) stay all remaining discovery until after Plaintiff's Motion to Transfer is considered by Judge Robertson, and (iv) grant such other and further relief as the Court deems just, proper and appropriate.

Dated:  New York, New York
       May 5, 2008

Roxanne DeFrancesco (RD5870)

THE LAW OFFICES OF SYBIL SHAINWALD, P.C.
Attorneys for Plaintiff Victoire Dumont
200 West 57th Street, Suite 402
New York, NY 10019
(212) 425-5566
shainwaldlaw@aol.com

**Exhibit A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VICTOIRE DUMONT, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| v. | ] Civil Action No.: 07-CV-01635 (JR) |
| | ] |
| THE ABBOTT LABORATORIES, INC., | ] |
| et al., | ] |
| | ] |
| Defendants. | ] |

## ANSWERS TO E.R. SQUIBB & SONS, INC.'S
## FIRST SET OF INTERROGATORIES TO THE PLAINTIFF

Plaintiff Victoire Dumont ("Plaintiff" or "Dumont") hereby responds to Defendant E.R. Squibb

and Sons, Inc.'s ("Defendant" or "Squibb") First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

Plaintiff makes the following General Objections to Defendant Squibb's Interrogatories. These

General Objections set forth below are incorporated, as appropriate, into each of Plaintiff's responses to

the Interrogatories and are not waived, or in any way limited, by any specific objections.

#### A. Scope and Relevance

Plaintiff objects to Defendant Squibb's Interrogatories on the grounds that they are vague,

ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

admissible evidence. Plaintiff further objects to the Interrogatories on the grounds that they are not

stated with reasonable particularity and attempt to impose obligations beyond those authorized by the

applicable law and Federal Rules of Civil Procedure. For example, Defendant's Interrogatories contain

twenty-five (25) separate interrogatories; however, many of these interrogatories have multiple parts

and/or subparts.  In this regard, Plaintiff objects because the interrogatories are beyond the scope of

those permitted by the Federal Rules of Civil Procedure. Moreover, many of the Interrogatories seek

information or documents that are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.

### B.    Privilege

Defendant's Interrogatories by their terms do not exclude privileged or otherwise protected communications from the information and documents sought. Plaintiff objects to Defendant's Interrogatories to the extent they seek information and documents protected from discovery by reason of the attorney-client privilege, the work product doctrine, the common interest privilege, and any other applicable privilege, protection, exception or immunity. Inadvertent disclosure of any information or documents shall not be a waiver of any claim of privilege, protection, exemption or immunity.

### C.    Activities Protected by the First Amendment and Other Immunities

Plaintiff objects to the Interrogatories to the extent that they seek information related to activities protected by the First Amendment f the Untied States Constitution, comparable provisions of the applicable state and/or local Constitutions, and the *Noerr-Pennington* Doctrine.

### D.    Information not in Plaintiff's Possession, Custody or Control

Plaintiff objects to the Interrogatories to the extent that they seek information or documents not within Plaintiff's possession, custody or control and/or seek information or documents within the possession, custody or control of other parties or third parties.

### E.    Time Frame

Plaintiff objects to the Interrogatories to the extent that they seek information or documents not within Plaintiff's possession, custody or control and/or seek information or documents within the possession, custody or control of other parties or third parties.

### F.    Defendant's Instructions

Plaintiff objects to Defendant's instructions on the grounds that they are vague, ambiguous, overly broad, unduly burdensome, seek information that is neither relevant to this action nor reasonably

calculated to lead to the discovery of admissible evidence and attempt to impose obligations beyond

those authorized by the Federal Rules of Civil Procedure or other applicable authority.

### G.    Supplementation & Reservation of Rights

Plaintiff reserves the right to amend or supplement these responses following further discovery

and to present further information at trial.


**INTERROGATORY #1**:    State the full name, address, social security number and date and

place of birth of the Plaintiff.


ANSWER:

Victoire Dumont
214 Harrison Drive
Centerport, New York  11721
SSN:   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
DOB:   12/03/70
POB:   Paris, France


**INTERROGATORY #2**:    State separately the full name, current residential address and

social security number of the natural mother ("DES mother") and the natural father of each exposed

person.  Identify any deceased parent, the date, place and cause of death.



ANSWER:

Marie-Caroline Dumont
47 rue des murs
45300 Escrennes
France

Bernard Dumont
47 rue des murs
45300 Escrennes
France

**INTERROGATORY #3**:    State separately for each DES mother and exposed person all previouses address *(sic)* and the dates and with whom each person resided at those addresses.

ANSWER:

DES Daughter:

214 Harrison Drive
Centerport, NY  11721
(2004-present)

321 East 92nd Street
New York, NY  10128
(2003-2004)

1500 Hudson Street
Apt. 6D
Hoboken, NJ  07030
(2002-2003)

25-40 Shore Boulevard
Apt. 16M
Astoria, NY  11102
(1999-2002)

101 Crosby Street
3rd Floor
New York, NY  10012
(1995-1998)

354 Broome Street
Apt. 4C
New York, NY  10013
(1994)

rue du Vieil Armand, Studio 140 – 67100 Strasbourg
France
(1992 to 1994)

9 rue Jean Ferrandi – 75006 Paris
France
(1984 to 1994)

47 rue des murs – 45300 Escrennes
France
(1970 to 1984)

**INTERROGATORY #4**:    State the name and last known address of each health care provider who treated, examined or otherwise rendered professional services to the DES mother during her pregnancy with the exposed person. Specify each professional who prescribed, administered and/or provided the DES.

ANSWER:

Dr. Michel Chirie
26 avenue Lowedal 75015 Paris, France

**INTERROGATORY #5**:    State the name and last known address of each pharmacy or other person or facility from which the DES was obtained. If obtained from a pharmacy, state the name of each pharmacist who sold or provided the DES.

ANSWER:

See General Objections. Subject to, but not limited thereto, Plaintiff answers: to be supplied.

**INTERROGATORY #6**:    State the dates and outcome of each pregnancy of a DES mother, including those pregnancies not brought to term. Include dates of birth and names of all offspring of those pregnancies and state whether the DES mother consumed or was administered DES in connection with any of those pregnancies. Also state the names and last known addresses of all medical practitioners seen and facilities visited in connection with those pregnancies.

ANSWER:

| | |
|---|---|
| July 27, 1968 | Jean-Philippe Dumont (DES exposed)<br>Three children |
| December 3, 1970 | Victoire Dumont (DES exposed)<br>No children |
| August 28, 1977 | Antoine Dumont (no DES exposure)<br>No children |
| December 10, 1978 | Julien Dumont (no DES exposure)<br>No children |

See also answer to Interrogatory #4.

**INTERROGATORY #7**:    Describe each injury, whether or (*sic*) physical or emotional, allegedly sustained by the exposed person and any treatment received therefor, including in your answer the full name and last known business address of the health care provider who made the diagnosis or who examined or treated you for each such condition.

ANSWER:

Clear cell adenocarcinoma of vagina and cervix
Deformed uterus
Infertility
Painful ovarian cysts--fifteen years of monthly pain resulting from cysts on ovaries
Ongoing emotional stress as a result of ongoing inability to conceive and bear children
Ongoing fear of occurrence of other DES-related cancers, including breast cancer
Need for lifelong medical surveillance
Emotional pain and suffering

See medical records for which authorizations will be provided.

**INTERROGATORY #8**:    Does the exposed person have any children? If so, identify each such child; state whether the child is adopted or a natural child; and specify the date of that child's birth or adoption.

ANSWER:

Plaintiff does not have any children because of her injuries resulting from DES exposure.

**INTERROGATORY #9**:    State the total number and dates of pregnancies which the exposed person has experienced, whether or not such pregnancies led to the birth of a living child, describe any complication with such pregnancy; for each pregnancy, state whether the pregnancy was achieved with the assistance of fertility drugs or treatment; state whether or not the pregnancy went to full term, and, if not, when the pregnancy ended; describe the health of the offspring of each such pregnancy at birth; and

provide the full name and last known business address of all health care providers who examined or treated you in connection with each such pregnancy.

ANSWER:

Plaintiff does not have any children because of her injuries resulting from DES exposure.

**INTERROGATORY #10**:  Provide the full name and address of any person to whom the exposed person has ever been married, indicating the date of marriage and if the marriage has been terminated, the manner in which the marriage was terminated and the date or termination; include in your answer the state or address at which each marriage took place and state or address at which the termination of the marriage took place.

ANSWER:

See General Objections.  Subject to, but without limitation thereto, Plaintiff answers: Plaintiff is currently married to Douglas Babbit.  This marriage began on October 29, 2006 in Centerport, NY. Plaintiff had been in a previous marriage that began on June 22, 2002 in the town of Escrennes, County of Loiret, France.  This first marriage was terminated on August 3, 2004.

**INTERROGATORY #11**:   State the name and address of each school which (*sic*) the exposed person attended and any certificates or degrees received.

ANSWER:    See General Objections.   Subject to, but without limitation thereto, Plaintiff answers:

**Strasbourg,** France
Bachelors Degree in Marketing and Management, 1992 to 1994

**Paris,** France
Associate Degree in International Trade, 1990 to 1992

**Paris,** France
High school degree in Economics, 1985 to 1990
Lycee Paul Claudel

**INTERROGATORY #12**:   State the full name, medical specialty and present business address of any health care provider who made a diagnosis that you were suffering from clear cell adenocarcinoma of the vagina and cervix; include in your answer the date when the diagnosis was made.

ANSWER:  See medical records for which authorizations will be provided.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of February 2008 a copy of Plaintiff's Answers to Defendant E.R. Squibb & Son, Inc.'s First Set of Interrogatories to the Plaintiff were mailed first-class, postage prepaid, to:

Michelle R. Mangrum, Esq.
John Chadwick Coots, Esq.
Brandon J. Waggoner, Esq.
Shook Hardy & Bacon, LLP
600 14th St., N.W., Suite 800
Washington, D.C. 20005-2004

David W. Brooks, Esq.
Shook Hardy & Bacon, LLP
2555 Grand Blvd.
Kansas City, Missouri 64109; *Attorneys for Defendant Eli Lilly & Company*

Sidney G. Leech, Esq.
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202; *Attorney for E.R. Squibb & Sons, Inc.*

Elizabeth Ewert, Esq.
Stephanie Albert, Esq.
Drinker, Biddle & Reath LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209; *Attorneys for Upjohn Company; McNeil Lab, Inc.; Merck & Company*

John F. Anderson, Esq.
Troutman Sanders, LLP
1660 International Drive
Suite 600, Tysons Corner
McLean, Virginia 22102; *Attorneys for Dart Industries, Inc.*

Kathleen M. Bustraan, Esq.
Lord & Whip, P.A.
Charles Center South
36 South Charles Street--10th Floor
Baltimore, MD 21201; *Attorneys for Lannett Company, Inc.*

Janet Coleman, Esq.
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor

Towson, MD 21204; ***Attorneys for Mallinckrodt, Inc.; Burroughs-Wellcome & Co.; S.E. Massengill Co.***

Sarah S. Keast, Esq.
Goodwin Proctor, LLP
901 New York Avenue, Suite 900
Washington, D.C. 20001; ***Attorney for Premo Pharmaceutical Laboratories, Inc.***

Jennifer Gardner Levy, Esq.
Kirkland & Ellis
655 15th Street., N.W.
Washington, D.C. 20005-5793; ***Attorney for Abbott Laboratories, Inc.***

Jaime W. Luse, Esq.
Tidings & Rosenberg, LLP
100 East Pratt St., Suite 2600
Baltimore, MD 21202; ***Attorney for Carnrick Laboratories, inc. n/k/a Elan Pharmaceuticals***

Robert N. Kelly, Esq.
Jackson & Campbell, PC
1120 20th St., N.W., Suite 300-South
Washington, D.C. 20036; ***Attorneys for Kremers-Urban Co.***

Roxanne DeFrancesco

## Verification

State of _New York_

County of _New York_

I, Victoire Dumont, being duly sworn upon oath, depose and state that I have read and am familiar with the contents of the foregoing Answers to Defendant E.R. Squibb & Sons, Inc.'s First Set of Interrogatories to Plaintiff, that the Answers are based on personal knowledge or information, and that the Answers are true and correct.

_Victoire Dumont_

Victoire Dumont

Subscribed and sworn to before me this _6_ day

of February 2008.

_Marcene Welch_

Notary Public

MARCENE WELCH
Notary Public - State of New York
NO. 01WE6131173
Qualified in Kings County
My Commission Expires 8/1/2009

**Exhibit B**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VICTOIRE DUMONT | * | |
| Plaintiff | * | Civil Action No.: 07-CV-01635 (JR) |
| | * | |
| ABBOTT LABORATORIES, INC., et al. | * | |
| | * | |
| Defendants | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*

## PLAINTIFF VICTOIRE DUMONT'S RESPONSES TO E.R. SQUIBB & SONS, INC.'S FIRST SET REQUEST FOR PRODUCTION OF DOCUMENTS OR TANGIBLE THINGS

Plaintiff Victoire Dumont ("Plaintiff" or "Dumont") hereby responds to the First

Requests for Production of Documents or Tangible Things of Defendant E.R. Squibb &

Sons, Inc. ("Defendant" or "Squibb") as follows:

### GENERAL OBJECTIONS

Plaintiff makes the following General Objections to Defendant's Requests. These

General Objections set forth below are incorporated, as appropriate, into each of

Plaintiff's responses to the Requests and are not waived, or in any way limited, by any

specific objections.

#### A. Scope and Relevance

Plaintiff objects to Defendant's Requests on the grounds that they are vague,

ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to

the discovery of admissible evidence. Plaintiff further objects to the Requests on the

grounds that they are not stated with reasonable particularity and attempt to impose

obligations beyond those authorized by the applicable law and Federal Rules of Civil Procedure.

**B.    Privilege**

Defendant's Requests by their terms do not exclude privileged or otherwise protected communications from the information and documents sought.  Plaintiff objects to Defendant's Requests to the extent they seek information and documents protected from discovery by reason of the attorney-client privilege, the work product doctrine, the common interest privilege, and any other applicable privilege, protection, exception or immunity.  Inadvertent disclosure of any information or documents shall not be a waiver of any claim of privilege, protection, exemption or immunity.

**C.    Activities Protected by the First Amendment and Other Immunities**

Plaintiff objects to the Requests to the extent that they seek information related to activities protected by the First Amendment of the United States Constitution, comparable provisions of the applicable state and/or local Constitutions, and the *Noerr-Pennington* Doctrine.

**D.    Information not in Plaintiff's Possession, Custody or Control**

Plaintiff objects to the Requests to the extent that they seek information or documents not within Plaintiff's possession, custody or control and/or seek information or documents within the possession, custody or control of other parties or third parties.

**E.    Time Frame**

Plaintiff objects to the Requests to the extent that they seek information or documents not within Plaintiff's possession, custody or control and/or seek information or documents within the possession, custody or control of other parties or third parties.

### F.    Defendant's Instructions

Plaintiff objects to Defendant's instructions on the grounds that they are vague, ambiguous, overly broad, unduly burdensome, seek information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence and attempt to impose obligations beyond those authorized by the Federal Rules of Civil Procedure or other applicable authority.

### G.    Supplementation & Reservation of Rights

Plaintiff reserves the right to amend or supplement these responses following further discovery and to present further information at trial.

## REQUESTS FOR PRODUCTION

1.    The original or a true and legible copy of Plaintiff's birth certificate.

**RESPONSE:** See General Objections.  Subject to, and without limitation thereto, Plaintiff answers: to be provided when and if the document becomes available.

2.    The original or a true and legible copy of any and all marriage licenses for any of the Plaintiff's marriages and all documents concerning any divorce or annulment obtained by the Plaintiff, including the final divorce decree or order of annulment.

**RESPONSE:** See General Objections.  Plaintiff emphasizes that this request is not relevant to the subject matter of this case and as such is overbroad, unduly burdensome and not reasonably calculated to lead to admissible evidence.

3.    The original or a true and legible copy of all records from any health care provider who examined and treated Plaintiff's mother during her pregnancy with the Plaintiff, or who delivered the Plaintiff, or who examined and treated the Plaintiff's mother during the six (6) months following Plaintiff's delivery.

**RESPONSE:** See General Objections.    Subject to, and without limitation thereto, Plaintiff answers see medical records for which authorizations will be provided.

    4.    The original or a true and legible copy of all hospital records or other records concerning Plaintiff's birth.

**RESPONSE:** See General Objections.    Subject to, and without limitation thereto, Plaintiff answers see medical records for which authorizations will be provided.

    5.    The original or a true and legible copy of all pharmacy records concerning any and all prescriptions written for Plaintiff's mother during her pregnancy with the Plaintiff, including any labels on the bottles of prescription medications that were filled pursuant to the prescriptions, the container in which the prescription was vended to the Plaintiff's mother, and containers that still contain the medication prescribed and any documents given to Plaintiff's mother by the pharmacist concerning any prescriptions prescribed for the Plaintiff's mother during her pregnancy with the Plaintiff.

**RESPONSE:** See General Objections. Subject to, and without limitation thereto, Plaintiff answers: to be provided when and if available.

    6.    The original or a true and legible copy of any photograph, drawing or other representation of the DES which Plaintiff's mother allegedly ingested during her pregnancy with the Plaintiff.

**RESPONSE:** See General Objections. Subject to, and without limitation thereto, Plaintiff answers: to be provided when and if available.

    7.    Te original or a true and legible copy of any sonogram, sonohysterogram or HSG made of Plaintiff's female reproductive tract at any time from her birth to date.

**RESPONSE:** See General Objections.    Subject to, and without limitation thereto, Plaintiff answers see medical records for which authorizations are provided.

8.    The original or a true and legible copy of any degrees, certificates, certifications or licenses that Plaintiff has earned.

**RESPONSE:** See General Objections.  Plaintiff emphasizes that this request is not relevant to the subject matter of this case and as such is overbroad, unduly burdensome and not reasonably calculated to lead to admissible evidence.

9.    The original or a true and legible copy of all newspaper articles, magazine articles, books, newsletters, brochures, reports or discussions, published or unpublished, or in any information available over the internet, in your custody or control concerning diethylstilbestrol or concerning the manner in which the ingestion of diethylstilbestrol by a mother might have affected her male or female offspring.

**RESPONSE:** See General Objections.    Plaintiff emphasizes that this request is overbroad, vague and ambiguous, or not stated with reasonable particularity.

10.    The original or a true and legible copy of all hospital records, medical records, correspondence and interpretation of diagnostic studies concerning the examination and treatment of the Plaintiff by any healthcare provider from the time of her menarche to date.

**RESPONSE:** See General Objections.    Subject to, and without limitation thereto, Plaintiff answers:  see medical records for which authorizations are provided.

•11.    The original or a true and legible copy of all medical bills, hospital bills or other bills or expenses concerning any damages that are being claimed by the Plaintiff.

**RESPONSE:** See General Objections.    Subject to, and without limitation thereto, Plaintiff answers: to be provided.

12.    If you are claiming any lost wages or loss of earning capacity as a result of the injuries which you attribute to your *in utero* DES exposure, then provide the following information: documents concerning the name and address of your employer and your job title and rate of pay and the dates you lost from employment as a result of the injuries that are alleged in this case; documents concerning any job related or vocational activities which you claim you were unable to perform as a result of the injuries sustained from your mother's *in utero* exposure to DES or any activities which are restricted or diminished as a result of your mother's ingestion of DES during her pregnancy with you; documents concerning the dollar amount of lost wages from each of your employers broken down by year and by employer; if you claim that your future earning capacity is adversely affected by the injuries which you are claiming in this suit; documents concerning the factual basis for such claim and indicating the dollar amount of such claim.

**RESPONSE:** See General Objections.    Subject to, and without limitation thereto, Plaintiff answers: to be provided.

13.    The original or a true and legible copy of any written information concerning any form of contraception that you have used from your menarche to date including the name of the manufacturer of the contraceptive device or medication, the dosage of the medication and the frequency with which it was taken, the time period during which any such medical device or medication was taken and the name of the healthcare provider that prescribed any such contraceptive device or medication.

**RESPONSE:** See General Objections.    Subject to, and without limitation thereto, Plaintiff answers: see medical records for which authorizations are provided.

14.    The original or a true and legible copy of any laboratory reports or other records concerning any gynecological infection or disease that you have been diagnosed with from the date of your menarche to date.

**RESPONSE:** See General Objections.    Subject to, and without limitation thereto, Plaintiff answers: see medical records for which authorizations are provided.

15.    The original or a true and legible copy of the curriculum vitae, resume or biographical information concerning any expert witness whom you intend to call as an expert witness at the trial of this case and a copy of a list of all publications which the expert witness has authored or co-authored as well as a list of every case in which that expert has given testimony either by deposition or at trial listing the date of testimony, the name of the case in which the testimony was given, the docket reference to the case in which the testimony was given, the name and address of the attorney who retained the expert to provide the testimony given, and all the documents reviewed by the expert or prepared or produced by the expert as a result of his retention in this case including, but not limited to, all draft reports, final reports, computer runs, lists of documents or objects reviewed, lists of publications read, reviewed, consulted or relied upon.

**RESPONSE:** See General Objections.    Subject to, and without limitation thereto, Plaintiff answers: to be provided.

16.    The original or a true and legible copy of all documents or tangible things upon which you relied or referred to in preparing the Answers to the Interrogatories

propounded on behalf of this Defendant in the above-captioned case to the Plaintiff in the above-captioned case.

**RESPONSE:** See General Objections.    Plaintiff emphasizes that this request is overbroad, not stated with reasonable particularly, and subject to the attorney-client and attorney work product privileges.

17.    The original or a true and legible copy of any and all documents or tangible things which you intend to use at trial by introducing it into evidence or for use in examining any witness at the trial of the above-captioned case or for any other purpose during the trial of the above-captioned case.

**RESPONSE:** See General Objections.  To be provided when available.

18.    The original or a true and legible copy of any document reflecting any state or country in which you have registered to vote.

**RESPONSE:** See General Objections.    Plaintiff emphasizes that this request is overbroad, vague and ambiguous, or not stated with reasonable particularity.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY  that on this 7th day of February 2008 a copy of Plaintiff's Responses to First Requests for Production of Documents or Tangible Things of Defendant E.R. Squibb & Sons, Inc. were mailed first-class, postage prepaid, to:

Michelle R. Mangrum, Esq.
John Chadwick Coots, Esq.
Brandon J. Waggoner, Esq.
Shook Hardy & Bacon, LLP
600 14th St., N.W., Suite 800
Washington, D.C. 20005-2004

David W. Brooks, Esq.
Shook Hardy & Bacon, LLP
2555 Grand Blvd.
Kansas City, Missouri 64109; *Attorneys for Defendant Eli Lilly & Company*

Sidney G. Leech, Esq.
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202; *Attorney for E.R. Squibb & Sons, Inc.*

Elizabeth Ewert, Esq.
Stephanie Albert, Esq.
Drinker, Biddle & Reath LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209; *Attorneys for Upjohn Company; McNeil Lab, Inc.; Merck & Company*

John F. Anderson, Esq.
Troutman Sanders, LLP
1660 International Drive
Suite 600, Tysons Corner
McLean, Virginia 22102; *Attorneys for Dart Industries, Inc.*

Kathleen M. Bustraan, Esq.
Lord & Whip, P.A.
Charles Center South
36 South Charles Street--10th Floor
Baltimore, MD 21201; *Attorneys for Lannett Company, Inc.*

Janet Coleman, Esq.
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor

Towson, MD 21204; *Attorneys for Mallinckrodt, Inc.; Burroughs-Wellcome & Co.; S.E. Massengill Co.*

Sarah S. Keast, Esq.
Goodwin Proctor, LLP
901 New York Avenue, Suite 900
Washington, D.C. 20001; *Attorney for Premo Pharmaceutical Laboratories, Inc.*

Jennifer Gardner Levy, Esq.
Kirkland & Ellis
655 15th Street., N.W.
Washington, D.C. 20005-5793; *Attorney for Abbott Laboratories, Inc.*

Jaime W. Luse, Esq.
Tidings & Rosenberg, LLP
100 East Pratt St., Suite 2600
Baltimore, MD 21202; *Attorney for Carnrick Laboratories, inc. n/k/a Elan Pharmaceuticals*

Robert N. Kelly, Esq.
Jackson & Campbell, PC
1120 20th St., N.W., Suite 300-South
Washington, D.C. 20036; *Attorneys for Kremers-Urban Co.*

Roxanne DeFrancesco

# Exhibit C

*Law Offices of Sybil Shainwald*
A Professional Corporation
111 Broadway – Suite 403
New York, NY 10006-3901
Phone: (212) 425-5566  /  Fax: (212) 608-5863
shainwaldlaw@aol.com

February 14, 2008

**VIA FACSIMILE AND FIRST CLASS MAIL**
Sidney Leech, Esq.
Goodell, DeVries, Leech & Dann, LLP
One South Street
20th Floor
Baltimore, MD 21202

Re:     *Victoire Dumont v. E.R. Squibb & Sons, Inc., et al.*
        **Civil Action No. 07-CV-1635 (JR)**

Dear Mr. Leech:

    This firm is in receipt of your correspondence of February 11, 2008 with regard to the above-referenced matter. This letter shall memorialize our conversation of February 13, 2008 wherein you confirmed that you have received Plaintiff's Verification of Plaintiff's Answers to E.R. Squibb & Sons, Inc's ("Squibb") First Set of Interrogatories and Plaintiff's Responses to Squibb's Request for Production, including HIPAA authorizations executed by Plaintiff. In addition, this letter responds to your requests to extent you seek additional information so that you may oppose Plaintiff's Motion to Transfer.

    <u>Answer to Interrogatory #2</u>--As we discussed, Plaintiff's mother is a citizen of France, and as such, does not possess a United States Social Security number. Accordingly, this interrogatory is inapplicable. Plaintiff emphasizes its objection to this interrogatory on the grounds that it is not relevant. To the extent that Squibb asks "if France provides government identification numbers for its citizens, then please provide this information," Plaintiff responds that this interrogatory is vague and ambiguous.

    <u>Answer to Interrogatory #3</u>--As provided in Plaintiff's Answers to Eli Lilly & Company's ("Lilly") First Set of Interrogatories, on which you were copied, the address for Plaintiff's mother, Marie-Caroline Dumont, is (and has been since her pregnancy with Plaintiff) 47 rue des murs, 45300 Escrennes, France.

Answer to Interrogatory #5--Plaintiff maintains that this answer is to be supplied when and if available.

Answer to Interrogatory #6--Contrary to your characterization of Plaintiff's initial answer to this interrogatory. Plaintiff does provide the name and last know address of all medical practitioners seen and facilities visited in connection with each of the DES mother's pregnancies when she refers you to Plaintiff's answer to interrogatory #4, which is: Dr. Michel Chirie, 26 avenue Lowedal 75015 Paris. France.

Answer to Interrogatory #7--Plaintiff has enumerated eight (8) specific injuries Plaintiff claims and has supplied medical authorizations for the various medical providers who have diagnosed and treated Plaintiff. In addition, Plaintiff supplements this answer to add a flushed cervix as an injury which she claims was caused by her DES exposure. To the extent Squibb maintains that this interrogatory seeks a description of the treatment received. Plaintiff objects on the grounds that this calls for expert testimony. which Plaintiff is not qualified to provide. Furthermore, the medical records speak for themselves.

Answer to Interrogatory # 9--Plaintiff supplements her answer to state that Plaintiff has never been pregnant.

Answer to Interrogatory #10--Plaintiff supplements her answer to include 214 Harrison Drive, Centerport, NY 11721 as the address of Douglas Babbit. Furthermore, Plaintiff has already answered that her marriage to Douglas Babbit took place in Centerport. NY. Plaintiff's previous marriage ended in divorce. To the extent this interrogatory seeks additional information, such as the exact address of Plaintiff's marriage(s), Plaintiff reiterates her objection on the grounds that the requests are not relevant nor reasonably calculated to lead to admissible evidence.

Answer to Interrogatory #12--Plaintiff reiterates her reference to the medical records for which authorizations have been provided. As you indicated in our telephone conversation of February 13, 2008, you are in receipt of executed HIPAA authorizations for Plaintiff's medical records. The medical records speak for themselves.

Should you have any questions, please communicate with the undersigned.

Very truly yours,

Roxanne DeFrancesco, Esq.

cc:    all counsel
RD/mmi