## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **VICTOIRE DUMONT,** )<br><br>)<br>**Plaintiff,** )<br>)<br>)<br>**vs.** )<br>)<br>)<br>**ABBOTT LABORATORIES, INC., et al.,** )<br>)<br>)<br>**Defendants**. ) | **Civil Action No. 07-CV-01635 (JR-AK)** |

## DEFENDANT ELI LILLY AND COMPANY'S
## <u>REPLY IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY</u>

Plaintiff's Affirmation in Opposition to Defendant Eli Lilly's Motion to Compel Discovery attempts to confuse her pending motion to transfer with Eli Lilly and Company's ("Lilly") Motion to Compel Discovery. Lilly's discovery requests, addressed in its motion to compel, were propounded long before plaintiff's transfer motion was filed. Lilly's discovery requests are separate and distinct from plaintiff's transfer motion, and Lilly's requests are in no way limited to the issues raised in plaintiff's transfer motion.

While plaintiff's Opposition is not captioned as a motion to stay, plaintiff nonetheless includes a request that the Court stay "all discovery" pending Judge Robertson's decision on plaintiff's motion to transfer. *See* Plf. Opp. ¶ 6, p. 2. Lilly opposes any such stay in this case on the grounds that Lilly's outstanding discovery requests were pending long before plaintiff's transfer motion was filed. Further, such a stay is unnecessary because discovery will have to occur even if this case is transferred. Finally, as noted above, the discovery requests and

transfer motion are separate and distinct matters, and Lilly's requests are in no way limited to the issues raised in plaintiff's transfer motion.[1]

## I.   INTERROGATORIES

The Interrogatories at issue in Lilly's motion to compel were numbers 3, 4, 7, 11, 14, 15, 16, 17, 20, 21 and 22.  The following is a discussion of the current status of plaintiff's responses to these interrogatories.

### A.   Interrogatories No Longer at Issue

Plaintiff's Opposition provided the information at issue in Interrogatories 3, 4 and 11.  However, Lilly respectfully requests that the Court order plaintiff to provide the information in a verified, signed pleading, as required by Fed. R. Civ. P. 33(b) (2008 ed.), within 10 days of the Court's order.

### B.   Interrogatories Not Disputed by Plaintiff

Plaintiff did not dispute that Lilly is entitled to the information sought in Interrogatories 7, 15 and 16, nor did plaintiff provide the information sought by these Interrogatories.  Accordingly, Lilly respectfully requests that the Court order plaintiff to provide the information sought by these Interrogatories in a verified, signed pleading, as required by Fed. R. Civ. P. 33(b) (2008 ed.), within 10 days of the Court's order.

---

[1]   Plaintiff asserts that she served her responses to Lilly's and Squibb's discovery requests by first-class mail on February 5, 2008.  *See* Plf. Opp. ¶ 12, p. 4.  However, a review of plaintiff's responses demonstrates the inaccuracy of plaintiff's statement.  The verification pages signed by plaintiff and served with her responses to Lilly's and Squibb's interrogatories are notarized as being signed on February 6, 2008, so it is not possible that the responses were served on February 5, 2008.  *See*, Exhibit F to Lilly's Memorandum of Points and Authorities in Support of its Motion to Compel Discovery; Exhibit A to Plf. Opp.  Additionally, the certificates of service accompanying plaintiff's responses to both Lilly's and Squibb's requests for production are dated as being served on February 7, 2008.  *See*, Exhibit G to Lilly's Memorandum of Points and Authorities in Support of its Motion to Compel Discovery; Exhibit B to Plf. Opp.

For Interrogatories 17, 20 and 21, plaintiff's Opposition likewise does not dispute that Lilly is entitled to the information and states that she will provide the requested information. *See* Plf. Opp. ¶ 24, p. 5.  While it is difficult to believe that plaintiff does not know her mother's birth date (*see* Interrogatory 17), Lilly is satisfied that plaintiff will produce all of the information requested by Interrogatories 17, 20 and 21, as she represented to the Court.  Indeed, plaintiff testified at her April 29, 2008, deposition that she and plaintiff's counsel have her mother's prescription records in her possession here in the United States.  *See* Deposition of Victoire Dumont, at p. 17:6-18 (attached as **Exhibit A**).  Lilly respectfully requests that the Court order plaintiff to produce the information sought by Interrogatories 17, 20 and 21 to Lilly within 10 days of the Court's order.

### C.    Interrogatories Disputed by Plaintiff

With regard to Interrogatory 14, plaintiff's Opposition states only that she has provided five medical records authorizations to Lilly.  *See* Plf. Opp. ¶ 23, p. 5.  While Fed. R. Civ. P. 33(d) (2008 ed.) allows a party responding to an interrogatory to produce documents from which the answer can be found if the burden of determining the answer would be the same on the responding party and the propounding party, plaintiff has not produced any documents to Lilly from which an answer can be determined.  Rather, plaintiff has only provided medical records authorizations with which Lilly can request documents and possibly glean the information sought by Interrogatory 14.  The burden on Lilly of attempting to locate answers to its Interrogatories with only records authorizations is increased in this case because plaintiff alleges that she was exposed to DES in France.  Thus, Lilly will be forced to submit English language authorizations to French hospitals and health care providers and have to navigate its way through applicable French privacy laws in the hopes of obtaining records that plaintiff may

3

have in her possession. Thus, because the burden of obtaining these records with authorizations would be greater on Lilly than the burden on plaintiff of producing records that she may already have in her possession, Lilly respectfully requests that the Court order plaintiff to produce all medical records in her possession within 10 days of the Court's order.

With regard to Interrogatory 22, plaintiff's Opposition states that "she has already answered Interrogatory 22." *See* Plf. Opp. ¶ 25, p. 6. Lilly respectfully disagrees. Neither plaintiff's Opposition nor her responses to Lilly's Interrogatories provided the date on which plaintiff first believed her mother ingested DES during her pregnancy with plaintiff, or the date on which plaintiff first believed any DES manufacturer acted negligently concerning the manufacturing, distribution, or warnings regarding the use of DES. Lilly respectfully requests that the Court order plaintiff to produce the information sought by Interrogatory 22 to Lilly within 10 days of the Court's order.

## II.    REQUESTS FOR PRODUCTION

The Requests for Production at issue in Lilly's motion to compel were numbers 1, 2, 4-11, 13, 14, 16, 18, 20, 26 and 27. Plaintiff's Opposition states that plaintiff has responded to the "relevant" Requests for Production to the extent the documents are in plaintiff's possession "and/or are translated from French." *See* Plf. Opp. ¶ 26, p. 6. Such a response is not acceptable because Lilly does not know what plaintiff considers "relevant." Pursuant to the Federal Rules of Civil Procedure, Lilly is entitled to receive all documents responsive to its Requests for Production. To date, plaintiff has not produced any documents to Lilly, nor has she copied Lilly with the documents, if any, produced to the co-defendants. Lilly has received **no** documents from plaintiff in this case. Additionally, plaintiff's statement in paragraph 26 of her Opposition appears to indicate that she is withholding documents that are in French because they have not

been translated into English. Translation of documents is not a prerequisite for production under the Federal Rules of Civil Procedure. To the extent that plaintiff is relying on her provision of medical records authorizations in lieu of producing documents, please see the discussion above concerning Interrogatory 14.

For the reasons set forth in Lilly's Memorandum of Points and Authorities in Support of its Motion to Compel Discovery, Lilly is entitled to the documents requested in its First Requests for Production of Documents or Tangible Things to Plaintiff Victoire Dumont. Plaintiff's Affirmation in Opposition to Defendant Eli Lilly's Motion to Compel Discovery does not dispute the fact that Lilly is entitled to the documents it seeks. Therefore, Lilly respectfully requests that the Court enter an Order compelling plaintiff to produce the documents that Lilly seeks within 10 days of the date of the Court's Order and granting such other relief as the Court deems just and appropriate.

## CONCLUSION

Accordingly, Lilly respectfully requests this Court to enter the attached proposed Order compelling plaintiff, within 10 business days of the date of the Court's Order, to produce the information and documents that Lilly seeks and granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

SHOOK, HARDY & BACON, L.L.P

/s/ Michelle R. Mangrum
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
SHOOK, HARDY & BACON, L.L.P
600 14TH Street, N.W., Suite 800
Washington, D.C. 20005-2004
Phone: (202) 783-8400; Fax: (202) 783-4211

2944337v1

and

David W. Brooks
Jonathan H. Gregor
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, Missouri  64108-2613
Phone: (816) 474-6550; Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, this 12th day of May, 2008, which sent notification of such filing to all counsel of record listed below.

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C.  20036
**Attorneys for Plaintiff**

Sybil Shainwald
Roxanne DeFrancesco
Law Offices of Sybil Shainwald
111 Broadway, 4th Floor
New York, NY 10006
**Attorneys for Plaintiff**

John F. Anderson
Troutman Sanders, LLP
1660 International Drive
Suite 600, Tysons Corner
McLean, VA 22102
**Attorneys for Dart Industries, Inc.**

Elizabeth Ewert
Drinker, Biddle Reath, LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 2005-1209
**Attorneys for Upjohn Company**

Janet Coleman
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204
**Attorneys for S.E. Massengill Co.**

Kathleen M. Bustraan
Lord & Whip, P.A.
Charles Center South
36 South Charles Street, 10th Floor
Baltimore, MD 21201
**Attorneys for Lannett Company, Inc.**

Jennifer Gardner Levy
Kirkland & Ellis
655 15th Street, N.W.
Washington, D.C. 20005-5793
**Attorneys for Abbott Laboratories, Inc.**

Sarah S. Keast
Goodwin Proctor, LLP
901 New York Avenue, Suite 900
Washington, D.C. 20001
**Attorneys for Premo Pharmaceutical Laboratories, Inc.**

Robert M. Kelly
Jackson & Campbell, P.C.
1120 20th Street, N.W., Suite 300-South
Washington, D.C. 20036
**Attorneys for Defendant Kremers-Urban Co.**

Gerry H. Tostanoski
Jaime W. Luse
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, MD 21202
**Attorneys for Carnick Laboratories, Inc. n/k/a/ Elan Pharmaceuticals**

2944337v1

William David Sanders
McGivney & Kluger, P.C.
23 Vreeland Road, Suite 220
Florham, NJ 07932
**Attorneys for Rhone-Poulenc Rorer**
**Pharmaceuticals, Inc.**

/s/ Michelle R. Mangrum
**ATTORNEY FOR DEFENDANT**
**ELI LILLY AND COMPANY**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VICTOIRE DUMONT** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| ) | **Civil Action No. 1:07-CV-01635 (JR-AK)** |
| **vs.** ) | |
| ) | |
| ) | |
| **ABBOTT LABORATORIES, INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

### AFFIDAVIT OF MICHELLE R. MANGRUM IN SUPPORT OF
### DEFENDANT ELI LILLY AND COMPANY'S
### REPLY IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY

I, Michelle R. Mangrum, being first sworn on oath, say that the following is true and correct:

1.    I am an attorney in the firm of Shook, Hardy & Bacon, LLP, counsel for defendant Eli Lilly and Company ("Lilly") in the above-captioned action.

2.    **Exhibit A** is a true and correct copy of excerpted pages from the April 29, 2008 Deposition of Victoire Dumont.

Executed on May 12, 2008

_Michelle R. Mangrum_
Michelle R. Mangrum

DISTRICT OF         )
                          )ss.
COLUMBIA            )

On this 12th day of May, 2008, before me, a notary public in and for said jurisdiction, personally appeared Michelle R. Mangrum, to me personally known, who being duly sworn, acknowledged that she had executed the foregoing instrument for purposes therein mentioned and set forth.

_____
NOTARY PUBLIC

My Commission Expires:

_____
**ALAN ROBERT STARNER**
**NOTARY PUBLIC DISTRICT OF COLUMBIA**
**My Commission Expires January 14, 2013**

2

147922v1

Exhibit A

1              IN THE UNITED STATES DISTRICT COURT

2                 FOR THE DISTRICT OF COLUMBIA

3

4    VICTOIRE DUMONT,

5              Plaintiff      Civil Action No.: 07-CV-01635

6    vs.

7    ABBOTT LABORATORIES, INC.,

8    et al.,

9              Defendants

10   _____/

11

12            The deposition of VICTOIRE DUMONT was held

13   on Tuesday, April 29, 2008, commencing at 10:00 a.m. at

14   the Law Offices of Aaron M. Levine & Associates, P.A.,

15   1320 19th Street, N.W., Suite 500, Washington, D.C. 20006,

16   before Steven Poulakos, Notary Public in and for the

17   District of Columbia.

18

19

20

21   REPORTED BY:  Steven Poulakos

```
 1   APPEARANCES:

 2

 3       ON BEHALF OF THE PLAINTIFF:

 4          AARON M. LEVINE, ESQUIRE

 5          Aaron M. Levine & Associates, P.A.

 6          1320 19th Street, N.W., Suite 500

 7          Washington, D.C. 20006

 8          202-833-8040

 9          202-833-8046 (fax)

10

11       ON BEHALF OF THE DEFENDANT, E.R. SQUIBB

12       & SONS, INC.:

13          SIDNEY G. LEECH, ESQUIRE

14          Goodell, DeVries, Leech & Dann, LLP

15          One South Street, 20th Floor

16          Baltimore, Maryland 21202

17          410-783-4000

18          410-783-4040 (fax)

19          sgl@gdldlaw.com

20

21   (APPEARANCES continued on next page.)
```

Page 3

1   (APPEARANCES continued.)

2        ON BEHALF OF THE DEFENDANT, ELI LILLY &

3        COMPANY:

4            ERICKA L. KLEIMAN, ESQUIRE

5            Shook, Hardy & Bacon

6            600 14th Street, N.W., Suite 800

7            Washington, D.C. 20005

8            202-783-8400

9            202-783-4211 (fax)

10           ekleiman@shb.com

11

12       ON BEHALF OF THE DEFENDANT, UPJOHN COMPANY,

13       MCNEIL LAB, INC.; MERCK & COMPANY:

14           ELIZABETH EWERT, ESQUIRE

15           Drinker, Biddle & Reath

16           1500 K Street, N.W., Suite 1100

17           Washington, D.C. 20005

18           202-842-8800

19           202-842-8465 (fax)

20           elizabeth.ewert@dbr.com

21   (APPEARANCES continued on next page.)

1        A        Exactly.   Thank you.

2        Q        According to your Answers to

3   Interrogatories he was the one who prescribed DES for

4   your mother?

5        A        Yes.

6        Q        And in your answers to Interrogatories you

7   gave two specific dates for prescriptions for DES,

8   April 23rd, 1970, and May 25, 1970?

9        A        That's correct.

10        Q        Do you know where those dates came from?

11        A        From the prescriptions.

12        Q        You have the prescription?

13        A        I don't have it with me, no.

14        Q        But you have it?

15        A        Yes.

16        Q        And is that something you've produced to

17   your attorney?

18        A        I believe so.

19        Q        Now, with respect to Dr. Chirie, were you

20   ever examined or treated by Dr. Chirie?

21        A        No.

1        A       In Hoboken.

2        Q       What was the timeframe when you lived

3    there?

4        A       I believe it was '02/'03, 2002/2003.

5        Q       Thank you.

6                MR. STEINER:  I don't have anymore

7    questions.

8                MR. LEECH:  Anybody else?

9                MR. LEVINE:  Thank you.

10               MR. LEECH:  If you would give your attorney

11   the thing you identified on the record for us which

12   were marriage certificates, divorce papers, and the

13   prescription.

14               MR. LEVINE:  Give it to Sybil.

15     (Whereupon, at 10:49 a.m., deposition was adjourned.)

16      (By stipulation of counsel with the consent of the

17          witness, reading and signature waived.)

18

19

20

21

1    District of Columbia,

2    To wit:

3          I, Steven Poulakos, registered Professional

4    Reporter, the officer before whom the foregoing

5    proceedings were taken, do hereby certify that the

6    foregoing transcript is a true and correct record of

7    the proceedings; that said proceedings were taken by me

8    stenographically and thereafter reduced to typewriting

9    under my supervision; and that I am neither counsel

10   for, related to, nor employed by any of the parties to

11   this case and have no interest, financial or otherwise,

12   in its outcome.

13         In witness whereof, I have hereunto set my

14   hand and affixed my notarial seal this 2nd day of

15   May, 2008.

16

17                          _____

18                              Steven Poulakos

19                              Notary Public

20   My commission expires:

21   June 17, 2009

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **VICTOIRE DUMONT** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| ) | **Civil Action No. 1:07-CV-01635 (JR-AK)** |
| **vs.** ) | |
| ) | |
| ) | |
| **ABBOT LABORATORIES, INC., et al.,** ) | |
| ) | |
| **Defendants**. ) | |
| ) | |

## ORDER GRANTING MOTION TO COMPEL DISCOVERY

This matter came before the Court upon defendant Eli Lilly and Company's ("Lilly") Motion to Compel Discovery. After consideration of the parties' briefing, the April 21, 2008 telephone conference regarding this matter and the record herein,

IT IS HEREBY ORDERED that Lilly's Motion to Compel Discovery is GRANTED.

IT IS FURTHER ORDERED that plaintiff shall provide Lilly with the additional information set forth in her responsive pleading regarding Interrogatory Nos. 3, 4 and 11 in the form of a verified, signed pleading, as required by Fed. R. Civ. P. 33(b) (2008 ed.) within 10 business days of the date of this Order.

IT IS FURTHER ORDERED that plaintiff shall provide Lilly with full and complete responses to Interrogatory Nos. 7, 14-17 and 20-22, as reflected on Attachment 1 to this Order, in the form of a verified, signed pleading, as required by Fed. R. Civ. P. 33(b) (2008 ed.) within 10 business days of the date of this Order.

147920v2

IT IS FURTHER ORDERED that plaintiff shall produce to Lilly all of the documents and tangible things requested in Requests for Production Nos. 1, 2, 4-11, 13, 14, 16, 18, 20, 26 and 27, as reflected on Attachment 1 to this Order, within 10 business days of the date of this Order.

IT IS FINALLY ORDERED that the failure by plaintiff to provide the information specified above to Lilly within 10 business days of the date of this Order may subject plaintiff and her counsel to sanctions.

_____
United States District Court Magistrate Judge

cc:  Appended List of Counsel

147920v2

**Attachment 1 to Order Granting Motion to Compel Discovery**
*Dumont v. Abbott Laboratories, Inc., et al.,* **1:07-CV-01635 (JR-AK)**

| Discovery Request | What Plaintiff Must Provide |
|---|---|
| **Interrogatories** ||
| Interrogatory No. 7 | For all health care providers and health care facilities where plaintiff was treated for injuries she <u>does not</u> attribute to her alleged DES exposure:  name; address; nature of treatment provided; and dates of treatment. |
| Interrogatory No. 14 | Produce medical records that plaintiff's response said would be produced. |
| Interrogatory No. 15 | Itemization of special damages. |
| Interrogatory No. 16 | Itemization of loss of income or earnings. |
| Interrogatory No. 17 | 1.  Date and place of plaintiff's mother's birth.<br>2.  Addresses for plaintiff's mother's past residences.<br>3.  Plaintiff's mother's major illnesses.<br>4.  Plaintiff's mother's medical problems during each pregnancy.<br>5.  Names and addresses of each doctor plaintiff's mother consulted during each pregnancy.<br>6.  Names and addresses of each hospital for each of plaintiff's mother's pregnancies/deliveries. |
| Interrogatory No. 20 | Names and addresses of all pharmacies where plaintiff's mother allegedly obtained DES. |
| Interrogatory No. 21 | Physical description of the DES allegedly ingested by plaintiff's mother. |
| Interrogatory No. 22 | The date upon which plaintiff first believed her mother took DES.<br>The date upon which plaintiff first discovered any injury she claims was caused by DES. |
| **Requests for Production** ||
| Request for Production No. 1 | Plaintiff's birth certificate. |
| Request for Production No. 2 | Plaintiff's mother's pharmacy records. |
| Request for Production No. 4 | All documents sent to or received from plaintiff's health care providers. |
| Request for Production No. 5 | All documents sent to or received from any health care provider who provided care to plaintiff's mother during her pregnancy with plaintiff. |
| Request for Production No. 6 | All documents which indicate the doctor from whom plaintiff's mother allegedly obtained DES. |
| Request for Production No. 7 | All documents sent by plaintiff or her parents to health care providers or pharmacists regarding product identification. |
| Request for Production No. 8 | All medical records regarding injuries alleged in this case. |
| Request for Production No. 9 | All documents sent to or received from plaintiff's parents regarding any medications taken by plaintiff's mother during her pregnancy with plaintiff. |
| Request for Production No. 10 | All documents relating to special damages. |
| Request for Production No. 11 | All documents relating to loss of income. |
| Request for Production No. 13 | All documents plaintiff contends show that her mother took DES during |

1

| Discovery Request | What Plaintiff Must Provide |
|---|---|
| | her pregnancy with plaintiff. |
| Request for Production No. 14 | All documents that identify the manufacturer of the DES allegedly taken by plaintiff's mother during her pregnancy with plaintiff. |
| Request for Production No. 16 | Any actual DES medication allegedly ingested by Plaintiff's mother; pictures of the actual DES medication allegedly ingested by Plaintiff's mother; the bottle that contained the actual DES medication allegedly ingested by Plaintiff's mother; or other similar items. |
| Request for Production No. 18 | Any applications submitted by plaintiff, or on plaintiff's behalf, for employment, life insurance, medical or hospital insurance, or income continuation. |
| Request for Production No. 20 | All documents pertaining to DES or any other medication taken by plaintiff's mother during her pregnancy with plaintiff. |
| Request for Production No. 26 | Authorizations for the release of plaintiff's medical records from all of plaintiff's health care providers. |
| Request for Production No. 27 | Authorizations for the release of plaintiff's mother's medical records from all of plaintiff's mother's health care providers. |

2

List of Counsel

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C.  20036
**Attorneys for Plaintiff**

Sybil Shainwald
Roxanne DeFrancesco
Law Offices of Sybil Shainwald
111 Broadway, 4th Floor
New York, NY 10006
**Attorneys for Plaintiff**

Michelle R. Mangrum
Shook, Hardy & Bacon, LLP
600 14th Street, N.W., Suite 800
Washington, DC 20005
**Attorneys for Eli Lilly and Company**

Elizabeth Ewert
Drinker, Biddle Reath, LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
**Attorneys for Upjohn Company**

Sidney G. Leech
Goodell, Devries, Leech & Dann, LLP
One South Street, Suite 2000
Baltimore, MD 21202
**Attorney for E.R. Squibb & Sons, Inc.**

Kathleen M. Bustraan
Lord & Whip, P.A.
Charles Center South
36 South Charles Street, 10th Floor
Baltimore, MD 21201
**Attorney for Lannett Company, Inc.**

Craig Crandall Reilly
Richards McGettigan Reilly & West, P.C.
1725 Duke Street, Suite 600
Alexandria, VA  22314
**Attorney for Dart Industries, Inc.**

Sarah S. Keast
Goodwin Proctor, LLP
901 New York Avenue, Suite 900
Washington, D.C. 20001
**Attorney for Premo Pharmaceutical
Laboratories, Inc.**

Janet Coleman
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204
**Attorney for Mallinckrodt, Inc.;
S.E. Massengill Co.**

Gerry H. Tostanoski
Jaime W. Luse
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, MD 21202
**Attorneys for Carnrick Laboratories, Inc.
n/k/a/ Elan Pharmaceuticals**

Jennifer Gardner Levy
Kirkland & Ellis
655 15th Street, N.W.
Washington, D.C. 20005-5793
**Attorney for Abbott Laboratories, Inc.**

Robert M. Kelly
Jackson & Campbell, P.C.
1120 20th Street, N.W., Suite 300-South
Washington, D.C. 20036
**Attorney for Defendant Kremers-Urban Co.**

William David Sanders
McGivney & Kluger, P.C.
23 Vreeland Road, Suite 220
Florham, NJ 07932
**Attorney for Rhone-Poulenc Rorer**
**Pharmaceuticals, Inc.**

147920v2