UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VICTOIRE DUMONT,<br><br>  Plaintiff,<br><br>  v.<br><br>ABBOT LABORATORIES, INC., *et al.*,<br><br>  Defendants. | Civil Action No. 07-1635(JR)(AK) |

**MEMORANDUM ORDER**[1]

Pending before the Court are Defendant Eli Lilly and Company's Motion to Compel Discovery [69], Plaintiff's Affirmation in Opposition to Defendant Eli Lilly's Motion to Compel Discovery [71], and Defendant Eli Lilly and Company's Reply [73].

**I.   Background**

On September 17, 2007, Plaintiff filed suit against seventeen defendants, including Eli Lilly and Company ("Lilly"), who "were in the business of and did create, design, manufacture, test, formulate, advertise, market, promote, sell, and/or distribute the drug DES." (Compl. [1] ¶ 20.) Plaintiff alleges that she was exposed to DES *in utero* when her mother ingested it during pregnancy and that she has "sustained severe, serious, permanent and personal injuries as a result." (*Id*. ¶¶ 30-31.) Plaintiff's claims include strict product liability, negligence, breach of warranty, and fraudulent misrepresentation. (*See generally* Compl.)

---

[1] United States District Judge James Robertson referred this matter to the undersigned for full case management, including discovery and settlement, pursuant to Local Civil Rule 72.2(a). (*See* Order dated 11/20/07.)

1

Lilly propounded its First Set of Interrogatories and its First Requests for Production of Documents or Tangible Things to Plaintiff on November 30, 2007. (Def.'s Mem. Supp. Mot. Compel [69] ("Def.'s Mem.") at 1.) Plaintiff's responses were due on January 2, 2008, but Lilly granted Plaintiff an extension until February 5, 2008. (*Id*. at 2.) Plaintiff ultimately provided responses to Lilly's initial discovery requests on February 12, 2008. (*Id*.) While Lilly's discovery requests were pending, Plaintiff filed a motion to transfer this action to the United States District Court for the Eastern District of New York on the basis of Plaintiff's ties to New York. (*Id*. at 1-2.)

Lilly now argues that Plaintiff's responses to Lilly's interrogatories and requests for production were deficient. (*Id*. at 2-3.) After attempting to resolve the matter without judicial intervention and after consulting with the Court during a telephone conference on April 21, 2008, Lilly filed the instant Motion in which Lilly asks this Court to compel Plaintiff to supplement her responses to Interrogatories Nos. 3, 4, 7, 11, 14-17, and 20-22 and Requests for Production Nos. 1, 2, 4-11, 13, 14, 16, 18, 20, 26 and 27. (*Id*. at 3.)

**II.     Discussion**

In general, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). The scope of discovery under Rule 26 is broad; "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[2] *Id*. Once a party

---

[2] Plaintiff suggests that Lilly's discovery requests were improper because discovery should have been limited to issues raised in Plaintiff's Motion to Transfer. (Pl.'s Opp'n [71] ¶ 6.) In support of this position, Plaintiff points out that Judge Robertson granted a request by Defendant E.R. Squibb & Sons, Inc. to conduct a limited

objects to a discovery request, "[t]he party moving to compel . . . bears the initial burden of explaining how the requested information is relevant." *Jewish War Veterans of the United States of America, Inc. v. Gates*, 506 F.Supp.2d 30, 42 (D.D.C. 2007). The burden then shifts to the non-moving party "to explain why discovery should not be permitted." *Id*. This burden shifting framework applies to both document requests and interrogatories. *Id*. (documents); *Alexander v. F.B.I.*, 192 F.R.D. 50, 53 (D.D.C. 2000) (interrogatories).

### A. Interrogatories

Federal Rule of Civil Procedure 33(b)(1) provides: "Each interrogatory shall be answered separately and fully in writing under oath, unless objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." If a party to whom an interrogatory was propounded fails to answer, the Rules provide that "the discovering party may move for an order compelling an answer." FED. R. CIV. P. 37(a)(2)(B). An "evasive or incomplete" answer is treated as a failure to answer when determining whether the discovering party is permitted to file a motion to compel. FED. R. CIV. P. 37(a)(3). The party moving to compel discovery has the burden of proving that the opposing party's answers were incomplete. *Daiflon, Inc., v. Allied Chem. Corp.*, 534 F.2d 221, 227 (10th Cir. 1976), *cited in U.S. ex rel. El-Amin v. George Washington Univ.*, No. 1:95-cv-2000, 2000 WL 1763679, at *1 (D.D.C. Nov. 27, 2000).

---

deposition of Plaintiff concerning issues involved in her Motion to Transfer. (*Id*.) Now that this limited deposition has taken place, Plaintiff asks this Court to stay all discovery pending Judge Robertson's resolution of the Motion to Transfer. (*Id*.) Lilly argues, and this Court agrees, that "such a stay is unnecessary because discovery will have to occur even if this case is transferred. (Def.'s Reply at 1.) The discovery requests and the Motion to Transfer are separate and distinct matters and therefore discovery should proceed in accordance with the Federal Rules of Civil Procedure.

1.  *Interrogatory No. 3*

Interrogatory No. 3 seeks information about Plaintiff's previous marriages. (Def.'s Interrogs. [69-3] at 4.) Plaintiff responded that she was previously married, but failed to provide the name or address of her former spouse. (Pl.'s Resps. to Def.'s Interrogs. [69-7] ("Pl.'s Resps. to Interrogs.") at 5.) In her Opposition to Lilly's Motion to Compel, however, Plaintiff provided the additional information that Lilly sought. (Pl.'s Opp'n [71] ¶ 21.) Lilly is satisfied with this response, but the Court will order Plaintiff to state this information in a signed pleading, as required by Federal Rule of Civil Procedure 33(b).[3]

2.  *Interrogatory No. 4*

Interrogatory No. 4. asks Plaintiff to provide information about her educational background. (Def.'s Interrogs. at 5.) Plaintiff's response omitted the names of the institutions at which she received her Bachelors and Associates Degrees. (Pl.'s Resps. to Interrogs. at 5-6.) Plaintiff supplied this information in her Opposition to Lilly's Motion to Compel. (Pl.'s Opp'n ¶ 21.) Lilly is satisfied with this response, but the Court will order Plaintiff to state this information in a signed pleading, as required by Federal Rule of Civil Procedure 33(b).

---

[3] Rule 33(b) states that interrogatories must be answered, and the answers must be signed, by the party to whom they are directed. FED. R. CIV. P. 33(b)(1)(A), (5). Therefore, it is insufficient for Plaintiff's counsel to provide supplemental responses in Plaintiff's Opposition to Lilly's Motion to Compel.

3.    *Interrogatory No. 7*

This interrogatory seeks information about health care providers that treated Plaintiff for any condition that Plaintiff does not attribute to her alleged exposure to DES. (Def.'s Interrogs. at 8.) Plaintiff responded that this information was "unknown at this time." (Pl.'s Resps. to Interrogs. at 8.) Lilly asserts that between November 30, 2007, when Lilly served its Interrogatories on Plaintiff, and February 6, 2008, when Plaintiff served her responses, "Plaintiff had ample time and opportunity to locate and provide the requested information." (Def.'s Mem. at 6.) The Court finds it unlikely that Plaintiff lacks any knowledge of medical care that she received or that she was unable to gather information about her medical care during a more than two month period. Additionally, the Court believes that the information sought by this interrogatory is highly relevant to Plaintiff's claims. Finally, the Court notes that Plaintiff did not address the deficiencies in this interrogatory when opposing Lilly's Motion. Accordingly, the Court will order Plaintiff to supplement her response.

4.    *Interrogatory No. 11*

This interrogatory seeks information about Plaintiff's parents and her mother's pregnancy, including the doctors who delivered Plaintiff and the place where Plaintiff was delivered. (Def.'s Interogs. at 12.) Plaintiff provided the names and addresses of her parents and the name and address of the doctor who prescribed the DES and delivered Plaintiff, but failed to provide the name and address of the hospital at which she was delivered. (Pl.'s Resps. to Interrogs. at 10.) Plaintiff eventually supplied this information in her Opposition to Lilly's Motion to Compel. (Pl.'s Opp'n ¶ 22.) Lilly is satisfied with this response, but the Court will

order Plaintiff to state this information in a signed pleading, as required by Federal Rule of Civil Procedure 33(b).

        5.    *Interrogatory No. 14*

Interrogatory No. 14 asks Plaintiff to detail any medical treatment that she received in connection with the injuries that she allegedly suffered from her alleged exposure to DES. (Def.'s Interrogs. at 15.) Plaintiff responded: "See answers to Interrogatories #8 and #9. In addition, see medical records to be obtained." (Pl.'s Resps. to Interrogs. at 12.) Additionally, Plaintiff provided Lilly with five authorizations for the release of medical records. (Pl.'s Opp'n ¶ 23.)

Federal Rule of Civil Procedure 33(d) allows a party to answer an interrogatory by producing business records. Specifically, the responding party may answer by:

> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

FED. R. CIV. P. 33(d). However, the Rule further provides that this type of answer to an interrogatory is only appropriate "if the burden of deriving or ascertaining the answer will be substantially the same for either party." *Id*. Although the provision of medical authorizations would allow Lilly to access the information it seeks, Lilly asserts that because the records are held by French hospitals "the burden of obtaining these records with authorizations would be greater on Lilly than the burden on plaintiff of producing records that she may already have in her possession." (Def.'s Reply at 4.) The Court agrees, and accordingly will order Plaintiff to

produce all responsive information in her possession.

      6.    *Interrogatories Nos. 15 and 16*

Interrogatory No. 15 asks Plaintiff for information about special damages she claims to have incurred as a result of her alleged exposure to DES. (Def.'s Interrogs. at 16.) Interrogatory No. 16 seeks information about lost income or earnings that Plaintiff attributes to her alleged exposure to DES. (*Id*. at 17.) To both inquiries, Plaintiff responded: "To be supplied." (Pl.'s Resps. to Interrogs. at 12-13.) These answers are wholly inadequate, especially in light of the fact that Plaintiff has had ample time to gather such information, and the Court finds it improbable that Plaintiff is not in possession of *any* responsive information. Furthermore, Plaintiff does not attempt to explain these inadequacies in her opposition to Lilly's Motion. Accordingly, the Court will order Plaintiff to supplement her responses. To the extent that responsive information is not in her possession, Plaintiff shall so certify.

      7.    *Interrogatory No. 17*

Interrogatory No. 17 seeks information about Plaintiff's mother, including her mother's medical history and pregnancies. (Def.'s Interrogs. at 18.) Plaintiff provided some information, but did not fully respond to the inquiry. (Pl.'s Resps. to Interrogs. at 13-14.) For example, Plaintiff did not provide information about major illnesses that her mother had, medical problems that her mother developed during pregnancy, or the names and addresses of health care providers that her mother consulted during pregnancy. (Def.'s Mem. at 9-10.) In her Opposition, Plaintiff states that this information is in her mother's possession and that Plaintiff has requested this

information from her mother and awaits a reply.  (Pl.'s Opp'n ¶ 24.)  The Court will order Plaintiff to supplement her responses to the extent she has received information from her mother.  If the information remains in her mother's exclusive possession, she shall so certify.

        8.     *Interrogatories Nos. 20 and 21.*

These interrogatories seek information about the DES that Plaintiff's mother allegedly ingested.  Specifically, Interrogatory No. 20 asks about the dates on which DES was prescribed to Plaintiff's mother, the doctors who prescribed it, and the place from which Plaintiff's mother obtained the DES.  (Def.'s Interrogs. at 21.)  Interrogatory No. 21 asks Plaintiff to describe the physical appearance of the DES allegedly ingested by Plaintiff's mother.  (*Id*. at 22.)  Plaintiff supplied the name of a doctor who prescribed DES and the dates on which he prescribed it, stated "[p]harmacy to be provided," and stated that she would supply the information about the physical appearance of the pills.  (Pl.'s Resps. to Interrogs. at 16-17.)  In her Opposition, Plaintiff states that this information is in her mother's possession and that Plaintiff has requested this information from her mother and awaits a reply.  (Pl.'s Opp'n ¶ 24.)  The Court will order Plaintiff to supplement her responses to the extent she has received information from her mother.  If the information remains in her mother's exclusive possession, she shall so certify.

        9.     *Interrogatory No. 22*

Interrogatory No. 22 asks Plaintiff to "state the date on which [Plaintiff] first believed that [her] mother took DES during her pregnancy with [Plaintiff]."  (Def.'s Interrogs. at 24.)  Plaintiff responded "First trimester."  (Pl.'s Resps. to Interrogs. at 17.)  This interrogatory also asks

Plaintiff state the date on which she first discovered that she was injured due to her alleged exposure to DES "and the date [she] first beleived that DES manufacturers in general or any DES manufacturer in particular acted in any way wrongly, negligently, or tortiously in the manufacture or distribution of DES or in the warning about the use of DES." (Def.'s Interrogs. at 24.) Plaintiff responded that she "learned of the DES manufacturers' negligence and wrongdoing in 2007." (Pl.'s Resps. to Interrogs. at 17.) The Court finds that Plaintiff's answers are generally responsive to the interrogatory. However, to the extent that Plaintiff can provide more specific dates, instead of merely stating "first trimester" or "2007," she will be ordered to do so.

      B.    <u>Requests for Production</u>

Federal Rule of Civil Procedure 34 governs requests for the production of documents. Rule 34(b)(2)(B) provides that for each document or category of documents sought, the responding party "must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." If the responding "party fails to respond that inspection will be permitted - or fails to permit inspection - as requested by Rule 34," the party seeking disclosure may move for an order compelling production or inspection. FED. R. CIV. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure . . . must be treated as a failure to disclose" when determining whether a requesting party may file a motion to compel. FED. R. CIV. P. 37(a)(4). The party alleging the deficiency in document production and bringing the motion to compel bears the burden of proof. *El-Amin*, 2000 WL 1763679, at *1.

Lilly moved to compel further responses to Requests for Production Nos. 1, 2, 4-11, 13, 14, 16, 18, 20, 26 and 27. (Def.'s Reply at 4.) In response, Plaintiff stated, in part:

9

> With regard to Lilly's Requests for Production, Plaintiff has responded to the relevant requests to the extent such documents and tangible things are currently in Plaintiff's possession and/or are translated from French.

(Pl.'s Opp'n ¶ 26.) It is this Court - not Plaintiff - who is the final arbiter of whether a document is relevant and should be produced. If Plaintiff believed that the Requests for Production sought irrelevant material, she should have interposed an objection on that ground.[4] Moreover, the Court rejects Plaintiff's contention that documents in a language other than English are not subject to production. These general contentions aside, the Court now turns to each Request for Production at issue in Lilly's Motion.

1.   *Requests for Production Nos. 1, 2, 9, and 14*

These Requests for Production seek the following information: Plaintiff's birth certificate (No. 1), pharmacy records relating to Plaintiff's mother's pregnancy (No. 2), documents sent to or received from Plaintiff's parents relating to drugs taken by Plaintiff's mother during pregnancy (No. 9), and documents indicating the identity of the manufacturer of the DES ingested by Plaintiff's mother (No. 14.) (Def.'s Reqs. for Produc.of Docs.[69-4] ("Def.'s Reqs. Docs.") at 2, 4, 6.) For each inquiry, Plaintiff stated: "See General Objections. Subject to, and without limitation thereto, Plaintiff answers: to be provided when and if available." (Pl.'s Resps. Def.'s

---

[4] In Plaintiff's Responses to Defendant Eli Lilly and Company's First Requests for Production of Documents or Tangible Things to Plaintiff Victoire Dumont [69-8], Plaintiff asserts a general objection of relevance, stating that the Requests "are not reasonably calculated to lead to the discovery of admissible evidence." (Pl.'s Resps. to Docs. at 1.) Plaintiff further objects to the Requests for Production "on the grounds that they are vague, ambiguous, overly broad, [and] unduly burdensome." (*Id*.) Courts have held that "such pat, generic, non-specific objections, intoning the same boilerplate language, are inconsistent with both the letter and the spirit of the Federal Rules of Civil Procedure." *Obiajulu v. City of Rochester, Dept. of Law*, 166 F.R.D. 293, 295 (W.D.N.Y. 1996). *See also Gheesling v. Chester*, 162 F.R.D. 649, 650 (D. Kan. 1995) ("A party opposing a discovery request cannot make conclusory allegations that a request is irrelevant, immaterial, unduly burdensome, or overly broad."). Instead, the party resisting discovery must specifically demonstrate how the request is objectionable, something that Plaintiff failed to do.

Reqs. for Produc. [69-8] ("Pl.'s Resps. Docs.") at 3, 5, 6.) If Plaintiff still does not have any documents that are responsive to this request, she shall so state. Otherwise, Plaintiff must supplement her production. Additionally, Plaintiff is reminded of her duty to supplement her prior responses under Federal Rule of Civil Procedure 26(e)(1)(A).

        2.    *Requests for Production Nos. 4-8 and 13*

These Requests for Production seek the following information: documents received from or sent to Plaintiff's health care providers (No. 4) or Plaintiff's mother's health care providers (No. 5), documents indicating from whom Plaintiff's mother received DES (No. 6), documents sent by Plaintiff or her parents to any health care provider whom Plaintiff believes to have information regarding product identity (No. 7), medical records detailing Plaintiff's treatment for conditions she associates with her alleged exposure to DES (No. 8), and documents that demonstrate Plainitff's mother ingested DES during her pregnancy (No. 13). (Def.'s Reqs. Docs. at 3-4, 5.) For each inquiry, Plaintiff stated: "See General Objections. Subject to and without limitation thereto, Plaintiff answers: see medical records for which authorizations are provided." (Pl.'s Resps. Docs. at 4-6.) This response is inadequate because it is possible that some of the documents sought would not be found in a medical record. Accordingly, Plaintiff must produce all responsive documents that she has in her possession.

        3.    *Requests for Production Nos. 10 and 11*

These discovery requests seek documents relating to damages, such as medical bills and lost income, that Plaintiff incurred in connection with her alleged exposure to DES. (Def.'s

Reqs. Docs. at 4-5.) Plaintiff's answer to each was "to be provided." (Pl.'s Resps. Docs. at 5-6.) These documents are clearly relevant and Plaintiff must provide them. If she does not have responsive documents in her possession, she must so state.

    4.    *Request for Production No. 16*

Request for Production No. 16 asks Plaintiff to provide "[a]ny pills, capsules, tablets, containers, labels or other materials connected with the" DES allegedly ingested by Plaintiff's mother. (Def.'s Reqs. Docs. at 6.) Plaintiff responded that the words "connected with" are vague and ambiguous. (Pl.'s Resps. Docs. at 7.) The Court disagrees. Lilly is clearly seeking tangible evidence such as DES pills and pill bottles that once contained DES. Plaintiff must produce any such evidence in her possession.

    5.    *Request for Production No. 18*

This request seeks "[a]ny written application for employment or for any policy of insurance upon the life of Victoire Dumont, or for medical or hospital benefits or income continuation filed by or on behalf of Victoire Dumont." (Def.'s Reqs. Docs. at 7.) Plaintiff objected on the basis of relevance. (Pl.'s Resps. Docs. at 7.) In response, Lilly argues that the documents "are relevant because they may lead to the identification of additional health care providers and additional medical history relating to the plaintiff's alleged medical conditions." (Def.'s Mem. at 15.) Because Lilly met its initial burden of demonstrating how the request documents are relevant, the burden shifted to Plaintiff "to explain why discovery should not be permitted." *Jewish War Veterans*, 506 F.Supp.2d at 42. Having failed to meet this burden,

Plaintiff must now produce any responsive documents that are in her possession.

6.     *Request for Production No. 20*

Request for Production No. 20 seeks "[a]ll documents or things pertaining to DES or any other drug allegedly taken by the mother of Victoire Dumont during her pregnancy with Victoire Dumont." (Def.'s Reqs. Docs. at 8.) Plaintiff objected on the grounds that this request if vague, ambiguous, overly broad, and unduly burdensome, but failed to explain how the request is objectionable on these grounds. (Pl.'s Resps. Docs. at 8.) For this reason, the Court rejects Plaintiff's boilerplate objections and will order Plaintiff to produce responsive documents and tangible items that are in her possession.

7.     *Request for Production No. 26*

This request asks Plaintiff to execute and return authorizations for the release of medical records for each of Plaintiff's medical providers. (Def.'s Reqs. Docs. at 10.) Plaintiff provided five such authorizations, all of which are for health care providers who treated her for the injuries that she is claiming in the instant litigation. (Def.'s Mem. at 16.) Defendant now asks this Court to order Plaintiff to provide authorizations for the release of medical records from other providers, arguing that such records are relevant to the alternative causes of Plaintiff's medical conditions. (*Id*.) The Court agrees that such records are both relevant and will assist Lilly in its defense. Accordingly, to the extent that Plaintiff has consulted additional medical providers, Plaintiff shall execute additional authorizations for the release of medical records.

        8.    *Request for Production No. 27*

This request asks Plaintiff to have her mother execute and return authorizations for the "release of medical records of any sort pertaining to treatment or examination of" Plaintiff's mother. (Def.'s Reqs. Docs. at 10.) Plaintiff objected on the grounds that this request is vague, ambiguous, overly broad, and unduly burdensome, but failed to explain how the request is objectionable on these grounds. (Pl.'s Resps. Docs. at 8.) Lilly has subsequently indicated that it will accept authorizations for the release of records related solely to Plaintiff's mother's obstetrical and gynecological care. (Def.'s Mem. at 16 n.6.) The Court finds that such medical records are relevant, but will limit the temporal scope of this request. Plaintiff is ordered to obtain signed authorizations from her mother authorizing the release of medical records relating to Plaintiff's mother's obstetrical and gynecological care for the time period beginning ten months before Plaintiff's birth and ending on the date of Plaintiff's birth.

## III. Conclusion

For the foregoing reasons, it is this 19th day of May, 2008, hereby

**ORDERED** that Defendant Eli Lilly and Company's Motion to Compel Discovery [69] is **granted**; and it is further

**ORDERED** that Plaintiff supplement her responses to Defendant Eli Lilly and Company's First Set of Interrogatories and First Requests for Production of Documents within ten days of this Memorandum Order.

                              /s/
                            ALAN KAY
                            UNITED STATES MAGISTRATE JUDGE